UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 22-24119-CIV-MORENO

GR OPCO, LLC,

    Plaintiff,

vs.

ELEVEN IP HOLDINGS, LLC, GRASSY
CREEK LLC, and CS IRWIN LLC,

    Defendants.
_____/

### ORDER GRANTING MOTION TO DISMISS THIRD COUNTERCLAIM (TRADEMARK INFRINGEMENT UNDER FLORIDA LAW) AND DENYING MOTION TO DISMISS FIRST COUNTERCLAIM (FEDERAL TRADEMARK INFRINGEMENT)

**THIS CAUSE** came before the Court upon GR Opco, LLC's Motion to Dismiss Eleven IP Holdings, LLC's First and Third Counterclaims. For the reasons set forth below, the Court denies the motion to dismiss and motion for more definite statement on the first counterclaim (trademark infringement in violation of Section 32 of Lanham Act, 15 U.S.C. § 1114), but grants the motion to dismiss the third counterclaim (trademark infringement in violation of Fla. Stat. § 495.131.).

### FACTS

GR OPCO owns the E11EVEN brand and E11EVEN Club in Miami, Florida. More than 6 years ago, GR OPCO applied for and was granted a federal trademark registration for use of its "E11EVEN" mark in connection with providing nightclub and other services (i.e., restaurant and bar services, serving of food and drinks at a nightclub, providing temporary accommodation at hotel). In addition to owning and using the E11EVEN mark, GR OPCO owns and licenses two additional "Eleven" marks. First, GR OPCO owns the "Eleven Inn" brand. Which is used for a

hotel in Texas. The website for the Eleven Inn has been online since late 2010. Second, GR OPCO owns the "Eleventh Avenue Hotel" brand, which is a Denver hotel. The Eleventh Avenue Hotel's website has been online since August 2011.

ELEVEN IP owns and operates the website www.elevenexperience.com, the domain for which ELEVEN IP registered in October 2011. ELEVEN IP offers customers the ability to reserve stays at remote locations in private homes, and to book excursions, such as skiing or fishing. ELEVEN IP has made several filings with the U.S. Trademark Office in which it has claimed, based on its website use, that it operates luxury hotels, carrying the name "ELEVEN". On April 2011, ELEVEN IP applied for a trademark registration number for operating hotels under the "ELEVEN" mark. On November 2012, ELEVEN IP—in pursuance of a federal trademark registration—stated to the U.S. Trademark Office that ELEVEN IP began providing luxury hotel accommodations under the ELEVEN marks on November 11, 2011. ELEVEN IP also stated that it began using the ELEVEN mark on November 11, 2011, to provide "travel agency services" and to "arrang[e]" and "coordinate" excursions. On December 25, 2012, the U.S. Trademark Office issued ELEVEN IP's trademark ("Subject Trademark Registration") under U.S. Registration Number 4265159. GR OPCO alleges that ELEVEN IP does not operate hotels, but rather offer booking and travel agency services.

In January 2021, GR OPCO announced plans to build two E11EVEN-branded condominium towers across from its E11EVEN nightclub. Construction on the first tower began in November 2021, and units in the second tower are being offered for sale at pre-construction prices. In support of GR OPCO's condominium plans, GR OPCO filed applications with the U.S. Trademark Office seeking to cover use of the E11EVEN mark with condominium-related serves (e.g., condominium management, real estate development, rental of real estate, and swimming pool

management). These applications were filed between April 2020 and August 2020. The first of GR OPCO's trademark applications was published in the Trademark Office's *Official Gazette* in January 2022.

In March 2022, ELEVEN IP sent GR OPCO a cease-and-desist letter, demanding that GR OPCO abandon any planned use of its E11EVEN mark relating to the services covered by GR OPCO's trademark applications. If GR OPCO refused to comply, ELEVEN IP warned that it would seek injunctive relief and damages in court. Two months after sending the demand letter, ELEVEN IP filed a petition with the U.S. Trademark Office seeking to cancel one of GR OPCO's trademark registrations. Over the following months, ELEVEN IP initiated five additional administrative proceedings against GR OPCO.

