UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-24119-Civ-MORENO/TORRES

GR OPCO, LLC, *et al.*,

    *Plaintiffs/Counter Defendants*,

v.

ELEVEN IP HOLDINGS, *et al.*,

    *Defendants/Counter Plaintiffs*.

_____/

**REPORT AND RECOMMENDATION
ON COUNTER-DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on the Counter-Defendants' motions to dismiss Counter Plaintiffs' complaint. [D.E. 155, 162]. Counter-Plaintiffs responded to both motions on May 8, 2024 [D.E. 174, 176], to which Counter-Defendants replied on May 15, 2024. [D.E. 177, 178]. Therefore, the motions are now ripe for disposition. After careful consideration of the motion, complaint, briefing, relevant authority, and for the reasons discussed below, the Counter Defendants' motion to dismiss should be **GRANTED** in part and **DENIED** in part.[1]

---

[1] On March 6, 2024, the Hon. Federico A. Moreno referred the case to the undersigned for a report and recommendation. [D.E. 127].

## I.   BACKGROUND AND PROCEDURAL HISTORY

These motions arise from a trademark dispute between Eleven IP Holdings LLC ("Eleven IP") and associated parties and GR Opco, LLC ("GR"). Eleven IP is a luxury accommodation service focusing on recreational wellness retreats. Between July 2012 and August 2013, Eleven IP registered various trademarks with the United States Patent and Trademark Office ("USPTO"). These trademarks include a stylized ELEVEN logo and associated graphics registered for use with hotels and hotel services, among other categories.

Conversely, GR represents a self-styled "global lifestyle brand" that operates the twenty-four-hour "ultraclub" E11EVEN in downtown Miami. GR opened E11EVEN in 2014 and acquired a registered trademark for entertainment services in 2015. In November 2019, the USPTO granted registration of the E11EVEN mark for clothing, spirits and liqueurs, and temporary hotel accommodations. Then, in 2020, GR filed several more trademark applications to expand the E11EVEN brand into real estate. The USPTO denied these later applications, citing likely confusion with Eleven IP's existing registered trademarks. GR requested that the USPTO divide out the contested categories, and they received registration for swimming pools and real estate management.

In early 2021, GR publicly announced its plans to develop the hotel and condominium projects at issue here, E11EVEN Hotel and Residences, E11EVEN Residences Beyond, and West Eleventh Residences (collectively, "Hotel Projects"). In 2022, upon learning of the planned brand expansion, Eleven IP sent a cease and

desist letter to GR a letter demanding that they immediately stop using the E11EVEN marks in conjunction with the planned Hotel Projects. After GR refused, Eleven IP filed a complaint with the USPTO's Trademark Trial and Appeal Board ("TTAB"), seeking cancellation of GR's E11EVEN trademarks for real estate. GR then brought the predicate action against Eleven IP, Grassy Creek LLC, CS Irwin LLC, Irwin Backcountry Guides, LLC, Alan Pike, and Chad Pike.

In response, Eleven IP has asserted counterclaims against all Counter-Defendants for (1) infringement of registered ELEVEN trademarks under the Lanham Act, (2) false designation of origin under the Lanham Act, (3) common law trademark infringement under Florida Law, (4) common law unfair competition under Florida Law, and (5) contributory trademark infringement under both Federal and common law. The present motions seek to dismiss Eleven IP's counterclaims, which we refer to simply as the pending "Complaint."

The first motion to dismiss [D.E. 162] attacks the portions of Counts I-IV that seek monetary relief under Federal Rule of Civil Procedure 12(b)(1).[2] The same motion also contains an argument under Rule 12(b)(6) for dismissal of Count V.[3] The second motion to dismiss [D.E. 155] seeks to dismiss Counts I–V under Rule 12(b)(6) and is joined only by DeGori and 11USA.

---

[2] GR is joined in their 12(b)(1) motion by Lion Development Opportunity Fund LLC, Marc Roberts, Marc Roberts Companies LLC, Michael Simkins, Property Markets Group Inc., PMG-11th Street Ventures, LLC, PMG-11th Street Ventures II, LLC. [D.E. 162].
[3] The 12(b)(6) portion of the same motion to dismiss is also joined by DeGori and 11USA. [D.E. 162].

