## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

GR OPCO, LLC

     *Plaintiff,*

vs.

ELEVEN IP HOLDINGS LLC, GRASSY CREEK
LLC, CS IRWIN LLC, IRWIN BACKCOUNTRY
GUIDES, LLC, ALAN PIKE, and CHAD PIKE

     *Defendants,*

     and

ELEVEN IP HOLDINGS LLC

     *Counterclaim Plaintiff,*

vs.

GR OPCO, LLC, 11USA GROUP, LLC, MARC
ROBERTS, DENNIS DEGORI, MICHAEL
SIMKINS, MARC ROBERTS COMPANIES LLC,
PROPERTY MARKETS GROUP, INC., PMG-
11TH STREET VENTURES, LLC, PMG-11TH
STREET VENTURES II, LLC, BLOCK 17
TRUSTEE, LLC, BLOCK 17 RESIDENTIAL
OWNER, LLC, and LION DEVELOPMENT
OPPORTUNITY FUND LLC

     *Counterclaim Defendants,*

BLOCK 17 TRUSTEE, LLC and BLOCK 17
RESIDENTIAL OWNER, LLC,

     *Counterclaim-Plaintiffs,*

vs.

ELEVEN IP HOLDINGS LLC

     *Counterclaim Defendant*

Case No. 1:22-cv-24119-FAM-TORRES

**DEFENDANT/COUNTERCLAIM-
PLAINTIFF/COUNTERCLAIM-
DEFENDANT ELEVEN IP HOLDINGS
LLC'S ANSWER TO COUNTERCLAIM-
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS BLOCK 17 TRUSTEE,
LLC AND BLOCK 17 RESIDENTIAL
OWNER, LLC'S COUNTERCLAIMS TO
ELEVEN IP HOLDINGS LLC'S
SECOND AMENDED COUNTERCLAIM**

1

Defendant/Counterclaim-Plaintiff/Counterclaim-Defendant Eleven IP Holdings LLC ("Eleven") hereby answers Counterclaim-Defendants/Counterclaim-Plaintiffs Block 17 Trustee, LLC and Block 17 Residential Owner, LLC's (collectively, "Block 17") Counterclaims (D.E. 468) ("Counterclaims").

## PRELIMINARY STATEMENT

Through its Counterclaims, Block 17 attempts to side-step its (and its affiliates') blatant infringement, confuse and obscure the issues in this case, and advance utterly baseless claims. As detailed in Eleven's Second Amended Counterclaim (D.E. 451), Eleven and its affiliates have owned registered and common law trademark rights to its ELEVEN Marks for over a decade. Under the ELEVEN Marks, Eleven offers luxury hotels and accommodations and related goods and services at properties in three different continents, to consumers throughout the United States and internationally. Contrary to Block 17's Counterclaims, the ELEVEN Marks are inherently distinctive—they do not immediately describe any aspect of Eleven's goods and services, nor does the word "Eleven" identify any category or genus of goods or services. Eleven's eight federal registrations for the ELEVEN Marks also are *incontestable*, and thus their validity cannot be challenged as descriptive or lacking secondary meaning. And tellingly, Block 17's Counterclaims provide no basis or support for its claims that the ELEVEN Marks are descriptive or generic, nor can they.

Equally unavailing is Block 17's claim that its use of the West Eleventh Marks (including logos therefore) merely constitutes a non-trademark, descriptive fair use. Indeed, the West Eleventh Marks (as shown in the examples below) are used to advertise and sell units in the property, and based on Block 17's own marketing materials, will be prominently affixed to and used on the outside of the building with an eye-catching logo.








"West Eleventh" is not the address of the property, and Block 17 could easily call it something else if it did not want to trade off Eleven's trademarks (about which it knew before West Eleventh Residences was announced, and before it sold any of the infringing hotel/condominium units). As detailed in Eleven's Second Amended Counterclaim, West Eleventh Residences is the third in a series of infringing, related luxury hotels/condominiums in the "District 11" associated with the E11EVEN brand, which seeks to disregard and trade off on Eleven's prior ELEVEN Marks, and has already contributed to actual confusion between Eleven and the luxury hotels/condominiums in "District 11."

This preliminary statement is offered in support of Eleven's affirmative defenses detailed below.

