**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

GR OPCO, LLC

    *Plaintiff*,

vs.

ELEVEN IP HOLDINGS LLC, GRASSY CREEK LLC, CS IRWIN LLC, IRWIN BACKCOUNTRY GUIDES, LLC, ALAN PIKE, and CHAD PIKE

    *Defendants*.

and

ELEVEN IP HOLDINGS LLC

    *Counterclaim Plaintiff*,

vs.

GR OPCO, LLC, 11USA GROUP, LLC, MARC ROBERTS, DENNIS DEGORI, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11TH STREET VENTURES, LLC, PMG-11TH STREET VENTURES II, LLC, BLOCK 17 TRUSTEE, LLC, BLOCK 17 RESIDENTIAL OWNER, LLC, and LION DEVELOPMENT OPPORTUNITY FUND LLC

    *Counterclaim Defendants,*

BLOCK 17 TRUSTEE, LLC and BLOCK 17 RESIDENTIAL OWNER, LLC,

    *Counterclaim Plaintiffs*,

vs.

ELEVEN IP HOLDINGS LLC

    *Counterclaim Defendant*

Case No. 1:22-cv-24119-FAM-TORRES

**ELEVEN'S RENEWED MOTION FOR LEAVE TO FILE LIMITED 5-PAGE MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF AND COUNTERCLAIM-DEFENDANT GR OPCO, LLC'S NEW AFFIRMATIVE DEFENSES**

Defendant/Counterclaim Plaintiff Eleven IP Holdings LLC ("Eleven") respectfully requests leave to file a limited 5-page Motion for Summary Judgment to address the new affirmative defenses not previously pled by Plaintiff and Counterclaim Defendant GR Opco, LLC ("GR"). As explained further below, GR filed an Answer to the SACC for the first time on September 26, 2024, after the parties had submitted and fully briefed their respective motions for summary judgment. In GR's Answer, it asserted three new, never previously pled affirmative defenses relating to (1) Eleven's purported failure to give notice of its registered trademark rights or otherwise comply with 15 U.S.C. § 1111; (2) GR's allegation that Alan Pike did not personally sign certain trademark filings; and (3) GR's allegations that Mr. Pike did not have the requisite knowledge, and that Eleven "willfully orchestrated" such lack of knowledge, to sign the trademark filings. Because such defenses were not previously pled, Eleven could not have moved on them in its July 26, 2024, Motion for Partial Summary Judgment. Accordingly, Eleven requests leave to file a limited, 5-page Motion for Summary Judgment on these issues. Counterclaim Defendants previously agreed to this requested relief, as reflected in Joint Unopposed Motion for Leave to File five-page supplemental summary judgment motions and three-page supplemental statements of material fact (the "Joint Motion") (D.E. 479), but have more recently changed course and now state that they oppose it and concurrently withdrew the Joint Motion without Eleven's consent. But if Eleven is not allowed to move on newly pled defenses, it will be highly prejudiced as it will not have the basic opportunity to move on summary judgment on all issues, forcing the newly asserted defenses (which wholly lack legal and factual merit) to proceed to trial.

## MEMORANDUM OF LAW

On September 17, 2024, the Court granted Counterclaim Defendants leave to respond to Eleven's Second Amended Counterclaim ("SACC") by September 26, 2024 (D.E. 462) and that they "may additionally file an amended joint motion for summary judgment by October 3, 2024." (D.E. 459). Counterclaim Defendants filed their respective answers, affirmative defenses, and counterclaims on September 19, 2024 (D.E. 468), September 25, 2024 (D.E. 469), and September 26, 2024 (D.E. 475, 472).

With respect to GR's Answer to Eleven's SACC (DE 472), the Fifth, Fourteenth, and Fifteenth affirmative defenses (the "New Affirmative Defenses") were not previously pled in

response to Eleven's original counterclaim or its First Amended Counterclaim (*see* D.E. 161, 107).[1] In particular:

- **GR's Fifth Affirmative Defense** asserts that Eleven is barred from recovering any profits or damages arising under the Lanham Act due to a purported "fail[ure] to give notice of its registered trademark rights or otherwise comply with 15 U.S.C. § 1111 by displaying with the words 'Registered in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat. & Tm. Off.' or the letter R enclosed within a circle, ®, with its registered trademarks." (D.E. 472 at 63). Such defense legally and factually fails, and was never asserted in discovery or any pleading prior to GR's September 26, 2024 Answer to the SACC.

- **GR's Fourteenth Affirmative Defense** asserts that "Defendant Alan Pike did not personally enter his signature with respect to certain of [Eleven's] various trademark filings concerning [Eleven's] asserted trademark registrations, and [Eleven] thereby violated 37 CFR §2.193, which invalidates [Eleven] asserted trademark registrations." (*Id*. at 66–67). Eleven's Motion for Partial Summary Judgment did not address this defense as it was not previously pled before GR's Answer to the SACC. Counterclaim Defendants' Joint Motion for Summary Judgment (D.E. 222) moves on this defense, which Eleven opposes, but Eleven should have the opportunity to also affirmatively move on the defense now that it is actually reflected in a pleading.

