# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

GR OPCO, LLC

     *Plaintiff*,

vs.

ELEVEN IP HOLDINGS LLC, GRASSY CREEK LLC, CS IRWIN LLC, IRWIN BACKCOUNTRY GUIDES, LLC, ALAN PIKE, and CHAD PIKE

     *Defendants*,

ELEVEN IP HOLDINGS LLC

     *Counterclaim Plaintiff*,

vs.

GR OPCO, LLC, 11USA GROUP, LLC, MARC ROBERTS, DENNIS DEGORI, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11TH STREET VENTURES, LLC, PMG-11TH STREET VENTURES II, LLC, BLOCK 17 TRUSTEE, LLC, BLOCK 17 RESIDENTIAL OWNER, LLC, and LION DEVELOPMENT OPPORTUNITY FUND LLC

     *Counterclaim Defendants,*

BLOCK 17 TRUSTEE, LLC, BLOCK 17 RESIDENTIAL OWNER, LLC MARC ROBERTS, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11TH STREET VENTURES, LLC, PMG-11TH STREET VENTURES II, LLC, and LION DEVELOPMENT OPPORTUNITY FUND LLC,

     *Counterclaim-Plaintiffs*,

vs.

ELEVEN IP HOLDINGS LLC

     *Counterclaim Defendant*

Case No. 1:22-cv-24119-FAM-TORRES

**DEFENDANT/COUNTERCLAIM-PLAINTIFF/COUNTERCLAIM-DEFENDANT ELEVEN IP HOLDINGS LLC'S ANSWER TO COUNTERCLAIM-DEFENDANTS/COUNTERCLAIM PLAINTIFFS MARC ROBERTS, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11TH STREET VENTURES, LLC, PMG-11TH STREET VENTURES II, LLC, AND LION DEVELOPMENT OPPORTUNITY FUND LLC'S COUNTERCLAIMS**

1

Defendant/Counterclaim-Plaintiff/Counterclaim-Defendant Eleven IP Holdings LLC ("Eleven") hereby Answers Counterclaim-Defendants/Counterclaim-Plaintiffs Marc Roberts, Michael Simkins, Marc Roberts Companies LLC, Property Markets Group, Inc., PMG-11th Street Ventures, LLC, PMG-11th Street Ventures II, LLC, and Lion Development Opportunity Fund LLC (collectively, "Counterclaimants") Counterclaims (D.E. 475) ("Counterclaims").

## PRELIMINARY STATEMENT

Counterclaimants once again attempt to side-step their (and their affiliates') blatant infringement and assert baseless claims.  As detailed in Eleven's Second Amended Counterclaims (D.E. 451), Eleven has owned registered and common law trademark rights to the ELEVEN Marks for over a decade.  Under the ELEVEN Marks, Eleven and its affiliated licensees offer luxury hotels and accommodations and related goods and services at properties in three different continents, to consumers throughout the United States and internationally. Contrary to Counterclaimants' assertions, the E11EVEN Hotel & Residences, E11EVEN Residences Beyond, and West Eleventh Residences (collectively, the "Infringing Hotels") infringe Eleven's prior rights, as every factor of the likelihood of confusion analysis favors Eleven: **(1)** the ELEVEN Marks are conceptually and commercially strong, as evidenced by Eleven's incontestable trademark registrations, over a decade of use, extensive promotion and sales, and the fact that the term "ELEVEN" is arbitrary as applied to luxury hotels and accommodations; **(2)** the ELEVEN Marks and the Infringing Marks are highly similar—both prominently use "eleven" and "11," they are pronounced the same, and the parties' uses are similar; **(3)** the parties sell identical, overlapping and highly related services, which commonly come from a single source; **(4)** the services are sold in the same channels to similar consumers; **(5)** the parties advertise in the same places; **(6)** Counterclaimants' utter disregard for and/or intentional blindness to Eleven's incontestable trademark rights shows bad faith intent; **(7)** there

is both anecdotal and extensive survey evidence of actual confusion, including based on the surveys submitted by Counterclaimants' own expert; and **(8)** evidence does not support that the typical consumer of luxury accommodations is "sophisticated" in the relevant sense that they are unlikely to be confused.