On June 30, 2022, ELEVEN IP objected again to GR OPCO's use of the E11EVEN mark and warned of a potential infringement lawsuit against GR OPCO. GR OPCO then instituted the instant case against ELEVEN IP, seeking declaratory relief and judicial resolution about GR OPCO's right to continue to use its E11EVEN mark in its desired ways.

GR OPCO filed its Complaint, asserting against Defendants three counts: declaratory judgment of non-infringement and no unfair competition (Count 1); rectification of the Federal Trademark Register (Count 2); and unfair competition under federal law (Count 3). ELEVEN IP sought to dismiss Count 2, which the Court denied.

GRO OPCO moves to dismiss ELEVEN IP's first counterclaim (trademark infringement under Lanham Act), arguing that ELEVEN IP's Amorphous Marks include alleged common law rights in trademarks not covered by a federal trademark registration. GR OPCO also moves to dismiss ELEVEN IP's third counterclaim (trademark infringement under Florida Statute) with

prejudice because filing a claim for trademark infringement under Fla. Stat. § 495.001 requires a Florida-issued trademark, which ELEVEN IP lacks.[1]

## STANDARD OF REVIEW

### a. Standard for motions to dismiss under Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim the Court considers only the four corners of the complaint. A court must accept as true the facts as set forth in the complaint.

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiffs well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In short, the complaint must not merely allege

---

[1] GR OPCO also moves for a more definite statement as to the counterclaim to determine how and what it is purportedly infringing so it may respond appropriately.

4

misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

GR OPCO requests this Court to dismiss with prejudice counterclaim one and three, and order ELEVEN IP to re-plead its first counterclaim with a more definite statement to which GR OPCO can respond. The Court will address each of the three requests.

### a. First Counterclaim (Infringement of Registered Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114)

GR OPCO argues that ELEVEN IP's first counterclaim fails to meet the pleading standard of trademark infringement under 15 USC § 1114. To properly state a claim for trademark infringement under 15 USC § 1114(1)(a), "a plaintiff must allege that: (1) the mark at issue has priority, (2) the defendant used the mark in commerce, and (3) the defendant's mark is likely to cause consumer confusion." *Cole-Parmer Instrument Co. LLC v. Pro. Labs., Inc.*, 568 F. Supp. 3d 1307, 1315 (S.D. Fla. 2021); see also *Int'l Cosmetics Exch., Inc., v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242 (11th Cir. 2002).

ELEVEN IP adequately alleges each of the three elements. ELEVEN IP alleges that it had prior rights with respect to GR OPCO, and identifies the federally registered trademarks that it owns, including the relevant services. (Countercl. ¶ 19 ("In recognition of Eleven IP's rights, the United States Patent and Trademark Office ("USPTO") has granted it trademark registrations for various ELEVEN Marks... Attached hereto as Exhibit B are copies of Eleven IP's trademark

5

registrations.").); (Countercl. ¶ 27 "On October 15, 2019, GR filed a "Statement of Use," claiming a first-use-in-commerce date of March 1, 2014 for all services, including 'providing temporary accommodation at hotel' (the "Alleged Hotel Services").). ELEVEN IP asserts that its applications for such trademarks were accepted and registered by the USPTO. (Id. ¶¶ 19–20, 31, 59.) Finally, ELEVEN IP asserts that GR's planned use of E11EVEN in connection with hotel and accommodation services is likely to cause confusion with ELEVEN IP's prior rights. (Id. ¶ 62.).