## II. APPLICABLE PRINCIPLES OF LAW

### A. *Legal Standard for a Rule 12(b)(1) Motion.*

When defendants challenge the plaintiff's standing to pursue their claims, Rule 12(b)(1) applies. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.* (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F. 3d 1210, 1221 (11th Cir. 2020) (quoting *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "A facial attack on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). To survive a facial challenge to standing, "each element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

4

### B. *Legal Standard for a 12(b)(6) Motion.*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions, or labels will not survive a Rule 12(b)(6) motion to dismiss. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit has endorsed a "two-pronged approach" in applying these principles:

(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotations omitted).

### III.  ANALYSIS

#### A. *This Court Has Subject Matter Jurisdiction Over Eleven IP's Claims.*

Contrary to the first argument raised in these motions, Eleven IP has standing to bring their claims against GR; therefore, this Court has subject matter jurisdiction. To establish standing in an Article III court, a "plaintiff must (1) have suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan*, 504 U.S. at 555). "[I]nvasion of legally protected interest" is an injury in fact if it is "concrete . . . not conjectural or hypothetical." *Id.* at 339; *see Brooklyn Brewery Corp. v. Brooklyn Brew Shop, LLC*, 17 F.4th 129, 138 (Fed. Cir. 2021) (stating that in a trademark action, a plaintiff establishes injury in fact if they "demonstrate a concrete and particularized risk of interference with the rights that flow to it from its [trademark] registration").

The Lanham Act requires that "the plaintiff fall within the class . . . that Congress has authorized to sue." *Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014). The *Lexmark* Court noted that identifying the interests protected by the Lanham Act "requires no guesswork" because Congress included "a

detailed statement of the statute's purpose." *Id.* at 131. The Lanham Act hence affords trademark owners a cause action for trademark infringement. *See, e.g., Sream, Inc. v. Grateful J's Inc.*, 17-60458-CIV-LENARD/O'SULLIVAN, 2017 WL 6409004, *3 (S.D. Fla. Oct. 13, 2017); 15 U.S.C. § 1114(1).

Here, it is clear Eleven IP has alleged conduct that is fairly traceable to GR and associated parties and that a favorable judicial decision would provide relief. [D.E. 124 ¶ 1]. As to injury in fact, Eleven IP has alleged, concretely and particularly, infringement of their trademark rights. [D.E. 124 ¶¶ 10–21, 71–77]. Eleven IP claims ownership of several trademarks registered with the USPTO and has alleged injury to commercial reputation several times in the Complaint. [D.E. 128 ¶¶ 127, 138, 150, 162]. Specifically, the complaint points to the use of the contested marks to market the unfinished condominiums to prospective and presale buyers. The complaint demonstrates the use of the marks on Instagram and YouTube for the promotion of the hotels and residences [D.E. 128 ¶ 83], alleges partnerships with Airbnb and others [D.E. 128 ¶ 84], and alleges purchase of online advertisements for "eleven hotel." [D.E. 128 ¶ 87]. The connection between the sale of the unfinished condominiums and the use of the contested marks alleges an injury in fact. Therefore, on the face of the allegations in the Complaint Eleven IP has standing to bring their claims in this Court.

### B. *GR's Arguments in Favor of Dismissal.*

#### 1. *GR attacks the injury in fact element of standing.*

GR focuses its attack on standing on the injury in fact element based on five distinct but interrelated grounds. First, GR contends that Eleven IP has only asserted trademark ownership for hotel services; therefore, real estate *sales* are out of scope of the trademark infringement claims. Specifically, GR argues:

> What is clear from these allegations is that EIP has not alleged and, thus, this Court could have no subject matter jurisdiction to adjudicate, any claim(s) arising from the sale of goods, namely, real property in the nature of condominium parcels. Indeed, EIP does not allege any legally protected interest in the sale of real property in the nature of condominium parcels. Similarly, EIP does not allege that it engages in the business of real property sales. Moreover, over the course of its Counts I thru V, EIP does not allege any confusion as to the sale of goods in the nature of real property.