## NATURE OF COUNTERCLAIMS

1.      Eleven states that the allegations set forth in Paragraph 1 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven has asserted claims against Block 17 as reflected in Eleven's Second Amended Counterclaim, which speaks for itself, and that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to, and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub.

2.      Eleven denies the allegations set forth in Paragraph 2 of Block 17's Counterclaims except admits that Eleven's Second Amended Counterclaim concerns three, related hotel and residential properties in Miami, Florida: (1) E11even Hotel & Residences (which has been identified by Counterclaim-Defendants as "Tower 1"), (2) E11even Residences Beyond (which has been identified by Counterclaim-Defendants as "Tower 2"), and (3) West Eleventh Residences (which have been identified by Counterclaim-Defendants as "Tower 3") (collectively, the "E11even Hotel Projects"), which are in close proximity to each other (on the same physical street) and are marketed and sold together by related and overlapping persons and entities.

3.      Eleven states that the allegations set forth in Paragraph 3 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to

the extent any response is required, Eleven denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 of the Counterclaims, and therefore, denies the allegations on that basis.

4.      Eleven states that the allegations set forth in Paragraph 4 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Counterclaims, and therefore, denies the allegations on that basis.

5.      Eleven states that the allegations set forth in Paragraph 5 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the Counterclaims, and therefore, denies the allegations on that basis.

6.      Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, and further denies that West Eleventh Residences "is a separate and distinct real-estate development from the E11EVEN Towers" and states that West Eleventh Residences is being developed, marketed and sold, along with the other related E11even Hotel Projects, by related and overlapping persons and entities, including from the same sales gallery.

7.      Eleven states that the allegations set forth in the first, second, and third sentences of Paragraph 7 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks, except admits

that West Eleventh Residences has been marketed to consumers as "[t]he first centrally managed luxury condo residences to grant owners the option to host 365 days on Airbnb." Eleven otherwise lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

8.      Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, and further denies the suggestion that the West Eleventh Marks are not used as trademarks, and states that West Eleventh Residences is marketed, sold, and advertised under the West Eleventh Marks, including the mark WEST ELEVENTH RESIDENCES and related logos.

9.      Eleven states that the allegations set forth in Paragraph 9 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations set forth in Paragraph 9 of Block 17's Counterclaims, including the suggestion that the West Eleventh Marks are not used as trademarks, except admits that West Eleventh Residences is being marketed, advertised and sold as "luxury condo residences" that will be available on Airbnb as short-term rentals/hotel rooms, and that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to (on the same physical street), and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a

different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub. Eleven otherwise lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

10.     Eleven states that the allegations set forth in Paragraph 10 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations set forth in Paragraph 10 of Block 17's Counterclaims, including the suggestion that the West Eleven Marks are not used as trademarks. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub. Eleven otherwise lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

11.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, including the suggestion that the West Eleventh Marks are not used as trademarks. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street— and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami

nightclub. Eleven further states that neither "West Eleventh Residences" nor "W11" constitutes the address associated with West Eleventh Residences.

12.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, including the suggestion that the West Eleventh Marks are not used as trademarks, except admits that, unlike the E11even Hotel Projects, there is no likelihood of confusion (and there has been no actual confusion) between 11th Avenue Hostel (a single-location, low-budget hostel) and Eleven's luxury hotels and accommodations. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub. Eleven further states that the last sentence of Paragraph 12 of Block 17's Counterclaims misrepresents Eleven's Second Amended Counterclaim, which document speaks for itself.

13.     Eleven states that the allegations set forth in Paragraph 13 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks, except Eleven admits that Eleven has asserted claims as reflected in Eleven's Second Amended Counterclaim, which document speaks for itself.

14.     Eleven states that the allegations set forth in Paragraph 14 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion

that the West Eleventh Marks are not used as trademarks, except admits that Eleven has asserted claims as reflected in Eleven's Second Amended Counterclaim, which document speaks for itself.

15.     Eleven states that the allegations set forth in Paragraph 15 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven has asserted claims as reflected in Eleven's Second Amended Counterclaim, which document speaks for itself. Eleven further states that its asserted federal registrations for the ELEVEN Marks are incontestable, and thus cannot be challenged as merely descriptive and lacking secondary meaning; that the U.S. Patent and Trademark Office reviewed and approved the ELEVEN Marks as inherently distinctive; that the ELEVEN Marks do not identify or describe any genus or category of goods or services; and that Eleven has used its ELEVEN Marks extensively and for over a decade. Eleven further states that the last sentence of Paragraph 15 of Block 17's Counterclaims misrepresents Eleven's Second Amended Counterclaim, which asserts claims (in part) against the West Eleventh Marks, not as to the PMG and AIRBNB marks.