- **GR's Fifteenth Affirmative Defense** similarly asserts that "[Eleven's] claims are barred, in whole or in part, as Defendant Alan Pike executed sworn declarations regarding [Eleven's] purported trademark rights without the necessary knowledge and/or information regarding the same" and that "[Eleven] willfully orchestrated Defendant Alan Pike's lack of knowledge and/or information to, upon information and belief, acquire [Eleven's] asserted trademark registrations." (D.E. 472 at 67). This affirmative defense also was never previously pled, and thus was not addressed in Eleven's Motion for Partial Summary Judgment. Like above, Counterclaim Defendants' Joint Motion for Summary Judgment (D.E. 222) moves on this defense, which Eleven opposes, and thus Eleven should have the opportunity to also affirmatively move on the defense now that it is actually reflected in a pleading.

Counterclaim Defendants previously agreed to the Eleven's requested relief of filing a supplemental motion for summary judgment on these limited issues. Accordingly, on October 2,

---

[1] With the exception of the three New Affirmative Defenses, the defenses, affirmative defenses, and counterclaims that GR and its other Counterclaim Defendants recently asserted in response to Eleven's SACC (DE 468, 469, 472, and 475) are effectively identical to the defenses, affirmative defenses, and counterclaims that Counterclaim Defendants previously asserted, including those that Eleven addressed in its July 26, 2024 motions, such as its Motion for Partial Summary Judgment (DE 273). Accordingly, Eleven believes that its previously filed motions—including its Motion for Partial Summary Judgment—apply with equal force to the defenses, affirmative defenses, and counterclaims subsequently filed in response to its SACC.

2

2024, the Parties filed a Joint Unopposed Motion for Leave to File Five-Page Supplemental Summary Judgment Motions and Three-Page Supplemental Statements of Material Fact. (D.E. 497). That Joint Unopposed Motion remains pending.[2] On October 3, 2024, Counterclaim Defendants filed an Amended Joint Motion for Summary Judgment (D.E. 480) pursuant to this Court's prior order (D.E. 462).

Accordingly, given the New Affirmative Defenses were raised after Eleven's pending motion for summary judgment was filed (D.E. 247) and Counterclaim Defendants have filed an amended motion for summary judgment which takes into account Eleven's Second Amended Counterclaim, Eleven renews its request for leave to file a limited, 5-page motion for summary judgment to address the new affirmative defenses not previously pled by GR.

Good cause and the principles of fairness in these proceedings support granting the relief requested. The relief requested by Eleven is consistent with the relief granted to Counterclaim Defendants, authorizing them to file an amended joint motion for summary judgment (D.E. 459) on Eleven's SACC (D.E. 451). Eleven seeks the reciprocal, other-side-of-the-coin, opportunity to address the New Affirmative Defenses raised by GR in its recently Answer to the Second Amended Counterclaim.

Lastly, Eleven submits that if leave is granted by the Court Eleven will file a limited 5-page motion for summary judgment and corresponding 3-page statement of material facts pursuant to Local Rule 56.1 on or before October 17, 2024, that responses would be due October 31, 2024, and that Eleven would file its reply to the response on or before November 7, 2024.

## **CERTIFICATION UNDER LOCAL RULE 7.1**

The undersigned certifies that counsel for Eleven sent a written request to counsel for Counterclaim Defendants seeking reconfirmation of their consent to the relief sought by this motion via e-mail on October 10, 2024. Counsel for Counterclaim Defendants responded via e-

---

[2] On October 11, 2024, in response to Eleven's request that Counterclaim Defendants reconfirm their agreement to the requested relief in this Motion, Counterclaim Defendants stated that they intend to withdraw the Joint Motion and promptly did so shortly thereafter. (D.E. 487). Eleven did not, and does not, consent to such withdrawal. It is clear that Counterclaim Defendants only withdrew the Joint Motion because it was not granted before they had to resubmit their own Motion for Summary Judgment, which now reflects all claims in the SACC. But that does not mean that Eleven should be wholly precluded from moving on the New Affirmative Defenses.

3

mail on October 11, 2024 and indicated that they do not consent to the relief requested by this motion.

Dated: October 11, 2024

Respectfully submitted,

*/s/ Gavin C. Gaukroger*

Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Claudia Ray (admitted *pro hac vice*)
claudia.ray@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Eric Loverro (admitted *pro hac vice*)
eric.loverro@kirkland.com
Justin Taylor (admitted *pro hac vice*)
justin.taylor@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800

Miranda D. Means (admitted *pro hac vice*)
miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500

*Attorneys for Eleven IP Holdings LLC, Grassy Creek LLC, CS Irwin LLC, Irwin Backcountry Guides, LLC, Chad Pike, and Alan Pike*