Equally unavailing are Counterclaimants' arguments that their use of the West Eleventh Marks (including stylized logos therefore) merely constitutes a non-trademark, descriptive fair use.  Indeed, the West Eleventh Marks (as shown in the examples below) are used to advertise and sell units in the property, and based on Counterclaimants' own marketing materials, will be prominently used on the outside of the building with an eye-catching logo, indicating that these terms are used by Counterclaimants as a trademark.  Additional evidence obtained in discovery supports that the West Eleventh Marks were intended to, and in fact do, function as trademarks.










As detailed in Eleven's Second Amended Counterclaims, West Eleventh Residences is the third of Counterclaim Defendants' Infringing Hotels and is advertised as connected to the E11EVEN Hotel & Residences and E11EVEN Residences Beyond properties, including through its location in "District 11" (a term coined by Counterclaimant Marc Roberts). By marketing West Eleventh Residences in this manner, Counterclaim Defendants disregard and trade off on Eleven's prior ELEVEN Marks and have already caused actual confusion between Eleven and the Infringing Hotels. Moreover, "West Eleventh" is *not* the address of the property, further indicating that the term is not a descriptive fair use. Indeed, Counterclaimants could easily rename the West Eleventh property if they did not want to trade off Eleven's trademarks (about

which it has known before West Eleventh Residences was announced, and before it sold any of the infringing hotel/condominium units).

This preliminary statement is offered in support of Eleven's affirmative defenses detailed below.

## NATURE OF COUNTERCLAIMS

1.     Eleven states that the allegations set forth in Paragraph 1 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegation.

2.     Eleven states that the allegations set forth in Paragraph 2 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Counterclaims, and therefore, denies the allegations on that basis, except admits that GR has filed the trademark applications under Serial Nos. 88/899,708, 88/868,063, 88/982,607, and 88/982,608, and denies the allegations in Paragraph 2 to the extent they suggest GR has valid trademark rights for the E11EVEN mark in connection with the provision of "temporary accommodation at hotels" in Class 43 under U.S. Registration No. 5,921,909 or that GR provided hotel services by booking a handful of stays at third-party hotels (under different marks).

3.     Eleven admits the allegations in Paragraph 3 of the Counterclaims only to the extent that Simkins is a principal of GR and is involved in the development of the Infringing Hotels, but denies that West Eleventh Residences is a "separate project" and states that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the Infringing Hotels, along with the first two towers (E11EVEN Hotel & Residences and E11EVEN Residences Beyond), all of which are associated with, in close proximity to, and are promoted

with and by the E11EVEN Miami nightclub in "District 11," which also is named after and associated with E11EVEN.

4.      Eleven admits the allegations in Paragraph 4 of the Counterclaims only to the extent that Roberts is a principal of GR and is involved in the development of the Infringing Hotels.

5.      Eleven states that the allegations set forth in Paragraph 5 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the Counterclaims, and therefore, denies the allegations on that basis, except admits that PMG-11th Street Ventures I, LLC is a licensee of the Infringing Marks in connection with the Infringing Hotels.

6.      Eleven states that the allegations set forth in Paragraph 6 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Counterclaims, and therefore, denies the allegations on that basis, except admits that PMG-11th Street Ventures II, LLC is a licensee of the Infringing Marks in connection with the Infringing Hotels.

7.      Eleven states that the allegations set forth in Paragraph 7 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Counterclaims, and therefore, denies the allegations on that basis, including the suggestion that Block 17 Trustee, LLC and Block 17 Residential Owner, LLC are not parties to the litigation and/or that the individual entities and persons comprising

Block 17 Trustee, LLC and/or Block 17 Residential Owner, LLC are not involved in the development of the Infringing Hotels, except admits that Block 17 Trustee, LLC, Block 17 Residential Owner, LLC, PMG, Simkins, and Roberts are involved in the development of West Eleventh Residences.