GR OPCO does not argue that ELEVEN IP failed to allege any of the three elements, but instead argues that ELEVEN IP alleges "Amorphous Marks" that include common law rights in trademarks not covered by a federal trademark registration. Further, GR OPCO states that ELEVEN IP's first counterclaim does not (1) identify the registrations E11EVEN purportedly infringes nor (2) identify the goods or services ELEVEN IP alleges are the basis for E11EVEN's purported infringement. However, to survive a motion to dismiss, it is not even necessary for a plaintiff to identify precisely which of a defendant's products allegedly infringe a plaintiff's trademark. *See Icon Health & Fitness, Inc. v. IFITNESS, Inc.*, 2012 U.S. Dist. LEXIS 46824. Courts have found a trademark claim to be sufficiently pled when the complaint identified the plaintiff's trademarks and pointed to "specific websites with the infringing trademark usage" but stopped short of identifying a specific image or product. *Id.* (citing *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1122 (C.D. Cal. 2001)(holding the complaint's allegations were not "hopelessly vague" and put the Defendant on notice of the nature of the claims)). In ELEVEN IP's Complaint, "E11EVEN" is identified as the infringing mark being used by the GR OPCO. (Countercl. ¶ 39 "[f]urther, like Eleven IP, GR also promotes its planned hotel through social media, including on its Instagram page and YouTube channel on which the Infringing

6

E11EVEN Marks, as well as the term "11," are prominently featured"). At this stage, GR OPCO has sufficient notice of what this suit is about: ELEVEN IP owns the ELEVEN trademarks, ELEVEN IP alleges that GR OCPO knowingly used infringing marks, and that this use is likely to confuse consumers. ELEVEN IP has pled enough to state a plausible claim of trademark infringement under the Lanham Act. Accordingly, the Motion to dismiss ELEVEN IP's first counterclaim is denied.

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A court will grant such a motion where "a plaintiff's turbid complaint is so ambiguous such that it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Zyburo v. NCSPlus, Inc.*, No. 8:12-cv-1065-T-30TBM, 2012 U.S. Dist. LEXIS 86741, at *2 (M.D. Fla. June 22, 2012) (quoting *Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." *SEC v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000). Motions for a more definite statement are generally disfavored in the federal system in light of the liberal pleading and discovery requirements of the Federal Rules." *Nature's Health and Nutrition, Inc. v. Nuñez*, 2008 U.S. Dist. LEXIS 80971, 2008 WL 4346329 *1 (S.D. Fla. 2008)(citing *BB in Tech. Co., Ltd. v. JAF, LLC.*, 242 F.R.D. 632, 640 (S.D. Fla. 2007)).

GR OPCO also argues that ELEVEN IP's first counterclaim needs a more definite statement. In *Nuñez*, the court held that a more definite statement was unnecessary in a

trademark dispute in which the complaint alleged that the plaintiff had "acquired superior rights in his 'NUNEZ marks,' and that Nature Health's brand 'EPHDRASIM' either sounds like or was derived from letters or sound elements of, one or more of Nunez's brands." *Nuñez*, 2008 U.S. Dist. LEXIS 80971, 2008 WL 4346329 at *1. The court found those allegations were "not so vague and ambiguous that the plaintiff cannot be expected to respond in good faith or without prejudice." *Id.*

Like *Nuñez*, the ELEVEN IP has pled that it owns the registration to the ELEVEN trademark and that the GR OPCO's junior trademark, E11EVEN, causes a likelihood of confusion with ELEVEN IP's senior trademarks. ELEVEN IP has pled with more detail and particularity than the defendant in *Nuñez*. ELEVEN IP's complaint is clear enough to put GR OPCO on notice of the nature of the claim, trademark infringement violation, and the specific trademark at issue, GR OPCO's E11EVEN mark. There is enough information to allow GR OPCO to formulate a response. Accordingly, the motion for a more definite statement is denied.