[D.E. 162 at 10].

The first problem with this theory is that it only cherry-picks from portions of the Complaint. Eleven IP has in fact asserted trademark ownership for "luxury hotels and accommodations." [D.E. 124 ¶ 68]. So the premise of the motion, that the Complaint lacks any allegations targeting the sale of real property itself is belied by the use of the term "acccommodations." In its reply, GR nevertheless contends that Eleven IP's use of "accommodation" only refers to home rentals. Yet it is not evident that the Eleven IP's definition of "accommodation" excludes condominiums. Simply put, a condominium is a form of accommodation, so for purposes of a motion to dismiss the Court cannot simply accept a contrary premise on GR's invitation. As a matter

of pleading, in other words, subject matter jurisdiction (to the extent it rises and falls on this distinction) has been alleged.

Second, GR claims that Eleven IP has only asserted *confusion* with respect to hotel services, not the sale of condominiums. Again, this too does not square with the face of the Complaint. With regard to ongoing confusion, "consumers are likely to believe the Defendants' infringing hotel *and residential* properties are provided by, sponsored by, associated with, or otherwise affiliated with Eleven." [D.E. 128 ¶ 7] (emphasis added). So, again, the confusion alleged in the Complaint is not limited to hotel services and also includes the residential properties themselves. Again, for pleading purposes the premise underlying GR's theory falters.

Next, GR argues that infringement is impossible because they have not finished building the Hotel Projects, and thus, infringing hotel services cannot be rendered as a factual matter. But this argument demonstrates a fundamental misunderstanding of Eleven IP's Complaint that expressly alleges that GR and associated parties used the Eleven marks to market and sell individual condominium units. [D.E. ¶ 69–72]. So in this respect, the fact that the four corners of the building may still be in construction does not mean that offending "sales" have not taken place, any of which would have been the basis of damage under the Lanham Act under the theory underlying this Complaint. For pleading purposes, that is entirely sufficient to raise a viable damage claim under the Lanham Act assuming all the other elements of the claim can ultimately be proven.

Fourth, GR argues that because Eleven IP has not pointedly alleged monetary damages related to infringing hotel services, they are not entitled to disgorgement of profits. "[T]he law of this Circuit is well settled that a plaintiff need not demonstrate actual damages to obtain an award reflecting an infringer's profits under § 35 of the Lanham Act.'" *NorthStar Moving Holding Co., Inc. v. King David Van Lines*, 19-cv-62176-DIMITROULEAS/SNOW, 2021 WL 11960283, at *10 (S.D. Fla. Dec. 22, 2021) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1321 (11th Cir. 1999)). Again, the complaint has alleged infringement as to the sale of the condominium units, and Eleven IP is not required to demonstrate actual damages to recover monetary relief. [D.E. ¶ 69–72]. Thus GR is seeking to hold Eleven IP to a level of heightened pleading for monetary damages that the Lanham Act (and Rule 8) does not require.

Finally, GR asserts that the claims are purely conjectural because the individual condominium owners will decide whether to rent the units. Again, this is unconvincing because Eleven IP alleges the infringing use of Eleven marks in selling condominiums to such buyers. [D.E. ¶ 69–72]. How third parties choose to ultimately hold on to or transfer their units is beside the point. Offending residential sales have been adequately alleged as a basis for injury in fact in this Complaint.

In sum, contrary to all these self-serving theories in the pending motion, GR has not shown that subject matter jurisdiction is facially liking in this case. The motion should thus be Denied.

### *2.     GR asserts that Eleven IP's claims are not Ripe.*

GR next argues that, even if Eleven IP has Article III and statutory standing, the claims are not ripe because a predicate injury has not fully materialized. As previously noted, Eleven IP claims a current invasion of their legally protected interest. Fitness and hardship are the relevant factors in analyzing the ripeness of a claim. *Temple B'Nai Zion v. City of Sunny Isles Beach Fla.*, 727 F.3d 1349, 1356 (11th Cir. 2013); *see Club Madonna, Inc. v. City of Mia. Beach*, 924 F.3d 1370, 1380 (11th Cir. 2019) (stating that fitness alone is sufficient to end the ripeness inquiry).