16.     Eleven states that the allegations set forth in Paragraph 16 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, and further states that Eleven and Block 17 use similar marks to offer the same and related goods and services to the same and overlapping consumers, in the same and overlapping geographic locations, using the same and overlapping trade channels.

17.     Eleven states that the allegations set forth in Paragraph 17 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven

has asserted claims as reflected in Eleven's Second Amended Counterclaim, which document speaks for itself. Eleven further states that the E11even Hotels Properties, which are being marketed, promoted, and sold together, already have caused confusion, which is likely to get worse. Eleven otherwise lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

18.     Eleven states that the allegations set forth in Paragraph 18 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Block 17 claims to seek the relief requested, which Eleven contests.

## PARTIES

19.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

20.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

21.     Eleven admits that Eleven IP Holdings LLC is a limited liability company organized under the laws of the State of Delaware, with an address of 221 N. Hogan Street, Suite 403, Jacksonville, Florida.

## JURISDICTION AND VENUE

22.     Eleven states that the allegations set forth in Paragraph 22 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven

has asserted claims as reflected in Eleven's Second Amended Counterclaim, which document speaks for itself; and admits that Block 17 claims to seek the relief requested, which Eleven contests.

23.    Eleven states that the allegations set forth in Paragraph 23 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Block 17 claims to seek the relief requested, which Eleven contests.

24.    Eleven states that the allegations set forth in Paragraph 24 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven has an office in the State of Florida, but not in this judicial district.

25.    Eleven states that the allegations set forth in Paragraph 25 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that West Eleventh Residences is physically located in this judicial district.

26.    Eleven states that the allegations set forth in Paragraph 26 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

## FACTS COMMON TO ALL COUNTERCLAIMS[1]

27.    Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of Block 17's Counterclaims, and therefore, denies the

---

[1] Eleven has deleted Block 17's argumentative sub-headings, which are not part of the numbered allegations in the Counterclaims, and thus to which no response is necessary, but to the extent any response is required, denies the same.

allegations on that basis, except admits that West Eleventh Residences is being marketed, advertised, and sold as "luxury condo residences" that will be available on Airbnb as short-term rentals/hotel rooms, and that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to (on the same physical street), and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even.

28.    Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, except admits that West Eleventh Residences is being marketed, advertised, promoted, and sold to consumers.

29.    Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, except admits that West Eleventh Residences has advertised and marketed its partnership with Airbnb, and that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to (on the same physical street), and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even.

30.    Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

31.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, except admits that West Eleventh Residences has been marketed to consumers as "[t]he first centrally managed luxury condo residences to grant owners the option to host 365 days on Airbnb."

32.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, except admits that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to (on the same physical street), and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even.

33.     Eleven states that the allegations set forth in Paragraph 33 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks. Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 33 of Block 17's Counterclaims, and therefore denies them on that basis, and further states that the documents cited therein speak for themselves.

34.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of Block 17's Counterclaims, and therefore denies them on that basis, including the suggestion that the West Eleventh Marks are not used as trademarks, except admits that West Eleventh Residences is being marketed, promoted, and sold as the third

tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to (on the same physical street), and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub.

35.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of Block 17's Counterclaims, and therefore denies them on that basis, including the suggestion that the West Eleventh Marks are not used as trademarks, except admits that the West Eleventh Marks are used to market West Eleventh Residences and sell units in the property, and that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to (on the same physical street), and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub.

36.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of Block 17's Counterclaims, and, therefore, denies the

allegations on that basis. Eleven further states that some of the property names listed in Paragraph 36 of Block 17's Counterclaims appear to not be the actual address of the properties; and that in other cases, unlike Block 17's use of the West Eleventh Marks, the names do appear to be the actual address of the properties.

37.      Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, including the suggestion that the West Eleventh Marks are not used as trademarks. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street— and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub.

38.      Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

39.      Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, including the suggestion that the West Eleventh Marks are not used as trademarks. Eleven further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street— and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub.