8.     Eleven states that the allegations set forth in Paragraph 8 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations set forth in Paragraph 8 except admits that Eleven is a hotel company that operates luxury hotels and vacation homes across the world, including in Colorado, Alaska, New York, France, and Chilean Patagonia, and that like many other luxury hotel companies, Eleven offers additional services and activities at its hotels and homes that vary by location and may include cat skiing, fly fishing, mountain biking, hiking, and kayaking, among other services, such as spa and wellness activities, if guests choose to partake in such activities.  Eleven further admits that Eleven IP Holdings LLC is a limited liability company organized under the laws of the State of Delaware, with an address of 221 N. Hogan Street, Suite 403, Jacksonville, Florida, and owns federal and common law rights in the ELEVEN Marks, including incontestable federal registrations for its ELEVEN word mark and 11 logo in connection with hotels, hotel services, luxury hotel accommodations, and short term accommodations, among other goods and services.

9.     Eleven states that the allegations set forth in Paragraph 9 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, except admits that it has asserted claims as reflected in its Second Amended Counterclaim, which document speaks for itself, and admits that Counterclaimants claim to seek the relief requested, which Eleven contests.

10.     Eleven states that the allegations set forth in Paragraph 10 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven has an office in the State of Florida, but not in this judicial district.

11.     Eleven states that the allegations set forth in Paragraph 11 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, except admits that Eleven has an office in the State of Florida, but not in this judicial district.

12.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Counterclaims, and therefore, denies the allegations on that basis, and further denies that the Infringing Hotels were developed based "on the success of the E11EVEN nightclub" and are in the "residential real estate" "sector," as the Infringing Hotels are marketed, advertised, and sold as short-term rental and hotel accommodations, including that unit-owners in E11EVEN Hotel & Residences will be able to place their units in a "hotel pool," that E11EVEN Residences Beyond function as an extended-stay hotel with 30-day or longer rentals and will provide guests with access to the hotel amenities offered in E11EVEN Hotel & Residences, and West Eleventh Residences is being marketed, advertised, and sold, as "luxury condo residences" that will be available on Airbnb as short-term rentals/hotel rooms up to 365 days per year.

13.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Counterclaims, and therefore, denies the allegations on that basis, and further denies that the Infringing Hotels were developed to be residential condominium towers, as E11EVEN Hotel & Residences is marketed and advertised as offering

hotel amenities, including a centralized "hotel pool" management system offering nightly rooms, a "resort-style" pool, and spa and wellness center, concierge services, and more, and E11EVEN Residences Beyond will function as an extended-stay hotel with 30-day or longer rentals and will provide guests with access to the hotel amenities offered in E11EVEN Hotel & Residences, and West Eleventh Residences will offer fully furnished short-term rentals available via Airbnb (one of the largest hotel booking platforms), which is heavily emphasized in its marketing materials, except admits that E11EVEN Hotel & Residences and E11EVEN Residences Beyond are immediately adjacent to the E11EVEN Miami nightclub, as is West Eleventh Residences.

14.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Counterclaims, and therefore, denies the allegations on that basis, and further denies that E11EVEN Hotel & Residences was developed to be residential condominium tower, as E11EVEN Hotel & Residences is marketed and advertised as offering hotel amenities, including a centralized "hotel pool" management system offering nightly rooms, a "resort-style" pool, and spa and wellness center, concierge services, and more, except admits that GR has entered into a license agreement with Ventures I for use of the E11EVEN trademark in connection with E11EVEN Hotel & Residences.

15.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of Counterclaimants' Counterclaims, and therefore, denies the allegations on that basis, except denies that E11EVEN Residences Beyond will be a "purely residential" condominium building, as it has been advertised as functioning "just like an extended-stay hotel" with rentals of 30-days or more, is immediately adjacent to and advertised with E11EVEN Hotel & Residences which is marketed and advertised as offering hotel amenities, including a centralized "hotel pool" management system offering nightly rooms, a

"resort-style" pool, and spa and wellness center, concierge services, and more, and will provide guests with access to the hotel amenities offered in E11EVEN Hotel & Residences.