### b. Third Counterclaim (Infringement of Registered Trademarks under Section 495.001, Et. Seq., Florida Statutes)

GR OPCO argues that because ELEVEN IP does not have a Florida-issued trademark registration, dismissal with prejudice is proper. The elements of a claim for trademark infringement under Florida law are as follows: (1) plaintiff has a valid trademark registered under Florida law; (2) defendant used an identical or similar mark in commerce without plaintiff's consent; (3) defendants' use postdates plaintiff's use; and (4) defendants' use is likely to cause confusion. *Haneys Café, Inc. v. Haney's Smokehouse, Inc.*, 2004 U.S. Dist. LEXIS 24959 citing Fla. Stat. § 495.131; *Great S. Bank v. First S. Bank*, 625 So.2d 463, 466-67 n.4 (Fla. 1993)

8

(citing Fla. Stat. § 495.131 and stating that federal case law interpreting federal trademark law is to be given "due consideration and great weight" when interpreting Florida's trademark laws); *see also International Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1248 (11th Cir. 2002); *Davidoff & Cie, S.A. v. PLD Internat'l Corp.*, 263 F.3d 1297, 1300-01 (11th Cir. 2001); *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1307 (11th Cir. 1998).

If ELEVEN IP does not have a Florida-issued trademark, it cannot meet the first element of a claim for trademark infringement under Florida law. ELEVEN IP does not reply stating that GR OPCO is mistaken (that it actually does have a Florida-issued trademark), but instead argues that because it states a claim for trademark infringement under the Lanham Act, it transitively also states a claim under Florida law. ELEVEN IP goes on to cite cases that hold that the analysis of Florida statutory and common law claims of trademark infringement and unfair competition is the same as under federal trademark infringement claim. *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1521 (11th Cir. 1991). The Court does not disagree. However, while it is true that "[c]ourts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition," it is different to proceed and bring a claim without the requisite-issued trademark itself. *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012).

In *Solid 21, Inc. v. Ulysse Nardin, USA Inc.,* 2019 U.S. Dist. LEXIS 227359, the Court encounters this same argument. There, the plaintiff argued that they did not need a Florida-issued trademark because "the legal standards for Florida statutory and common law claims of trademark infringement and unfair competition" are the same. *Id.* The Court found that in light of Florida's trademark infringement statute, regardless of whether the standards are similar (or

9

even identical), a plaintiff must register its mark with the State of Florida to have an actionable Florida statutory trademark infringement claim. *Id*. Further, the court in *Solid 21* found the Eleventh Circuit decision *Tally-Ho, Inc v. Coast Cmty. College. Dist*, 889 F.2d 1018, 1024 (11th Cir 1989) instructive. There, the Eleventh Circuit stated that, "[c]ommon law owners of unregistered marks are limited to common law remedies in infringement actions. *Id*. The Florida statute also permits an "antidilution" claim under section 495.151. This provision permits any trademark owner, whether registered or unregistered, to prohibit either a non-competitor's or competitor's use of a similar mark if there is a likelihood of injury to business reputation or dilution of the mark's distinctive quality." Accordingly, because ELEVEN IP did not dispute the fact that it does not have a registered Florida trademark, the Court grants GR OPCO's request to dismiss ELEVEN IP's trademark infringement counterclaim brought under Florida law.

Lastly, ELEVEN IP argues that GR OPCO has not met its burden of showing that dismissal with prejudice would be warranted, and thus even if its Motion to Dismiss Counterclaim 3 is granted, it would be an inappropriate remedy. ELEVEN IP cites to *Tequila Waters v. City of Sunrise*, 2022 U.S. Dist. LEXIS 61862, but that case does not further their argument. There, the court dismissed the plaintiffs claim without prejudice. The court held that if the plaintiff was able to allege prior incidents to supplement her claim, the pleading standard can be met. Here, GR OPCO states that ELEVEN IP does not have a Florida-issued trademark. ELEVEN IP is lacking a Florida-issued trademark. Unlike the plaintiff in *Waters*, there is no clarification or allegation that can rectify the pleading; the fact that it does not have a Florida-issued trademark is futile. Accordingly, the third counterclaim is dismissed with prejudice.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, is GRANTED IN PART AND DENIED IN PART consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th of November 2023.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record