To analyze fitness for review, "the Court asks whether the parties raise an issue that can be decided 'without further factual development.'" *Id.* In *Araca Merch. L.P. v. Does*, for instance, a Company held exclusive rights to use the marks associated with the recording artist Beyoncé. 182 F. Supp. 3d 1290, 1293 (S.D. Fla. 2016). The Company sued unknown and unnamed defendants for infringement of their exclusive rights. *Id.* The claim was predicated on possible infringement by individuals selling counterfeit Beyoncé merchandise at forthcoming shows. *Id.* The Company sought monetary and injunctive relief. *Id.* The *Araca* court considered if the claim was ripe for review and held that it was not. *Id.* at 1294–95. The court reasoned that there can be no fitness where the complaint "amount[s] to mere speculation about contingent future events." *Id.* at 1295.

Here, the facts differ from claims against would-be bootleggers at a Beyoncé concert. Eleven IP has claimed that GR's actions up to this date constitute a current invasion of their trademarks. Unlike GR's characterization, these claims are not

predicated on completing the Hotel Projects. Thus, Eleven IP's claims are indeed ripe for adjudication at least based on the pleadings.

### C. *Contributory Infringement.*

All moving Counter-Defendants have challenged Count V of the Complaint for contributory trademark infringement as being a shotgun pleading. A defendant is liable for contributory infringement if they "intentionally induce[] another to infringe a trademark' or ' continues to supply its product to one whom it knows or has reason to know is engaging in the trademark infringement.'" *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1274 (11th Cir. 2015) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 853 (1982). Courts have held that a group of defendants may be liable for both direct and contributory trademark infringement. *See Tracfone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F. Supp. 2d 1275 (N.D. Ga. 2010); Master Saddles Inc. v. Taylor, 3:20-CV-3709-B, 2021 WL 1814697, at *10 (N.D. Tex. May 6, 2021) ("Defendants cite no authority holding that one cannot both primarily and contributorily infringe a trademark, and the Court can find none").

Shotgun pleadings violate these essential requirements. A shotgun pleading is characterized by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). The Eleventh Circuit has found that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic*

*Income Fund, L.L.C. v. Spear. Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings also arise when a plaintiff fails to specify which defendant is responsible for each act alleged. *See Beckwith*, 146 F. App'x at 372 (affirming district court's conclusion that complaint was a shotgun pleading). Shotgun pleadings make it "virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *See id.*; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364,366 (11th Cir. 1996). In such instances, the appropriate remedy is dismissal with leave to amend. *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001).

Here, Eleven IP generally alleges the elements of contributory trademark infringement. [D.E. 128 ¶¶168–171]. Yet, Eleven IP incorporates the same set of facts into Count V, contributory trademark infringement, as against *all* the Counter-Defendants. Compare [D.E. 128 ¶ 166], with Counts I–IV [D.E 128 ¶¶ 119, 132, 143, 155]. Eleven IP's generalized pleading pleading strategy does not give proper notice because the Complaint does not specify what alleged facts give rise to which claims against each Defendant. For purposes of a claim like contributory infringement, that is particularly problematic because no one counter-defendant truly can understand how he/it can be liable as a contributory infringer. That is not permissible under Rule 8. Therefore, this Court should dismiss Count V with leave to amend. And if an amendment is filed, a contributory infringement claim must be separately alleged against any alleged infringer with specific facts that reveal how that infringer's

actions actually contributed to the infringement at issue. For now, this Complaint fails to do that so, at least for purposes of Count V, it should be dismissed.