40.     Eleven denies the allegations in the first sentence of Paragraph 40 of Block 17's Counterclaims. Eleven denies the allegations in the second and third sentences of Paragraph 40 of Block 17's Counterclaims, except admits that, unlike West Eleventh Residences, 11th Avenue Hostel (which claims trademark rights in its name) is a low-budget hostel located at 1112 Broadway on the corner of 11th Avenue and Broadway in Denver, Colorado, and there is no likelihood of confusion (and there has been no actual confusion) between 11th Avenue Hostel (a single-location, low-budget hostel) and Eleven's luxury hotels and accommodations. Eleven further states that the last sentence of Paragraph 40 of Block 17's Counterclaims misrepresents Eleven's Second Amended Counterclaim, which document speaks for itself.

41.     Eleven states that the allegations set forth in Paragraph 41 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven has license agreements with various of its affiliates, and that it does not have a license agreement with the alleged businesses listed in Paragraphs 37-40 of the Counterclaim, which are wholly distinct from Block 17's use of the West Eleventh Marks here (e.g., they are in connection with wholly different goods/services, use different marks, are marketed to different consumers, are at vastly different price points and service levels, and/or use "11" to literally identify an actual street address, none of which is true here), and further states that it has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

42.     Eleven states that the allegations set forth in Paragraph 42 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven is not

affiliated, associated, connected, or has a relationship with the alleged businesses listed in Paragraphs 37-40 of the Counterclaim, which are wholly distinct from Block 17's use of the West Eleventh Marks here (e.g., they are in connection with wholly different goods/services, use different marks, are marketed to different consumers, are at vastly different price points and service levels, and/or use "11" to literally identify an actual street address, none of which is true here), and further states that it has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

43.    Eleven denies the allegations set forth in Paragraph 43 of Block 17's Counterclaims, except admits that, to the best of its knowledge, Eleven has not protested the alleged third-party uses referenced in Paragraph 37-40, which are wholly distinct from Block 17's use of the West Eleventh Marks here (e.g., they are in connection with wholly different goods/services, use different marks, are marketed to different consumers, are at vastly different price points and service levels, and/or use "11" to literally identify an actual street address, none of which is true here), and further states that it has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

44.    Eleven states that the allegations contained in Paragraph 44 of Block 17's Counterclaim purport to characterize Paragraph 44 of Eleven's Second Amended Counterclaim, which document speaks for itself.

45.    Eleven admits that it, along with its corporate affiliates, offers luxury hotels and accommodations, and related goods and services, under the ELEVEN Marks. Eleven otherwise lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 45 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

46.     Eleven states that the allegations set forth in Paragraph 46 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven has license agreements with various of its affiliates, and that it does not have a license agreement with the alleged businesses listed in Paragraph 45 of the Counterclaims, which are wholly distinct from Block 17's use of the West Eleventh Marks here (e.g., they are in connection with wholly different goods/services, use different marks, are marketed to different consumers, are at vastly different price points and service levels, and/or use "11" to literally identify an actual street address, none of which is true here), and further states that it has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

47.     Eleven states that the allegations set forth in Paragraph 47 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven is not affiliated, associated, connected, or has a relationship with the alleged business listed in Paragraph 47 of the Counterclaim, which are wholly distinct from Block 17's use of the West Eleventh Marks here (e.g., they are in connection with wholly different goods/services, use different marks, are marketed to different consumers, are at vastly different price points and service levels, and/or use "11" to literally identify an actual street address, none of which is true here), and further states that it has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

48.     Eleven denies the allegations set forth in Paragraph 48 of Block 17's Counterclaims, except admits that, to the best of its knowledge, Eleven has not protested the alleged third-party uses referenced in Paragraph 45, which are wholly distinct from Block 17's use

of the West Eleventh Marks here (e.g., they are in connection with wholly different goods/services, use different marks, are marketed to different consumers, are at vastly different price points and service levels, and/or use "11" to literally identify an actual street address, none of which is true here), and further states that it has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

49.    Eleven states that the allegations contained in Paragraph 49 of Block 17's Counterclaims purport to characterize Paragraph 1 of Eleven's Second Amended Counterclaim, which document speaks for itself.