16.     Eleven lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Counterclaims, and therefore, denies the allegations on that basis, except denies that the Infringing Hotels do not offer hotel services, "hotel-style" services, and/or amenities, as E11EVEN Hotel & Residences is marketed and advertised as offering hotel amenities, including a centralized "hotel pool" management system offering nightly rooms, a "resort-style" pool, and spa and wellness center, concierge services, and more, and E11EVEN Residences Beyond will function as an extended-stay hotel with 30-day or longer rentals and will provide guests with access to the hotel amenities offered in E11EVEN Hotel & Residences, and West Eleventh Residences will offer fully furnished short-term rentals available via Airbnb (one of the largest hotel booking platforms), which is heavily emphasized in its marketing materials. Eleven further states that condominiums and hotels are highly related and often come from a single source, including by Counterclaimants' competitors, and luxury hotel brands like Eleven and Counterclaimants routinely operate hotels in both rural and urban destinations and also routinely offer excursions and/or activities for hotel guests to participate in if they elect to do so.

17.     Eleven denies the allegations in Paragraph 17 of Counterclaimants' Counterclaims, including the allegations that the applications listed at Ser. Nos. 88/899,708, 88/868,063, 88/982,607, and 88/982,608 or GR's expansion efforts for the E11EVEN brand were limited to "residential real-estate," as the application listed at Ser. No. 88/899708 originally included "rental of vacation homes" among other services, the applications listed at Ser. Nos. 88/868063 and 88/982607 originally included "vacation real estate time-sharing" and "vacation

real estate time share exchange services," among other services, which was the basis for USPTO's Section 2(d) refusals of such applications, given that the USPTO found that there would be a likelihood of confusion with Eleven's prior registrations: Reg. Nos. 4,384,681; 4,621,491; and 4,265,159. Eleven further states that GR's trademark applications at issue also include the applications for "11 HOTEL" (Ser. No. 90/086,479) which originally included "Real estate services, namely, leasing and management for others of residential condominiums located within hotel developments; Vacation real estate time-sharing; Vacation real estate timeshare services" among the listed goods and services prior to GR's request to divide the application on October 12, 2020, and "E11EVEN" (Ser. No. 88/979,706) which originally included "Real estate time-sharing; Real estate services, namely, condominium management services; Real estate services, namely, leasing and management for others of residential condominiums located within hotel developments; Vacation real estate time-sharing; Vacation real estate time share exchange services" among the listed goods and services prior to GR's request to divide the application on October 12, 2020.  Eleven admits that the USPTO issued Section 2(d) refusals of the applications listed at Ser. Nos. 88/899,708, 88/868,063, 88/982,607, and 88/982,608, as it found that there would be a likelihood of confusion with Eleven's prior registrations: Reg. Nos. 4,384,681; 4,621,491; and 4,265,159.

18.    Eleven denies the allegations in Paragraph 18, except admits that GR responded to the USPTO's refusals of the E11EVEN Applications, including by appealing the refusals to the USPTO's Trademark Trial and Appeal Board and by dividing out from the challenged applications "swimming pool management" in Class 35.

19.    Eleven denies the allegations in Paragraph 19, including the allegation that Eleven "surfaced" on March 18, 2022, as Counterclaimants had actual knowledge of Eleven's federally

registered trademarks well before that date, Eleven has maintained federally registered trademarks for over a decade, and Eleven has offered and advertised its hotel and short-term accommodations services on the internet and in the same national publications the E11EVEN Miami nightclub and Infringing Hotels have been featured in since 2011. Eleven admits that it sent GR a cease-and-desist letter on March 18, 2022, shortly after discovering GR's plans to open the Infringing Hotels, and that such cease and desist letter requested that GR cease its infringing use of the E11EVEN mark in connection with hotel, lodging, real estate, and related services and that it withdraw the infringing trademark applications and invalid trademark registration for "providing temporary accommodation at hotel" (Reg. No. 5,921,909) accordingly, except admits that Eleven initiated trademark opposition proceedings against 88/899,708, 88/868,063, 88/982,607, and 88/982,608 and cancellation proceedings against 5,921,909 at the TTAB.