### D. *DeGori and 11USA's motion to dismiss for failure to state a claim fails.*

Turning then to the Rule 12(b)(6) motion filed by counter-defendants DeGori and 11USA, we find that Eleven IP has sufficiently alleged trademark infringement and unfair competition against them under the Lanham Act and Florida common law. To state a claim for trademark infringement and unfair competition under the Lanham Act, a plaintiff must allege (1) that they held the trademark rights at the time of infringement and (2) that the defendant's use of the mark will likely cause confusion in the marketplace. *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1130–31 (11th Cir. 2018). The analysis of Florida common law claims of trademark infringement and unfair competition is the same as federal claims. *Gift of Learning Found., Inc., v. TGC, Inc.*, 329 F.3d 792, 802 (11th Cir. 2003).

Eleven IP extensively pled ownership rights to the contested trademarks, including their trademarks registered with the USPTO. [D.E. 128 ¶ 1–4, Ex. B]. Further, officers of an infringing company may be liable for direct trademark infringement. *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). A corporate officer who "directs, controls, ratifies, participates in, or is a moving force behind infringing activity is personally liable for trademark infringement without regard to piercing the corporate veil." *Babbit Elec., Inc., v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994). Therefore, a fact finder could find DeGori and 11USA liable for direct and contributory trademark infringement.

14

Eleven IP also sufficiently alleges a likelihood of confusion regarding DeGori and 11USA's role in the alleged trademark infringement. A company is liable for trademark infringement if it uses another's registered trademark in commerce in a way that is likely to confuse. *Frehling Enters. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). The standard to suggest a likelihood of confusion is low at the motion to dismiss stage of litigation because the court must accept all factual allegations as true and construe all reasonable inferences in favor of the plaintiff. *Glover v. Liggett Grp.*, 459 F.3d 1304,1308 (11th Cir. 2006); *see Icon Health & Fitness, Inc. v. IFITNESS, Inc.*, No. 12-20125-CIV, 2012 WL 1120925 (S.D. Fla. Apr. 3, 2012).

The plaintiff does not need to identify precisely the nature of the trademark infringement to survive a motion to dismiss. *Id.* at *3. In *Icon*, for instance, a fitness equipment manufacturer held a trademark for IFIT. *Id.* at *1. The Manufacturer brought a trademark infringement claim against another company for using IFITNESS in commerce. *Id.* On a motion to dismiss, Judge Moreno considered if the Manufacturer had sufficiently pled a likelihood of confusion. *Id.* at *3. He held that the Manufacturer had adequately alleged a likelihood of confusion sufficient to survive the motion to dismiss. *Id.* He reasoned that the likelihood of confusion was a question for a fact finder and that the claim need only be plausible on its face. *Id.* Judge Moreno further reasoned that the similarity between IFIT and IFITNESS suggested a sufficiently plausible likelihood of confusion. *Id.*

Here, Eleven IP has sufficiently alleged that "DeGori is involved in the development of, and directly uses the Infringing Marks in commerce in connection

15

with, the E11EVEN Hotel Projects," [D.E. 128 ¶ 13] and "[a]ccordingly, Defendant's infringing use is likely to cause both 'forward' and 'backward' confusion [D.E. 128 ¶ 7]. As to 11USA, Eleven IP has alleged the same. [D.E. 128 ¶¶ 71–72]. Just as Judge Moreno in *Icon* held that the claim of likely confusion between IFIT and IFITNESS was plausible on its face, here, this Court finds Eleven IP's allegation of confusion between ELEVEN and E11EVEN plausible on its face. Therefore, Eleven IP's claims are sufficient to survive the motion to dismiss.

Under the standard of review at the motion to dismiss stage, this Court must accept Eleven IP's allegations as true. Therefore, the motion to dismiss Counts I–IV of Eleven IP's complaint against DeGori and 11USA fails. To reiterate, however, for the same reasons as above, Count V should be dismissed with leave to amend because it is improperly pled. In that respect, the motion filed by these counter-defendants should be Granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED** in part and **DENIED** in part.

The motions should be Granted in part only as to Count V against all counter-defendants. Leave to amend should be granted if Eleven IP insists on asserting a contributory infringement into this counter-claim. The remaining arguments for dismissal should be Denied.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite any objections and the parties shall have seven (7) business

days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 17th day of July, 2024.

EDWIN G. TORRES
Chief United States Magistrate Judge