50.    Eleven states that the allegations set forth in Paragraph 50 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations. Eleven further states that its asserted federal registrations for the ELEVEN Marks are incontestable, and thus cannot be challenged as merely descriptive and lacking secondary meaning; that the U.S. Patent and Trademark Office reviewed and approved the ELEVEN Marks as inherently distinctive; and that the ELEVEN Marks do not identify or describe any genus or category of goods or services.

51.    Eleven states that the allegations contained in Paragraph 51 of Block 17's Counterclaim purport to characterize Paragraphs 2 and 38 of Eleven's Second Amended Counterclaim, which document speaks for itself, and that the quoted excerpts do not actually appear in those Paragraphs of Eleven's Second Amended Counterclaim.

52.    Eleven denies the allegations in Paragraph 52 of Block 17's Counterclaims, and states that the article referenced purports to cover an interview with Blake Pike (not Chad Pike), and that such article speaks for itself.

53.     Eleven states that the allegations set forth in Paragraph 53 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations. Eleven further states that its asserted federal registrations for the ELEVEN Marks are incontestable, and thus their validity cannot be challenged as merely descriptive and lacking secondary meaning; that the U.S. Patent and Trademark Office reviewed and approved the ELEVEN Marks as inherently distinctive; that the ELEVEN Marks do not identify or describe any genus or category of goods or services; that Eleven has used its ELEVEN Marks extensively and for over a decade; and that Eleven has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

54.     Eleven denies the allegations set forth in Paragraph 54 of Block 17's Counterclaims, except admits that Eleven and its corporate affiliates began using the ELEVEN Marks in commerce at least as early as November 11, 2011, and further states that Eleven and its affiliates have extensively used the ELEVEN Marks since then, including at and in connection currently with thirteen luxury hotels and six luxury vacation homes (and has offered others in the past, including in Florida) in three different continents worldwide, including in Amsterdam, Iceland, the Bahamas, France, Patagonia, Chile, British Columbia, England, and New Zealand, which are advertised, marketed, and sold to consumers throughout the United States and internationally.

55.     Eleven denies the allegations set forth in Paragraph 55 of Block 17's Counterclaims, except admits that four of Eleven's currently advertised luxury hotels are located in the United States (three in Colorado and one in Alaska), and further states that it currently offers thirteen luxury hotels and six luxury vacation homes (and has offered others in the past, including

in Florida) in three different continents worldwide, including in Amsterdam, Iceland, the Bahamas, France, Patagonia, Chile, British Columbia, England, and New Zealand, which are advertised, marketed, and sold to consumers throughout the United States and internationally.

56.     Eleven denies the allegations set forth in Paragraph 56 of Block 17's Counterclaims, and states that the ELEVEN Marks have been prominently featured throughout Eleven's luxury hotels and accommodations and in its marketing and advertising materials including on its publicly available website (elevenexperience.com) since that website launched on November 11, 2011.

57.     Eleven denies the allegations set forth in Paragraph 57 of Block 17's Counterclaims, except admits that four of Eleven's currently available vacation homes on its website are located in the United States (two in Colorado and two in New York). Eleven further states that it offers thirteen luxury hotels and six luxury vacation homes (and has offered others in the past, including in Florida) in three different continents worldwide, including in Amsterdam, Iceland, the Bahamas, France, Patagonia, Chile, British Columbia, England, and New Zealand, which are advertised, marketed, and sold to consumers throughout the United States and internationally, and that the ELEVEN Marks are used throughout Eleven's hotels and vacation homes.

58.     Eleven denies the allegations set forth in Paragraph 58 of Block 17's Counterclaims, and further states that Eleven has received extensive unsolicited media coverage over the course of its 13-year history, and that the allegations contained in Paragraph 58 of Block 17's Counterclaims purport to characterize Paragraph 51 of Eleven's Second Amended Counterclaim, which document speaks for itself, and that that Paragraph does not actually reference examples of media coverage (rather, the examples appear in Paragraph 59 of Eleven's

Second Amended Counterclaim, which speaks for itself). As clearly indicated in Paragraph 59 of the Second Amended Counterclaim, that paragraph provides merely a few examples of the various "prestigious awards, accolades, and praise in the media" which Eleven has received.