20.     Eleven states that the allegations set forth in Paragraph 20 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven admits that GR initiated the current lawsuit in December 2022 and that Eleven asserted counterclaims regarding Counterclaim Defendants' infringement of the ELEVEN Marks, including as reflected in Eleven's Second Amended Counterclaims (D.E. 451), and further states that the pleadings and operative counterclaim speak for themselves.

21.     Eleven states that it lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the Counterclaims, and therefore denies them on that basis, except admits that in February 2023, after this litigation began, Counterclaimants announced the development of West Eleventh Residences, which is immediately adjacent to, and marketed and advertised alongside the E11EVEN Hotel & Residences and E11EVEN

Residences Beyond properties, as well as the E11EVEN Miami nightclub, and that West Eleventh Residences will offer fully furnished short-term rentals via Airbnb for up to 365 days per year, as well as hotel-style services and amenities such as a "tri-level experiential entertainment and culinary hall," "resort-style pool with private lounge areas" and a fitness and wellness center.

22.    Eleven states that the allegations set forth in Paragraph 22 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies this allegation, including the suggestion that West Eleventh Residences was not within the scope of Eleven's initial counterclaim, and states that West Eleventh Residences was announced in early 2023 after the litigation began, which Counterclaimants admit in Paragraph 21 of the Counterclaims.  Eleven further states that its Counterclaims regarding the Infringing Hotels are a series of three successively planned, related, co-promoted and co-sold hotel/condominiums being developed, advertised, promoted, and sold by Counterclaimants, such that the infringement that began with E11EVEN Hotel & Residences, soon expanded to E11EVEN Residences Beyond, and then to West Eleventh Residences.  Eleven further states that Counterclaimants have advertised that the West Eleventh Residences property was announced after the purported successful sales of E11EVEN Hotel & Residences and E11EVEN Residences Beyond, and Counterclaimants advertise, promote, and sell all Infringing Hotels at a single exclusive sales center.  Likewise, the Infringing Hotels are collectively advertised as being located in "District 11" which is a coined term selected by Roberts to market and promote the E11EVEN brand and immediate area that Defendants are building surrounding the E11EVEN Miami nightclub.

23.    Eleven states that the allegations set forth in Paragraph 23 of the Counterclaims

include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, including the suggestion that the WEST ELEVENTH/W11 marks are not used as trademarks and admits that West Eleventh Residences is being marketed, promoted, and sold as the third tower of the Infringing Hotels, along with the first two towers (E11even Hotel & Residences and E11even Residences Beyond), all of which are associated with, in close proximity to, and are promoted with and by the E11EVEN Miami nightclub in "District 11," which also is named after and associated with E11EVEN. Eleven further states that "West Eleventh Residences" and "W11" are not being used to describe the location of the property and/or its alleged residential characteristics, but rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street—and to tie West Eleventh Residences to the other Infringing Hotels and E11EVEN Miami nightclub.

24.    Eleven states that it lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the Counterclaims, and therefore denies them on that basis, except denies that that West Eleventh Residences will not operate a hotel rental program, hotel services, hotel-style services, or amenities, as West Eleventh Residences has been advertised and marketed as a short-term rental property offering hotel services, including rentals of fully-furnished units for a period as short as just one night through Airbnb (which is among the world's largest hotel booking platforms), as well as hotel-style services and amenities such as a "tri-level experiential entertainment and culinary hall," "resort-style pool with private lounge areas" and a fitness and wellness center.