59.     Eleven denies that it "has not produced any surveys in this lawsuit." Eleven admits that, like the vast majority of companies (particularly those that are growing), it has not specifically conducted formal secondary meaning surveys; nor is Eleven aware of the existence of any such surveys regarding the E11even brand, which Block 17 and its fellow Counterclaim-Defendants claim is famous.

60.     Eleven states that the allegations set forth in Paragraph 60 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks. Eleven further states that Paragraph 60 of Block 17's Counterclaims misrepresents Eleven's Second Amended Counterclaim, which asserts claims (in part) against the West Eleventh Marks, not as to the PMG and AIRBNB marks.

61.     Eleven states that the allegations set forth in Paragraph 61 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks.

62.     Eleven states that the allegations set forth in Paragraph 62 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 62 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

63.     Eleven states that the allegations set forth in Paragraph 63 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks. Eleven further states that Paragraph 63 of Block 17's Counterclaims misrepresents Eleven's Second Amended Counterclaim, which asserts claims (in part) against the West Eleventh Marks, not as to the PMG and AIRBNB marks.

64.     Eleven states that the allegations set forth in Paragraph 64 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

65.     Eleven denies the allegations set forth in Paragraph 65 of Block 17's Counterclaims, except admits that Eleven has luxury hotels and accommodations located in Colorado, Alaska, and New York. Eleven further states that it offers thirteen luxury hotels and six luxury vacation homes (and has offered others in the past, including in Florida) in three different continents worldwide, including in Amsterdam, Iceland, the Bahamas, France, Patagonia, Chile, British Columbia, England, and New Zealand, which are advertised, marketed, and sold to consumers throughout the United States and internationally.

66.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 66 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, including that "West Eleventh Residences will not be a hotel," and states that West Eleventh Residences is being marketed, advertised, and sold as "luxury condo residences" that will be available on Airbnb as short-term rentals/hotel rooms in Miami, Florida, and that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and

E11even Residences Beyond), all of which are associated with, in close proximity to, and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even.

67.     Eleven states that the allegations set forth in Paragraph 67 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

68.     Eleven denies the allegations set forth in Paragraph 68 of Block 17's Counterclaims, except admits that prospective and existing customers of Eleven's goods and services offered under the ELEVEN Marks are customers interested in staying at luxury hotels and accommodations.

69.     Eleven states that the allegations set forth in Paragraph 69 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 69 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

70.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 70 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

71.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 71 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, except admits that West Eleventh Residences is being marketed, advertised and sold as "luxury condo residences" that will be available on Airbnb as short-term rentals/hotel rooms, and that West Eleventh Residences is being marketed, promoted, and sold as

the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to, and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even.

72.     Eleven states that the allegations set forth in Paragraph 72 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

73.     Eleven denies the allegations contained in Paragraph 73 of Block 17's Counterclaim, except admits that customers can book stays at Eleven's luxury hotels and vacation homes through its elevenexperience.com website and other third-party websites, including but not limited to Airbnb, Expedia, Hotels.com, and Booking.com; that Eleven's website does not offer information about West Eleventh Residences; that Eleven representatives are not instructed to provide information about West Eleventh Residences when speaking to customers, and further states that West Eleventh Residences is being marketed, advertised and sold as luxury condo residences that will be available on Airbnb as short-term rentals/hotel rooms, and that Eleven properties also are available on Airbnb.

74.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 74 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

75.     Eleven states that the allegations set forth in Paragraph 75 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations. Eleven further states that

the E11even Hotels Properties, which are being marketed, promoted, and sold together, already have caused confusion, which is likely to get worse.

76.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 76 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

77.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 77 of Block 17's Counterclaims, and therefore, denies the allegations on that basis.

78.     Eleven states that the allegations set forth in Paragraph 78 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations set forth in Paragraph 78 of Block 17's Counterclaims, except admits that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to, and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even.

79.     Eleven states that the allegations set forth in Paragraph 79 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies these allegations, except admits that Eleven has asserted claims as reflected in Eleven's Second Amended Counterclaim, which speaks for itself. Eleven denies the allegations in the second sentence of Paragraph 79 of Block 17's Counterclaims.

80.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 80 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, and further states that, on information and belief, individuals associated with Block 17 and responsible for the use of the West Eleventh Marks knew of Eleven and its ELEVEN Marks at least as early as June 7, 2022; and that this Litigation was filed on December 20, 2022, and West Eleventh Residences was announced thereafter, on or around February 15, 2023. Eleven states that the allegations set forth in the second sentence of Paragraph 80 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

81.     Eleven denies these allegations, except admits that Eleven has asserted claims as reflected in Eleven's Second Amended Counterclaim, which speaks for itself.