25.    Eleven states that the allegations set forth in Paragraph 25 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary and improperly

incorporate by reference a separate pleading, but that to the extent any response is required, Eleven denies the allegations, except admits that Counterclaimants claim to seek the relief requested in GR's Second Amended Complaint, which Eleven contests, and Eleven incorporates its Answer thereto in response (D.E. 166).

26.     Eleven states that the allegations set forth in Paragraph 26 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary and improperly incorporate by reference a separate pleading, but that to the extent any response is required, Eleven denies the allegations, except admits that Counterclaimants claim to seek the relief requested in Block 17's Counterclaim, which Eleven contests, and Eleven incorporates its Answer thereto in response (D.E. 486).

27.     Eleven states that the allegations set forth in Paragraph 27 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations, including that the relevant services are "experiential travel services."

28.     Eleven states that the allegations set forth in Paragraph 28 of Counterclaimants' Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, and states that its asserted federal registrations for the ELEVEN Marks are incontestable, and thus their validity cannot be challenged as merely descriptive and lacking secondary meaning.  Eleven further states that its federal trademark registrations for the ELEVEN Marks are on the Principal Register, and that the United States Patent and Trademark Office did not require Eleven to provide proof of secondary meaning, meaning that the United States Patent and Trademark Office found the ELEVEN Marks inherently distinctive.  Eleven further states that the ELEVEN Marks are arbitrary, having

no specific meaning when applied to Eleven's services, which dictionary definitions and the testimony of Counterclaimants' own marketing expert confirm. The ELEVEN Marks are not merely descriptive as they do not immediately convey anything about Eleven's hotel services, nor are the ELEVEN Marks weakened by "extensive third-party uses" in the marketplace, as any such third-party uses are wholly distinct from the ELEVEN Marks (e.g., they are in connection with wholly different goods/services, use different marks, are marketed to different consumers, are at vastly different price points and service levels, and/or use "11" to literally identify an actual street address, none of which is true here), and Eleven has successfully enforced its trademark rights against numerous entities using and/or seeking to register "11" or "Eleven"-formative marks.

29.     Eleven states that the allegations set forth in Paragraph 29 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary,  but to the extent any response is required, Eleven denies the allegations, and states that the WEST ELEVENTH and W11 marks are highly similar to the ELEVEN Marks in sight, sound, and meaning, as they focus prominently on "11" and "Eleven," which is not mitigated by Counterclaimants' use of the descriptive terms "West" and/or "Residences," particularly as the WEST ELEVENTH and W11 marks also use stylistically similar logos and fonts as the ELEVEN Marks, and further states that West Eleventh Residences is marketed and advertised as being in "District 11" along with the other Infringing Hotels, which use the infringing E11EVEN mark.

30.     Eleven states that the allegations set forth in Paragraph 30 of Counterclaimants' Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, and states that the Infringing Hotels offer identical, overlapping, and highly related services to those Eleven offers.  For

instance, Eleven offers luxury hotels and vacation homes and Counterclaimants provide luxury hotels, including by marketing the E11EVEN Hotel & Residences property as a "hotel," and offering hotel services and similar short-term accommodations, such as short-term rentals for as little as a single night.  Moreover, E11EVEN Hotel & Residences will have hotel amenities, including a centralized "hotel pool" management system offering nightly rooms, a "resort-style" pool, concierge services, a spa and wellness center, and more; E11EVEN Residences Beyond functions as an extended-stay hotel with 30-day or longer rentals and will provide guests with access to the hotel amenities offered in E11EVEN Hotel & Residences; and stays at West Eleventh Residences will be available via Airbnb (one of the largest hotel booking platforms). Eleven further states that condominiums and hotels are highly related and often come from a single source, including from Counterclaimants' and Eleven's competitors, and luxury hotel brands like Eleven and Counterclaimants routinely operate hotels in both rural and urban destinations (including Miami and rural destinations).  Eleven further denies the allegation that its hotels and homes are "only in remote locations," as Eleven has offered hotels and homes in various locations, including urban locations and popular travel destinations. In addition, Eleven's customers overlap with Counterclaimants', as they include guests from urban locations.  Eleven further states that like other luxury hotel companies, including Counterclaimants' and Eleven's competitors, Eleven offers excursions and/or activities for hotel guests to participate in if they elect to do so.