82.     Eleven states that the allegations set forth in Paragraph 82 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks.

83.     Eleven states that the allegations set forth in Paragraph 83 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including the suggestion that the West Eleventh Marks are not used as trademarks, except admits that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the E11even Hotel Projects, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to, and are promoted with and by the E11even Miami nightclub in "District 11," which also is named after and associated with E11even. Eleven

further states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub.

84.     Eleven states that the allegations set forth in Paragraph 84 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 84 of Block 17's Counterclaims, and therefore, denies the allegations on that basis. Eleven further denies the suggestion that the West Eleventh Marks are not used as trademarks, and states that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub.

85.     Eleven states that the allegations set forth in Paragraph 85 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 85 of Block 17's Counterclaims, and therefore, denies the allegations on that basis, except admits that, unlike West Eleventh Residences, there is no likelihood of confusion (and there has been no actual confusion) between 11th Avenue Hostel (a single-location, low-budget hostel) and Eleven's luxury hotels and accommodations. Eleven further denies the suggestion that the West Eleventh Marks are not used as trademarks, and states that "West Eleventh Residences" and "W11" are not being used for their

"plain, ordinary meaning," but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other E11even Hotel Projects and E11even Miami nightclub, and that Eleven has asserted claims against Block 17 as reflected in Eleven's Second Amended Counterclaim, which document speaks for itself.

86.     Eleven states that the allegations set forth in Paragraph 86 of Block 17's Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Block 17 claims to seek the relief requested, which Eleven contests.

## COUNTERCLAIMS

## FIRST COUNTERCLAIM

87.     Eleven repeats and incorporates herein its responses to Paragraphs 1–86 of Block 17's Counterclaims as set forth above as if repeated here in their entireties.

88.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 88 of Block 17 Parties' Counterclaims, and therefore, denies the allegations on that basis.

89.     Eleven states that the allegations set forth in Paragraph 89 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

90.     Eleven states that the allegations set forth in Paragraph 90 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Block 17 purports to seek the requested relief, which Eleven contests.

91.     Eleven states that the allegations set forth in Paragraph 91 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations and further states that all the asserted federally registered ELEVEN Marks are incontestable registrations, and that 15 U.S.C. § 1065(d) does not exist.

## SECOND COUNTERCLAIM

92.     Eleven repeats and incorporates herein its responses to Paragraphs 1–91 of Block 17's Counterclaims as set forth above as if repeated here in their entireties.

93.     Eleven states that the allegations set forth in Paragraph 93 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

94.     Eleven states that the allegations set forth in Paragraph 94 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

95.     Eleven states that the allegations set forth in Paragraph 95 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

96.     Eleven states that the allegations set forth in Paragraph 96 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

97.     Eleven denies the allegations set forth in Paragraph 97 of Block 17's Counterclaims, except admits that, like the vast majority of companies (particularly those that are growing), it has not specifically conducted formal secondary meaning surveys; nor is Eleven aware

of the existence of any such surveys regarding the E11even brand, which Block 17 and its Co-Defendants claim is famous.

98.     Eleven denies that Block 17 is entitled to the relief they purport to seek in Paragraph 98 of Block 17's Counterclaims.

99.     Eleven denies that Block 17 is entitled to the relief it purports to seek in Paragraph 99 of Block 17's Counterclaims, and further states that all the asserted federally registered ELEVEN Marks are incontestable registrations.

### THIRD COUNTERCLAIM

100.     Eleven repeats and incorporates herein its responses to Paragraphs 1–99 of Block 17's Counterclaims as set forth above as if repeated here in their entireties.

101.     Eleven states that the allegations set forth in Paragraph 101 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

102.     Eleven states that the allegations set forth in Paragraph 102 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

103.     Eleven states that the allegations set forth in Paragraph 103 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

104.     Eleven denies that Block 17 is entitled to the relief it purports to seek in Paragraph 104 of Block 17's Counterclaims and further states that fair use pursuant to 15 U.S.C. § 1115(b)(4) is an affirmative defense to which Block 17 is not entitled.