31.     Eleven states that the allegations set forth in Paragraph 31 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, and states that Eleven and Counterclaimants sell their services to the same luxury travelers, including (but not limited to) high-net worth

individuals and those seeking luxury accommodations, and that Eleven and Counterclaimants'
have both been featured in national publications targeting such consumers.  Eleven further states
that Eleven's rates reflect its high-end offerings, but nightly rates start in the hundreds of dollars,
depending on property, season, and availability, and that rates for the Infringing Hotels are
similar.

      32.     Eleven states that the allegations set forth in Paragraph 32 of the Counterclaims
include conclusions of law as to which no responsive pleading is necessary, but to the extent any
response is required, Eleven denies the allegations, as Eleven's hotel properties and
Counterclaimants' Infringing Hotels have already been marketed, advertised, promoted, and sold
in overlapping marketing channels.  For example, both Eleven's hotels and Counterclaimant's
Infringing Hotels are marketed and sold online and through social media  Both Eleven's hotels
and Counterclaimant's Infringing Hotels have been featured in the same national magazines and
publications, including, without limitation, *Robb Report* and *Haute Living.*  Eleven further states
that West Eleventh Residences will be available for nightly bookings via Airbnb, which has
listed Eleven's properties, and Simkins testified that he intends to have the E11EVEN Hotel &
Residences property listed for booking on American Express Travel, which also lists Eleven's
properties.  Eleven further denies the allegation that Eleven "does not meaningfully rely on
mass-marketing methods at all," or relies on "niche forms of advertising," as Eleven has
extensively promoted its hotels and short-term accommodations in the United States and
internationally, including through hiring marketing and public relations firms for advertising, and
significant investment in advertising efforts, including, without limitation, paid features in well-
known publications and luxury lifestyle magazines (e.g., *Architectural Digest*, *Haute Living*,
*Conde Nast Traveler*).

33.     Eleven states that the allegations set forth in Paragraph 33 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, including that Counterclaimants were not aware of Eleven until this dispute, as Counterclaimants had actual knowledge of Eleven and its registrations before this dispute began, in June 2020, when the USPTO issued a Section 2(d) refusal of GR's trademark applications based on a likelihood of confusion with Eleven's prior registrations.  Counterclaimants thus willfully adopted the Infringing Marks, or at the least, were willfully blind as to Eleven's prior incontestable trademark rights, as Counterclaimants were aware of Eleven's prior incontestable trademark rights before announcing the first Infringing Hotel project in early 2021.  Moreover, Counterclaimants continued to use the Infringing Marks for the Infringing Hotels despite Eleven's cease and desist letter in March 2022, long before any of the Infringing Hotel projects were built, emphasizing that the Infringing Hotels were developed in flagrant disregard of Eleven's prior federal trademark registrations.  Eleven further denies Counterclaimants' allegation that the WEST ELEVENTH/W11 marks were not adopted as trademarks, as the address of the West Eleventh property is 18 NW 11th St., not "West Eleventh" or "W11," because Counterclaimants' use stylized versions of the WEST ELEVENTH and W11 marks to advertise and sell units in West Eleventh Residences, and further, because Counterclaimants conducted a trademark search for the WEST ELEVENTH marks in August 2022, which also disclosed Eleven's federal trademark registrations.

34.     Eleven states that the allegations set forth in Paragraph 34 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, and states that extensive evidence of actual confusion exists, both in the form of anecdotal evidence and survey evidence (including evidence

offered by Counterclaimants' own survey expert).  Eleven further denies that any alleged disclaimers contained within the PSAs demonstrate that Counterclaimants customers have not expressed confusion.

35.     Eleven states that the allegations set forth in Paragraph 35 of the Counterclaims include conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations.