## FOURTH COUNTERCLAIM

105.    Eleven repeats and incorporates herein its responses to Paragraphs 1–104 of Block 17's Counterclaims as set forth above as if repeated here in their entireties.

106.    Eleven states that the allegations set forth in Paragraph 106 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

107.    Eleven states that the allegations set forth in Paragraph 107 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

108.    Eleven states that the allegations set forth in Paragraph 108 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

109.    Eleven states that the allegations set forth in Paragraph 109 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

110.    Eleven states that the allegations set forth in Paragraph 110 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

111.    Eleven states that the allegations set forth in Paragraph 111 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

112.    Eleven states that the allegations set forth in Paragraph 112 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

113.    Eleven states that the allegations set forth in Paragraph 113 of Block 17's Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

114.    Eleven denies that Block 17 is entitled to the relief it purports to seek in Paragraph 114 of Block 17's Counterclaims.

115.    Eleven denies that Block 17 is entitled to any of the relief requested in Block 17's Counterclaims and denies that Block 17 is entitled to any judgment, monetary relief, or declaratory, injunctive, or other relief.

116.    Eleven denies each and every allegation contained in Block 17's Counterclaims to which it has not heretofore specifically responded.

<u>**ELEVEN'S AFFIRMATIVE DEFENSES**</u>

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM, MADE AS TO ALL COUNTERCLAIMS)**

Block 17's claims fail, in whole or in part, because Block 17's Counterclaims, and each and every claim stated therein, fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(UNCLEAN HANDS, MADE AS TO ALL COUNTERCLAIMS)**

Block 17's claims fail, in whole or in part, by the doctrine of unclean hands based on Block 17's willful infringement of Eleven's ELEVEN Marks.

**THIRD DEFENSE**
**(FAILURE TO STATE A CLAIM, MADE AS TO THE FIRST COUNTERCLAIM)**

Block 17's First Counterclaim fails to state a claim upon which relief can be granted, because Eleven's ELEVEN Marks are not generic, nor have Eleven's ELEVEN Marks become generic for Eleven's goods and services per 15 U.S.C. § 1064(3).

**FOURTH DEFENSE**
**(FAILURE TO STATE A CLAIM, MADE AS TO THE SECOND COUNTERCLAIM)**

Block 17's Second Counterclaim fails to state a claim upon which relief can be granted, because Eleven's ELEVEN Marks are federally registered and incontestable and/or are not descriptive and do not lack distinctiveness.

**FIFTH DEFENSE**
**(FAILURE TO STATE A CLAIM, MADE AS TO THE THIRD COUNTERCLAIM)**

Block 17's Third Counterclaim fails to state a claim upon which relief can be granted, because Block 17's use of the West Eleventh Marks does not constitute trademark fair use under 15 U.S.C. § 1115(b)(4) as the West Eleventh Marks are not used merely descriptively (as opposed to as trademarks) and in good faith to describe the goods and services of West Eleventh Residences.

**SIXTH DEFENSE**
**(PRIORITY, MADE AS TO ALL COUNTERCLAIMS)**

Block 17's claims are barred, in whole or in part, by Eleven's priority of rights with its incontestable federally registered ELEVEN Marks.

**ADDITIONAL DEFENSES**

Eleven reserves the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based upon further investigation and discovery in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Eleven IP Holdings LLC prays that this Court enter judgment in its favor dismissing Block 17's Counterclaims in their entirety, with prejudice and granting Eleven IP Holdings LLC such other and further relief as this Court shall deem just and proper, including entering judgment in favor of Eleven IP Holdings LLC, on its Second Amended Counterclaim in

its entirety, and awarding Eleven its attorneys fees and costs in connection with this action, among the other requested relief reflected in Eleven's Second Amended Counterclaim.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eleven demands a trial by jury in this action with respect to all issues triable by jury in this matter.

Dated: October 9, 2024

BERGER SINGERMAN LLP

/s/ Gavin C. Gaukroger

Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Claudia Ray (admitted *pro hac vice*)
claudia.ray@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Eric Loverro (admitted *pro hac vice*)
eric.loverro@kirkland.com
Justin Taylor (admitted *pro hac vice*)
justin.taylor@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800

Miranda D. Means (admitted *pro hac vice*)
Miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500

*Attorneys for Eleven IP Holdings LLC*