36.     Eleven repeats and incorporates herein its responses to Paragraphs 1–35 of the Counterclaims as set forth above as if repeated here in their entireties.

37.     Eleven states that the allegations set forth in Paragraph 37 of Counterclaimants Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

38.     Eleven states that the allegations set forth in Paragraph 38 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies the allegations.

39.     Eleven repeats and incorporates herein its responses to Paragraphs 1–35 of the Counterclaims as set forth above as if repeated here in their entireties.

40.     Eleven states that the allegations set forth in Paragraph 40 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, as West Eleventh Residences" and "W11" are not being used to describe the "characteristics, nature, and qualities" of West Eleventh Residences or its "geographic origin," and rather that those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street— and to tie West Eleventh Residences to the other Infringing Hotels and E11EVEN

Miami nightclub.

41.     Eleven states that the allegations set forth in Paragraph 41 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Eleven denies the allegations, including the allegation that the WEST ELEVENTH/W11 marks are not used as trademarks.  Eleven further denies that "West Eleventh Residences" and "W11" are not being used for their "plain, ordinary meaning," or under "good-faith bases," as those are coined terms to brand and identify the source of West Eleventh Residences, which has a different address—18 Northwest 11th Street— and to tie West Eleventh Residences to the other Infringing Hotels and E11EVEN Miami nightclub.

42.     Eleven states that the allegations set forth in Paragraph 42 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Eleven denies that Counterclaimants are entitled to any of the relief requested in the Counterclaims and denies that Counterclaimants are entitled to any judgment, monetary relief, or declaratory, injunctive, or other relief.

43.     Eleven denies each and every allegation contained in Counterclaimants' Counterclaims to which it has not heretofore specifically responded.

## ELEVEN'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM, MADE AS TO ALL COUNTERCLAIMS)

Counterclaimants' claims fail, in whole or in part, because Counterclaimants' Counterclaims, and each and every claim stated therein, fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(UNCLEAN HANDS, MADE AS TO ALL COUNTERCLAIMS)**

Counterclaimants' claims fail, in whole or in part, by the doctrine of unclean hands based on Counterclaimants' willful infringement of Eleven's ELEVEN Marks.

**THIRD  DEFENSE**
**(FAILURE TO STATE A CLAIM, MADE AS TO THE THIRD COUNTERCLAIM)**

Counterclaimants' Second Counterclaim fails to state a claim upon which relief can be granted, because Counterclaimants' use of the West Eleventh Marks does not constitute trademark fair use under 15 U.S.C. §1115(b)(4) as the West Eleventh Marks are not used merely descriptively (as opposed to as trademarks) and in good faith to describe the goods and services of West Eleventh Residences.

**FOURTH DEFENSE**
**(PRIORITY, MADE AS TO ALL COUNTERCLAIMS)**

Counterclaimants' claims are barred, in whole or in part, by Eleven's priority of rights with its incontestable federally registered ELEVEN Marks.

**ADDITIONAL DEFENSES**

Eleven reserves the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based upon further investigation and discovery in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Eleven IP Holdings LLC prays that this Court enter judgment in its favor dismissing the Counterclaims in their entirety, with prejudice and granting Eleven IP Holdings LLC such other and further relief as this Court shall deem just and proper, including entering judgment in favor of Eleven IP Holdings LLC, on its Second Amended Counterclaim in its entirety, and awarding Eleven its attorneys fees and costs in connection with this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eleven demands a trial by jury in this action with respect to all issues triable by jury in this matter.

Dated: October 17, 2024

BERGER SINGERMAN LLP

*/s/ Gavin C. Gaukroger*

Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Claudia Ray (admitted *pro hac vice*)
claudia.ray@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Eric Loverro (admitted *pro hac vice*)
eric.loverro@kirkland.com
Justin Taylor (admitted *pro hac vice*)
justin.taylor@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Miranda D. Means (admitted *pro hac vice*)
Miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500

*Attorneys for Eleven IP Holdings, LLC*