**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

GR OPCO, LLC

     *Plaintiff,*

vs.

ELEVEN IP HOLDINGS LLC, GRASSY CREEK
LLC, CS IRWIN LLC, IRWIN BACKCOUNTRY
GUIDES, LLC, ALAN PIKE, and CHAD PIKE

     *Movants.*

     and

ELEVEN IP HOLDINGS LLC

     *Counterclaim Plaintiff,*

vs.

GR OPCO, LLC, 11USA GROUP, LLC, MARC
ROBERTS, DENNIS DEGORI, MICHAEL SIMKINS,
MARC ROBERTS COMPANIES LLC, PROPERTY
MARKETS GROUP, INC., PMG-11TH STREET
VENTURES, LLC, PMG-11TH STREET VENTURES
II, LLC, BLOCK 17 TRUSTEE, LLC, BLOCK 17
RESIDENTIAL OWNER, LLC, and LION
DEVELOPMENT OPPORTUNITY FUND LLC

     *Counterclaim Movants,*

BLOCK 17 TRUSTEE, LLC and BLOCK 17
RESIDENTIAL OWNER, LLC,

     *Counterclaim Plaintiffs,*

vs.

ELEVEN IP HOLDINGS LLC

     *Counterclaim Defendant*

Case No. 1:22-cv-24119-FAM-TORRES

**ELEVEN'S RESPONSE TO PLAINTIFF
AND COUNTERCLAIM-MOVANTS'
LOCAL RULE 56.1(A) AMENDED
STATEMENT OF UNDISPUTED
MATERIAL FACTS (D.E. 483; filed under
seal at D.E. 481) AND ELEVEN'S
STATEMENTS OF ADDITIONAL FACTS**

Pursuant to Rule 56.1(b)(2) of the Local Rules of Civil Procedure of the Southern District of Florida, Defendant/Counterclaim Plaintiff/Counterclaim Defendant Eleven IP Holdings LLC ("EIP") and Movants Grassy Creek LLC ("Grassy Creek"), CS Irwin LLC ("CS Irwin"), Irwin Backcountry Guides, LLC ("IBG"), Alan Pike and Chad Pike (collectively, "Eleven"), by and through their counsel, respectfully submit the following response to Plaintiff/Counterclaim Movants GR Opco, LLC ("GR"), and Counterclaim Movants 11USA Group, LLC ("11USA"), Marc Roberts ("Roberts"), Dennis DeGori ("DeGori"), Michael Simkins ("Simkins"), Marc Roberts Companies LLC ("MRC"), Property Markets Group, Inc. ("PMG Inc."), PMG-11th Street Ventures, LLC ("PMG-I"), PMG-11th Street Ventures II, LLC ("PMG-II," and together with PMG Inc. and PMG-I, "PMG"), Lion Development Opportunity Fund LLC ("Lion"), and Counterclaim Movants/Counterclaim Plaintiffs Block 17 Trustee, LLC ("B17 Trustee") and Block 17 Residential Owner, LLC ("B17 Owner," and together with B17 Trustee, "B17") (collectively, "Movants") Rule 56.1(A) Amended Statement of Undisputed Material Facts[1], D.E. 483/481 (under seal), filed on October 3, 2024, as well as provides Eleven's Statement of Additional Facts.

---

[1] Movants' Amended Statement of Undisputed Facts fails to adhere to the Local Rules, requiring that Statements of Material Fact "[c]onsist of separately numbered paragraphs." L.R. 56.1(b)(1)(B). Under Rule 56.1(d), "if a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate." L.R. 56.1(d). In the interest of accurately responding to Movants' Statement of Undisputed Material Facts, EIP is using their formatting.

| | SUMMARY OF RESPONSE |
|---|---|
| 1 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. |
| 2 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. The registration certificate for the Eleven Logo states that "the mark consists of a stylized number '11' within a diamond shape." D.E. 248 ("EIP SOF") ¶92. |
| 3 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. |
| 4 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence. The trademark applications for ELEVEN Marks (Ser. Nos. 85/466,721, 85/466,719) show that "Alan Pike" signed. EIP SOF ¶92. |
| 5 | Disputed. Unsupported. L.R. 56.1(b)(1)(B). Movants cite no evidence, and have not moved for judicial notice. Ser. No. 85/458,469 shows that "Alan Pike" signed. EIP SOF ¶92. |
| 6 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. Ser. No. 85/458,469 shows that "Alan Pike" signed. EIP SOF ¶92. |
| 7 | Disputed. Unsupported. L.R. 56.1(b)(1)(B). Movants cite no evidence, and have not moved for judicial notice. |
| 8 | Undisputed, but not material to the Motion. L.R. 56.1(a)(1). ███████████████████ ██████████████████████████████████████████████████ EIP SOF ¶ 2. |
| 9 | Disputed. Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). ████████████ ██████████████████████████████████████████████████ ████████████████ D.E. 380-15 at 26:1-27:23, 25:5-25.[2] |
| 10 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). ████████████████████████████ ██████████████████████████ D.E. 380-15 at 30:5-31:5, 35:15-36:2. |
| 11 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). ███████████████████████████████ ██████████████████ D.E. 380-01 at 143:7-8, 143:25-144:4; EIP SOF ¶¶91-93. |
| 12 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Alan Pike signed the applications for Serial Nos. 85289682, 85458461, 85458463, 85458469, 85466719, and 85466721. █████████████ ██████████████████████████████. EIP SOF ¶¶91-93; D.E. 380-15 at 30:5-31:5, 35:15-36:2. |
| 13 | Disputed. Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). Alan Pike signed the applications for Serial Nos. 85289682, 85458461, 85458463, 85458469, 85466719, and 85466721. ███████████████████████████████████████ D.E. 380-01 at 148:24-151:4; EIP SOF ¶¶91-93, 97; D.E. 327 ¶¶3-7; D.E. 380-15 at 30:5-31:5, 35:15-36:2. |
| 14 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). John Ilg, owner and corporate witness for 11th Avenue Hostel testified he did not believe "11th Avenue" was a trademark. When 11th Avenue Corporation purchased 11th Avenue Hostel is irrelevant. L.R. 56.1(a)(1). EIP SOF ¶80. |
| 15 | Disputed. Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). John Ilg testified that he did not know whether 11th Avenue Hostel was listed on the Colorado Register of Historic Properties, and that his parents bought a "hostel." D.E. 380-11 at 26:4-11, 252:6–13, 266:24-25, 271:12-19, 273:2-21, 275:15-16, 305:13-14; D.E. 277-62 at 117:24-118:7. |
| 16 | Disputed. Unsupported.  L.R. 56.1(b)(1)(B). Mr. Ilg testified that his parents purchased a "hostel" when referring to 11th Avenue Hostel, and that he did not believe that "11th Avenue" was a |

[2] Per Local Rule 56.1, citations to exhibits filed in the docket are referred to by their docket entry number. Additional numbered exhibits are to the Declaration of Justin Taylor in Support of EIP's Response to Plaintiff and Counterclaim Movants' Local rule 56.1(a) Amended Statement of Undisputed Material Facts and EIP's Statement of Additional Facts filed concurrently herewith. Capitalized terms not defined herein are defined in EIP's Opposition to the Motion.

| | |
|---|---|
| | trademark. D.E. 380-11 at 26:4-11, 80:19-81:2, 252:6-13, 266:24-25, 271:12-19, 273:2-21, 275:15-16, 305:13-14; D.E. 277-62 at 117:24-118:7; EIP SOF ¶ 80. |
| 17 | Disputed. Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). Movants cite no evidence. John Ilg testified that 11th Avenue Hostel was previously ranking number 150, then moved to the number 1 ranked spot only after 10 years of reviews were deleted on TripAdvisor.com. D.E. 380-11 at 74:23-75:3, 76:24-77:17, 229:1-11, 233:5-8. |
| 18 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2).11th Avenue Hostel stays typically range from $50-$148 per night and are sold to budget travelers. EIP SOF ¶58; D.E. 380-11 at 100:6-9. |
| 19 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). John Ilg testified that 11th Avenue Hostel "caters to budget-minded travelers" and are a "world away" from ultra-luxury hotels/condos that target the wealthy. 11th Avenue Hostel does not have luxury amenities, such as a spa, or even amenities such as a pool. Dennis DeGori, GR's manager and co-founder, and Michael Simkins, GR's 30(b)(6) witness and co-founder, testified that 11th Avenue Hostel caters to different customers. D.E. 380-11at 349:1; Ex. 615 at 102:8-103:13; EIP SOF ¶¶60-61. |
| 20 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). The 11th Avenue Hostel is a hostel, and not a hotel. Whether the 11th Avenue Hostel has guests from Florida has no bearing on any issue in the Motion. L.R. 56.1(a)(1). D.E. 338-26; D.E. 336-17; D.E. 336-18. |
| 21 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). Mr. Ilg testified that Taylor Swift stayed at the hostel "when she was an unknown country singer." The 11th Avenue Hostel is a hostel, and not a hotel. Whether or not Taylor Swift, Nicholas Cage, or Matt Batterson once stayed at the hostel in years past has no bearing on any issue in Movants' Motion.  L.R. 56.1(a)(1). D.E. 380-11 at 26:1-11, 365:19-366:1; D.E. 338-26; D.E. 336-17; D.E. 336-18. |
| 22 | Disputed. Contrary to record evidence; inappropriate legal argument. L.R. 56.1(a)(2). Eleven opened on November 11, 2011, and began taking bookings and receiving guests in 2011. The 11th Avenue Hostel is a hostel, not a hotel. The domain 11thavenutehotel.com redirects to 11thavenuehostel.com. EIP SOF ¶¶ 13-14; D.E. 380-11 at 308:8-13; D.E. 338-26; D.E. 336-17; D.E. 336-18. |
| 23 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). Eleven opened on November 11, 2011, and began taking bookings and receiving guests in 2011. Whether the 11th Avenue Hostel has revenues prior to 2011 has no bearing on the Motion. L.R. 56.1(a)(1); EIP SOF ¶¶ 13-14. |
| 24 | Disputed.  Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.E. 277-62 at 195:16-18; D.E. 380-11 at 203:9-13; EIP SOF ¶¶ 50, 52, 57. |
| 25 | Disputed.  Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.E. 380-24 at 112:6-8; EIP SOF ¶¶ 50, 52, 57. |
| 26 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). The owner of the Eleven Inn testified that he did not own rights to "ELEVEN." The year when SombrasGroup LLC purchased the Eleven Inn  has no bearing on any issue in the Motion. L.R. 56.1(a)(1). EIP SOF ¶ 80. |
| 27 | Disputed. Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). The Eleven Inn is understood as a "motel," not a "lodge," and it does not offer diving, hiking, or horseback riding. D.E. 380-24 at 56:7-23, 155:5-17, 187:20-23. |
| 28 | Undisputed, but not material to the Motion as the number of online reviews the Eleven Inn has received is irrelevant. L.R. 56.1(a)(1). |
| 29 | Undisputed, but not material as the Eleven Inn's yearly revenue is irrelevant. L.R. 56.1(a)(1). |
| 30 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Eleven Inn is a roadside motel for budget travelers, including travelers coming from a nearby interstate. EIP SOF ¶ 58; Ex. 617 at 80:16-81:2. |
| 31 | Disputed. Unsupported; not material. L.R. 56.1(b)(1)(B). The owner of the Eleven Inn testified that someone he thought looked like Kate Hudson stayed at the motel, but he did not know if she was Ms. Hudson, "she wasn't using her name," and by his reasoning, "no one with skin like that lives in West Texas." D.E. 380-24 at 68:7-9. Whether Ms. Hudson stayed at the motel is irrelevant. L.R. 56.1(a)(1). |
| 32 | Disputed. Unsupported; not material. L.R. 56.1(b)(1)(B). This statement is irrelevant. L.R. 56.1(a)(1). D.E. 380-33. |

| 33 | Disputed. Unsupported. L.R. 56.1(b)(1)(B). The PTO searches did not contain 409 references to the use of the word "ELEVEN" alone. D.E. 340-26. |
|---|---|
| 34 | Disputed. Legal conclusion and not a fact. L.R. 56.1(a)(1). |
| 35 | Disputed. Unsupported. L.R. 56.1(b)(1)(B). Declarations by Movants' litigation counsel, Shreya Desai and Davis Brooke Caswell, are not facts in the record. Movants cite no evidence. |
| 36 | Disputed. Unsupported. L.R. 56.1 (b)(1)(B). Eddie Franco and Stan Sneeringer are both fact witnesses and employees of or counsel for Movants and their testimony should not be taken as legal conclusions nor expert testimony. |
| 37 | Disputed. Contrary to record evidence; unsupported.  L.R. 56.1(a)(2), (b)(1)(B). Defendants advertise as a selling point the amenities at the Infringing Hotels, as well as the ability to rent out units at the Infringing Hotels. ██████████████████████████████████████████████████████ ███████████████████████████████████████████████████ SAF ¶¶ 32, 35EIP SOF ¶¶ 25, 27-36, 38-39, 43; D.E. 380-43 at '2112. |
| 38 | Disputed. Unsupported; contrary to record evidence; legal conclusion and not a fact. L.R. 56.1(a)(1), (2), (b)(1)(B). Eleven began taking hotel reservations as early as September 2011, opened on November 11, 2011, and began receiving guests in 2011. ███████████████████████████████████████████████ ███████ EIP SOF ¶¶ 9, 13-14; D.E. 380-02 at 259:9-263:9. |
| 39 | Disputed. Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). Movants' citation provides no support for the statement that Eleven's marketing was "limited."  Eleven has extensively advertised and promoted its offerings through events, sponsorships, word of mouth, travel and real estate agents, online and through social media, and in numerous publications. Eleven has invested ████████ developing, launching, and promoting its brand, and spent almost ████████ on marketing and advertising. D.E. 380-29 at 44:5-46:21; EIP SOF ¶¶4, 18. |
| 40 | Disputed. Unsupported. L.R. 56.1(b)(1)(B). Ryan Shear, who works for PMG, is not an expert witness, and has conducted no empirical research. D.E. 380-20 at 24:16–25:18; 56:14–57:1. |
| 41 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). By at least February 3, 2022, all units in E11EVEN Hotel & Residences reportedly were sold out. As of June 2023, all of the initial units in E11EVEN Residences Beyond were reportedly sold out, which led to an expansion of units in July 2023. The number of units sold at E11EVEN Hotel & Residences, E11EVEN Residences Beyond, and West Eleventh Residences is irrelevant.  L.R. 56.1(a)(1). EIP SOF ¶¶ 25, 31-36. |
| 42 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). The start date of construction of E11EVEN Hotel & Residences, E11EVEN Residences Beyond, and West Eleventh Residences has no bearing on any issue in the Motion. L.R. 56.1(a)(1). EIP SOF ¶¶ 25, 31-36. |
| 43 | Disputed. Unsupported. L.R. 56.1 (b)(1)(B). Movants cite to an outdated financial sheet and ignore that from 2020 to 2022, travel was disrupted due to the COVID pandemic. Movants provide no support for the statement that Eleven's marketing spend was "limited." |
| 44 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Ian Wick testified that Eleven ████████ ████████████████████████████████████████████████ and as a result of that investment, "███████████████████████████████" D.E. 380-29 at 49:11-22. |
| 45 | Disputed.  Contrary to record evidence. L.R. 56.1(a)(2). Ian Wick testified that Eleven ████████ ████████████████████████████████████████████ as a result of that investment, ██████████████████████ D.E. 380-29 at 49:11-22. |
| 46 | Disputed. Unsupported; not material. L.R. 56.1(b)(1)(B). Marc Roberts did not testify that no one said the term "Eleven" during sales. The testimony is hearsay. D.E. 380-18 at 243:13-245:18. |
| 47 | Disputed. Unsupported; not material. L.R. 56.1(b)(1)(B). Internal inspiration for a name or mark is irrelevant. D.E. 380-02 at 57:4-14; D.E. 380-15 at 146:22-149:2. |
| 48 | Disputed. Contrary to record evidence; not material. L.R. 56.1(a)(2). The ELEVEN Marks are protected by several incontestable registrations, making them presumably distinctive. A reference to the use of "Eleven" in another context is irrelevant. L.R. 56.1(a)(1). EIP SOF ¶ 2. |

| 49 | Disputed. Unsupported; not material. L.R. 56.1(b)(1)(B). What matters is the inherent and consumer-facing meaning of the marks, not a company's internal perception. D.E. 380-02 at 62:4-9; D.E. 380-15 at 146:22-149:2. |
|----|----|
| 50 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Contemporaneous record evidence shows that Movants chose "Eleven" or "11" (which became "E11even") as a name because it ███████████████████ ███████" DeGori emailed others at GR saying the nightclub needs to "████████████████ ████████ Roberts stated that the club is "████████████████████████" in reference to women at the club. D.E. 380-31 at '106; D.E. 380-100 at '714-15. |
| 51 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Movants chose "Eleven" or "11" (which became "E11even") as a name because it █████████████████████████████████████████ ████████████████████████████████████████████" D.E. 380-31 at '106. |
| 52 | Disputed. Unsupported.  L.R. 56.1(b)(1)(B). DeGori testified that N9NE Steakhouse in the Palms Casino in Las Vegas was one inspiration for the E11EVEN Mark, in addition to referring to ████████ ███████████████████. D.E. 380-04 at 122:4-123:10; D.E. 380-31 at '106. |
| 53 | Disputed. Unsupported.  L.R. 56.1(b)(1)(B).  Eddie Franco is not an attorney or an expert on what constitutes trademarks or logos. |
| 54 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). "E11EVEN" and "Eleven" sound identical when spoken. Visually, the words "ELEVEN" and "E11EVEN" are virtually identical. D.E. 380-04 at 28:22–29:7; D.E. 380-18 at 33:25–34:7; D.E. 380-19 at 285:24–286:14; D.E. 380-06 at 16:13-16. |
| 55 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). "E11EVEN" and "Eleven" sound identical when spoken. D.E. 380-18 at 33:25-34:7; D.E. 380-04 at 17:4-8; D.E. 380-06 at 15:25-16:16; D.E. 380-21 at 306:10-19, 306:23-307:7; D.E. 380-25 at 65:17-21. |
| 56 | Disputed.  Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). The registered Eleven logo is a stylized "11." D.E. 380-09 at 158:2-5; D.E. 339-08 at '538; D.E. 128-02 at 6. |
| 57 | Disputed.  Contrary to record evidence. L.R. 56.1(a)(2). The registered Eleven logo is a stylized "11." D.E. 380-02 at 84:21-85:3; D.E. 380-15 at 103:2-6; D.E. 128-02 at 6. |
| 58 | Disputed.  Legal conclusion and not a fact; contrary to record evidence. L.R. 56.1(a)(1). "E11EVEN" and "Eleven" sound identical when spoken. Visually, the words "ELEVEN" and "E11EVEN" are virtually identical. D.E. 380-04 at 28:22–29:7; D.E. 380-18 at 33:25–34:7; D.E. 380-19 at 285:24–286:14; D.E. 380-06 at 16:13-16. |
| 59 | Disputed.  Unsupported. L.R. 56.1(b)(1)(B).  Alan Pike did not testify that the E11EVEN Mark differs visually from the ELEVEN Mark in the cited testimony. |
| 60 | Disputed.  Unsupported. L.R. 56.1(b)(1)(B). Kyra Phelps testified that the symbols for Eleven's properties have their own icons but are "always under the Eleven brand." D.E. 380-15 at 81:19-82:6. |
| 61 | Disputed.  Unsupported; contrary to evidence in record.  L.R. 56.1(a)(1), (b)(1)(B). Alan Pike was merely reading what was stated in an Exhibit. Eleven is a renowned and established hotel, accommodations, and travel services group. D.E. 380-01 at 186:13-24; EIP SOF ¶ 1. |
| 62 | Disputed. Eleven clarifies is first and foremost a hotel company. EIP SOF ¶1. |
| 63 | Disputed. Eleven clarifies is first and foremost a hotel company. EIP SOF ¶1. |
| 64 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Eleven is first and foremost a hotel company. EIP SOF ¶1. Eleven's hotel properties are at times advertised in this manner but are hotels that had over ████████. D.E. 380-02 at 333:19-20. |
| 65 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2). Eleven is first and foremost a hotel company. EIP SOF ¶1.  Eleven's hotel properties are at times advertised in this manner but are hotels that had over ████████. D.E. 380-02 at 333:19-20. |
| 66 | Disputed.  Unsupported. L.R. 56.1(b)(1)(B). Chad Pike did not testify that that Eleven's hotels are not mainstream. D.E. 380-35 at '140. |
| 67 | Disputed. Unsupported. L.R. 56.1(b)(1)(B). The statement that Eleven is "like concierge meets guide meets staying at an opulent and staffed private home" is from a third party. Eleven is a hotel company. D.E. 380-45 at '624; EIP SOF ¶ 1; D.E. 380-30 at 408:13-409:3. |
| 68 | Disputed. Eleven is first and foremost a hotel company.  EIP SOF ¶1. |

| 69 | Disputed. Eleven has accommodations in populous areas, including, New York, England, France, and previously Amsterdam and Florida. The location of Eleven's hotels is irrelevant as hotels often are in a variety of locations.  L.R. 56.1(a)(1).  SOF ¶ 21. |
|----|---|
| 70 | Disputed.  Contrary to record evidence. L.R. 56.1(a)(2). Chad Pike testified that there are Eleven properties, such as Eleven Deplar Farm, where a new property was built. D.E. 380-02 at 49:8-11. |
| 71 | Disputed. Guests do not always use all the activities available at Eleven's hotels.  Ex. 618 at 66:23-67:11; Ex. 619 at 230:22-24. |
| 72 | Undisputed. However, Eleven is first and foremost a hotel company, and Eleven has accommodations in populous areas, including, New York, England, France, and previously Amsterdam and Florida. EIP SOF ¶1, 21. |
| 73 | Disputed. Mischaracterization, unsupported. L.R. 56.1(b)(1)(B). Eleven has properties in urban areas, such as Reykjavik, Iceland, and previously, Amsterdam, Netherlands. D.E. 339-08; SOF ¶21. |
| 74 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Not supported by Mr. Pike's testimony as written. D.E. 380-02 at 395:5-396:17. |
| 75 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Ian Wick testified that Eleven Deplar Farm and an Eleven home in Amsterdam had more than three stories and that he did not believe there were Eleven properties with more than fifteen en-suite bedrooms. D.E. 380-30 at 321:22-6, 322:20-323:4. |
| 76 | Disputed. Unsupported. L.R. 56.1(b)(1)(B). Not supported by Mr. Pike's testimony as written. Eleven's hotels have distinct design approaches based on "the cultural aesthetic and architecture of each destination" which is typical in the hotel industry. D.E. 380-119 ¶76; D.E. 380-55. |
| 77 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B). Eleven's guest demographics in 2020 provides that ███████████████████████████████████████████████  D.E. 380-55 at '626. |
| 78 | Disputed.  Contrary to record evidence. L.R. 56.1(a)(2). E11EVEN Hotel & Residences was also announced by Movants Marc Roberts, Dennis DeGori, and Michael Simkins (as "E11EVEN Partners"). EIP SOF ¶ 26. |
| 79 | Disputed.  Contrary to record evidence. L.R. 56.1(a)(2).  GR and PMG-11th Street Ventures also entered ████████████████████████████████████████  D.E. 380-38; D.E. 380-39; D.E. 380-19 at 72:17-20. |
| 80 | Undisputed. |
| 81 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Gino LoPinto's testimony is not about GR's criteria for an E11EVEN Hotel.  Rather, he testified about the E11EVEN nightclub, and certain amenities that E11EVEN Hotel & Residences would have. D.E. 380-14 at 131:21-133:8. |
| 82 | Disputed.  Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). Michael Simkins did not know whether there would only be E11EVEN-branded hotels in cities with major international airports. D.E. 380-22 at 136:4-10, 137:19-138:9. |
| 83 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B). The Infringing Hotels are being constructed in an area called "District 11" in Miami. EIP SOF ¶ 37. |
| 84 | Undisputed. However, Eleven clarifies that E11EVEN Hotel & Residences and E11EVEN Residences Beyond have not completed construction. *See, e.g.*, D.E. 380-22 at 97:5-98:18. |
| 85 | Disputed.  Contrary to record evidence. L.R. 56.1(a)(2). Both E11EVEN Hotel & Residences and E11EVEN Residences Beyond are marketed, sold and advertised as condos and hotels, with "hotel staff."  E11EVEN Hotel & Residences offers a hotel management pool and daily rentals.  E11EVEN Residences Beyond are rented for 30 days or longer, and thus "function as an extended stay hotel." D.E. 380-19 at 95:14-20; D.E. 340-24 at '593; D.E. 250-45. |
| 86 | Disputed.  Not material as a party's subjective belief of what the Infringing Hotels will appear to be once constructed is irrelevant. L.R. 56.1(a)(1). |
| 87 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). E11EVEN Hotel and Residences and E11EVEN Residences Beyond are marketed as hotel properties with "hotel staff." D.E. 250-45. |
| 88 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  E11EVEN Hotel & Residences is marketed and sold as a luxury hotel, and its competitors include ████████████████████████ ████████████████████████████████████, among others. As a luxury hotel (and condominium), it |

|    |    |
|----|----|
|    | offers luxury amenities such as a pool, wellness center, cigar club, a restaurant, and a sports bar. D.E. 380-28 at 262:20-266:19; D.E. 380-63; D.E. 380-112 at '1172-75; D.E. 380-44 at '581. |
| 89 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Record evidence shows that E11EVEN Hotel & Residences and E11EVEN Residences Beyond are marketed as "luxury" hotels and condos. The demographics for purchasers of the properties include ██████████████████████. Units have been priced for up to ████████████. D.E. 380-41 at '815; D.E. 380-115; D.E. 380-114. |
| 90 | Disputed. Unsupported; contrary to record evidence; not material. L.R. 56.1(a)(2), (b)(1)(B). The Infringing Hotels are being built. The parties offer similar services: luxury accommodations and high-end amenities. A party's subjective belief of what the Infringing Hotels will appear to be once constructed is irrelevant. D.E. 277-31 ¶¶99-103; D.E. 380-46 at '603, '629–39; D.E. 380-79 at '5224; D.E. 380-50 at '287; D.E. 380-52 at '835; D.E. 380-119 ¶24 (collecting articles); D.E. 380-27 at 219:7-8 ("luxury hotel rooms"), 241:23–25 ("contemporary and luxury experience"); 238 at 72:13-22 (Eleven is "first and foremost, luxury hotel"), 73:13-20 ("high-end aesthetic"). |
| 91 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Eleven Taylor River Lodge is an award-winning luxury hotel property. D.E. 340-02 at '951; D.E. 340-11; D.E. 340-09 at '838; D.E. 340-10. |
| 92 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Eleven Deplar Farm is an award-winning luxury hotel property that has been featured in prominent publications, including *Robb Report*, *Conde Nast Traveler* and *Vanity Fair*. D.E. 340-01 at'947; D.E. 340-03 at'956; D.E. 341-24. |
| 93 | Undisputed. |
| 94 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B). The document cited does not appear to exist. Eleven offers luxury hotels/homes, and uses the term "luxury" in its marketing materials. EIP SOF ¶¶ 8; D.E. 380-52 at '603, '629–39; D.E. 380-79 at '224; D.E. 380-50 at '287; D.E. 380-53 at '835. |
| 95 | Disputed.  Unintelligible as written; not a factual statement.  L.R. 56.1(a)(1). |
| 96 | Disputed. Not a factual statement.  L.R. 56.1(a)(1). Eleven offers luxury hotels and vacation homes. D.E. 380-121 ¶37-41; EIP SOF ¶¶ 8, 21. |
| 97 | Disputed. Unintelligible as written; not a factual statement.  L.R. 56.1(a)(1). |
| 98 | Disputed. Unintelligible as written; not a factual statement.  L.R. 56.1(a)(1). Eleven offers luxury hotels/homes with amenities like high-end dining and spa services. D.E. 380-55 at '629-34, '639-40. |
| 99 | Disputed.  Unintelligible as written; not a factual statement.  L.R. 56.1(a)(1). |
| 100 | Disputed.  Eleven disputes this statement to the extent that it is unintelligible as written.  Eleven further disputes this as not a statement of material fact.  L.R. 56.1(a)(1). |
| 101 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). ███████████████████████████ ███████████████████████████████████████ D.E. 380-27 at 101:8-13; D.E. 380-75 at 7713; D.E. 380-30 at 166:10-176:25; D.E. 380-22 at 216:2-5, 218:6-22, 221:19-24. |
| 102 | Undisputed.  However, Eleven also has trade channels through online platforms including Airbnb, Mr and Mrs Smith, Booking.com, Expedia, and American Express Travel, as well as airline hotel booking platforms such as United, Qantas, Delta, and Swiss International. SAF ¶ 41. |
| 103 | Undisputed. |
| 104 | Disputed.  Unsupported; contrary to record evidence.  L.R. 56.1(a)(2), (b)(1)(B).  Ian Huschle, Chad Pike, and Ian Wick did not testify that bookings are done through "bespoke" travel agents.  In fact, the only mention of "bespoke travel agents" was made by Movants' counsel to USPTO expert Phillip Hampton. D.E. 380-10 at 36:10-37:2; D.E. 380-30 at 63:24-66:8, 208:15-22; D.E. 380-02 at 66:9-25, 382:20-384:12; D.E. 380-07 at 143:19-25. |
| 105 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Kyra Phelps, Eleven's 30(b)(6) witness, testified that Eleven works with real estate agents in Boca Grande, Florida, including one "█████ ████████████" for Eleven. D.E. 380-17 at 90:16-20. |
| 106 | Undisputed, but not material as Fischer Travel's rates are irrelevant. L.R. 56.1(a)(1). |
| 107 | Undisputed, but not material as the demographics of Atlas 400's members are irrelevant. L.R. 56.1(a)(1). |
| 108 | Undisputed. |
| 109 | Undisputed. |

| 110 | Disputed. Mischaracterization; unsupported. L.R. 56.1(b)(1)(B). "Direct bookings" is not the "second trade channel" for Eleven's properties. |
|---|---|
| 111 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Eleven's services are sold through its website, direct bookings, through agents and real estate brokers, online travel agents, and through platforms like Airbnb, and there is not a majority of repeat customers. D.E. 380-119 at ¶¶ 88-90; D.E. 249-21 at Rog. No. 6; Ex. 616 at 89:25-90:20. |
| 112 | Disputed.  Unsupported; contrary to record evidence. L.R. 56.1(a)(2), (b)(1)(B). There is both survey and anecdotal evidence of confusion. D.E. 251-47 at p. 89, 104; D.E. 380-02 at 233:8-18, 244:3-18; D.E. 380-17 at 54:15-21. |
| 113 | Disputed.  Unsupported; contrary to record evidence.  L.R. 56.1(a)(2), (b)(1)(B).  Eleven's customers come from a variety of sources, and the vast majority are not, and have never been "personal and professional contacts of Chad Pike."  In 2023, there were over ▆▆▆▆▆ unique bookings that were not out of Mr. Pike's contacts. D.E. 380-02 at 333-3-335:6; 64:15-25; 65:3-9. |
| 114 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Eleven's customers come from a variety of sources. In 2023 alone, there were over ▆▆▆▆ unique bookings. D.E. 380-02 at 333-3-335:6; 64:15-25; 65:3-9. |
| 115 | Disputed. Mischaracterization; unsupported.  L.R. 56.1(b)(1)(B). "Online bookings" is not the "third trade channel" for Eleven's properties. |
| 116 | Undisputed.  However, Eleven also has online bookings on American Express Travel, as well as airline hotel booking platforms such as United, Qantas, Delta, and Swiss International. SAF ¶ 41. |
| 117 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2). Movants rely on an estimation of customer demographics from 2020. Eleven's guests have included customers from "all over," and Eleven targets all customers interested in luxury hotel services. D.E. 380-15 at 108:25-109:6. |
| 118 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B). Definition of high net worth is not provided in the documents cited; household net worth is over $1,000,000, not $10,000,000; ultra high net worth is not more than $100,000,000 but is $30,000,000. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ D.E. 380-55; D.E. 341-05; D.E. 341-06. |
| 119 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B). ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Eleven's guests have included customers from "all over." D.E. 380-15 at 108:25-109:6. |
| 120 | Disputed.  Unsupported; not material.  L.R. 56.1(b)(1)(B).  Exhibit 239 does not reflect current metrics for Eleven's Instagram account, as it is from 2019. The male/female metrics for Eleven's social media is irrelevant. L.R. 56.1(a)(1). |
| 121 | Disputed.  Unintelligible as written; not a factual statement.  L.R. 56.1(a)(1). |
| 122 | Disputed.  Incomplete screenshot; Not a factual statement; not material.  L.R. 56.1(a)(1). Employees' subjective belief of the alleged demographics at Eleven's properties is irrelevant. |
| 123 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2).  For example, GR has advertised and marketed the Infringing Hotels directly at the E11EVEN nightclub, and on its website and social media platforms.  Marc Roberts testified that he personally referred people to buy units at the Infringing Hotels.  Additionally, GR directed its "brand ambassadors" to promote and refer customers to buy units at the Infringing Hotels. D.E. 380-18 at 42:20-43:3; D.E. 380-40; D.E. 380-19 at 182:1-184:23; D.E. 380-96; D.E. 340-04; D.E. 339-17; D.E. 339-36. |
| 124 | Undisputed, but not material.  L.R. 56.1(a)(1). |
| 125 | Undisputed, but not material.  L.R. 56.1(a)(1). |
| 126 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Movants have actively planned for the hotel offerings at the Infringing Hotels, including hiring a "▆▆▆▆▆▆▆▆▆▆▆▆▆▆" and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Movants plan to have the Infringing Hotels listed on hotel and short-term rental websites including Airbnb and American Express Travel. EIP SOF ¶29; D.E. 380-23 at 245:13-15; D.E. 338-24. |
| 127 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Movants have actively planned for the hotel offerings at the Infringing Hotels, including hiring a "▆▆▆▆▆▆▆▆▆▆▆▆▆▆" and ▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ The Infringing Hotels are advertised and sold as offering short-term accommodations/hotel rentals. EIP SOF ¶29; D.E. 250-45. |

| | |
|---|---|
| 128 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2). "[B]uyer demographics" for the Infringing Hotels included ' ███████████  ████████████████████████████████  D.E. 380-20 at 187:7-188:4; D.E. 380-41. |
| 129 | Undisputed. |
| 130 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Movants' own documents show that the "buyer demographics" for the Infringing Hotels included ████████████████████████████  ████████████████████████████  The Infringing Hotels are marketed as luxury hotels/condominiums offering luxury amenities, including a sports lounge, spa and wellness center, high end dining, dog-walking, massage or beauty treatments, and valet. D.E. 380-20 at 187:7-188:4; D.E. 380-41; D.E. 380-119 ¶44-46; D.E. 339-38; D.E. 337-05. |
| 131 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Movants' own documents show that the "buyer demographics" for the Infringing Hotels included ████████████████████████████  ███████████████████████████  Marketing has not been limited to customers of the E11EVEN nightclub and has been in national publications, including *Robb Report* and the *Financial Times*. D.E. 380-20 at 187:7-188:4; D.E. 380-41; D.E. 338-19; D.E. 337-20. |
| 132 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Customers for the Infringing Hotels are from ███████████████████████████████████████  ████████  D.E. 380-41; D.E. 380-20 at 187:18-188:4. |
| 133 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Movants' own documents show that the "buyer demographics" for the Infringing Hotels included ████████████████████████  Ryan Shear also testified that the ' ████████████████████████████  " D.E. 380-20 at 184:19-185:4, 187:7-188:4; D.E. 380-41. |
| 134 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2). Customers for the Infringing Hotels are ██  ███████████████  Customers for the Infringing Hotels are described as ' ██████████████ " and Eleven similarly describes its customers as ████████  . D.E. 380-41; D.E. 380-20 at 187:18-188:4; D.E. 380-106; D.E. 380-75. |
| 135 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2). Customers for the Infringing Hotels are from 30-60 years old, earn >$1,000,000 in income, and are seeking second homes and/or home investments.  Customers for the Infringing Hotels are described as "international adventurers" and Eleven similarly describes its customers as adventurous. D.E. 380-41; D.E. 380-20 at 187:18-188:4; D.E. 380-106; D.E. 380-75. |
| 136 | Disputed. Legal conclusion and not a fact.  L.R. 56.1(a)(1). |
| 137 | Disputed. Legal conclusion and not a fact.  L.R. 56.1(a)(1). |
| 138 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Eleven's properties are consistently marketed and advertised as hotel properties, are featured on hotel booking websites, and have been featured on lists of the best hotels in prominent publications.  Eleven also offers vacation home properties, advertised as "Eleven Homes." D.E. 380-119 at ¶36-40.; D.E. 337-03; D.E. 338-32; D.E. 339-07; D.E. 380-78; D.E. 380-77; D.E. 277-26; D.E. 337-08; D.E. 337-09; D.E. 337-10 through D.E. 337-19; D.E. 339-39; D.E. 380-15 at 74:11-15, 75:5-10. |
| 139 | Disputed. Opinion and not a fact; not material. L.R. 56.1(a)(1). The demographics of Bentley and Aston Martin drivers have no bearing on any issue in Movants' Motion. |
| 140 | Disputed. Vague; legal conclusion and not a fact; contrary to record evidence. L.R. 56.1(a)(1), (2). Eleven's guests have included customers from "all over." D.E. 380-15 at 108:25-109:6. |
| 141 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2).  The nightly cost of Eleven's hotel properties varies, including based on season, property, and availability.  As of the 2022-2023 season, ████  ███████████████████████████████████████████  |
| 142 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2). Eleven offers luxury hotels and vacation homes.  The nightly cost of Eleven's hotel properties varies, including based on season, property, and availability.  As of the 2022-2023 season, ███████████████████████████████  ███████████████████████████████████████  EIP SOF ¶ 8; D.E. 380-82. |

| 143 | Disputed.  Mischaracterization; contrary to record evidence.  L.R. 56.1(a)(2). Mischaracterizes by only listing some properties and only winter season (which at Eleven is more expensive).  Eleven offers luxury hotels and vacation homes. As of the 2022-2023 season, ██████████████████████████████████████████ ███████████████████████████████████████  EIP SOF ¶ 8; D.E. 380-82. |
|---|---|
| 144 | Disputed. Unsubstantiated opinion and not a fact.  L.R. 56.1(a)(1). |
| 145 | Disputed. Unsubstantiated opinion and not a fact.  L.R. 56.1(a)(1). |
| 146 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2). Eleven offers luxury hotels and vacation homes.  The nightly cost of Eleven's hotel properties varies, including based on season, property, and availability.  As of the 2022-2023 season, ██████████████████████████████████ EIP SOF ¶ 8; D.E. 380-82. |
| 147 | Disputed. Unsubstantiated opinion and not a fact.  L.R. 56.1(a)(1). |
| 148 | Disputed. Unsubstantiated opinion and not a fact.  L.R. 56.1(a)(1). |
| 149 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Well over 100 condominium units in E11EVEN Hotel & Residences and E11EVEN Residences Beyond have been sold for prices exceeding ██████████████████████████████. West Eleventh Residences includes condominium units priced over ████████████████████████████████████. D.E. 380-18 at 154:14-156:1; D.E. 380-20 at 55:11-15; D.E. 380-86; D.E. 380-115; D.E. 380-114; D.E. 380-113. |
| 150 | Disputed. Unsupported; unsubstantiated opinion and not a fact.  L.R. 56.1(a)(1), (b)(1)(B). Statement refers to consumer sophistication based on different facts in a different case. D.E. 380-13 at 179:22-180:8. |
| 151 | Disputed. Unsupported. Legal conclusion and not a fact.  L.R. 56.1(a)(1); L.R. 56.1(b)(1)(B).  Not supported by the cited deposition testimony. |
| 152 | Disputed. Legal conclusion and not a fact.  L.R. 56.1(a)(1). |
| 153 | Disputed. Unsupported.  L.R. 56.1(b)(1)(B). Ian Huschle testified ████████████████████████ ████████████████████████████████  D.E. 380-10 at 100:16–25. |
| 154 | Disputed. Unsupported.  L.R. 56.1(b)(1)(B). Ian Huschle testified ████████████████████████ ███████████████████████████████████████" Eleven also markets through online platforms including Airbnb, Mr and Mrs Smith, Booking.com, Expedia, and American Express Travel, as well as airline hotel booking platforms such as United, Qantas, Delta, and Swiss International. D.E. 380-10 at 100:16–25;  SAF ¶ 41. |
| 155 | Undisputed. |
| 156 | Undisputed. |
| 157 | Undisputed. |
| 158 | Undisputed.  However, Eleven objects to this statement as not material to Movants' Summary Judgment Motion as Wagstaff's targeted magazines have no bearing on any issue in Movants' Motion.  L.R. 56.1(a)(1). |
| 159 | Undisputed but not material to the Motion.  L.R. 56.1(a)(1). Eleven's public relations also focused on direct marketing in hotel focused magazines, as Movants state in paragraph 158 of their statement of facts.  Also, the type of periodicals that Eleven appeared in  has no bearing on any issue in Movants' Motion. . D.E. 481 at ¶ 158. |
| 160 | Undisputed, but not material to the Motion. L.R. 56.1(a)(1). The components of public relations have no bearing on any issue in Movants' Motion. |
| 161 | Disputed.  Unsupported L.R. 56.1(b)(1)(B).  There is no evidence that the Luxury Travel Fair and PURE are "the two most important" trade shows for Eleven. |
| 162 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2).  The ELEVEN wordmark and logo are prominently featured at Eleven's hotel properties, including on interior and exterior signage. *E.g.*, D.E. 380-10 at 82:17–18 ("There is a lot of signage at Eleven Hotels"), 86:9–12 ("The Eleven Hotel Scarp Ridge Lodge has a lot of Eleven branding"), 94:12–95:17, 305:9–15; D.E. 380-30 at 307:22–308:5 (external signage at Taylor River Lodge); D.E. 380-27 at 165:21–166:4 (referring to "signage in the property"); D.E. 277-25; D.E. 250-07; D.E. 277-26; D.E. 277-27; D.E. 277-28; D.E. 277-29 at |

| | |
|---|---|
| | 386:24-387:24; D.E. 277-30 at -026; D.E. 277-31 at Appx F; D.E. 277-02 at 51:3-12; D.E. 277-23 at 90:8-100:16. |
| 163 | Undisputed. |
| 164 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  GR and its representatives, including Dennis DeGori, Gino LoPinto, Michael Simkins, and Marc Roberts, among others, have actively promoted the E11EVEN Hotel Properties, including in the press.  GR also has promoted and advertised the Infringing Hotels at the E11EVEN nightclub and on GR's website and social media accounts. *See, e.g.*, D.E. 380-92; D.E. 340-12; D.E. 337-01; D.E. 380-98; D.E. 380-99. |
| 165 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Condominium units in Movants' E11EVEN Hotel Properties are also advertised and sold through third-party brokers, among other channels. *See, e.g.*, D.E. 340-16; D.E. 340-17; D.E. 380-118; D.E. 380-116; D.E. 380-19 at 61:18-63-24. |
| 166 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  The Infringing Hotels have been advertised in national publications including *Robb Report* and *Financial Times*. D.E. 338-19; D.E. 337-20. |
| 167 | Undisputed. |
| 168 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  The periodicals cited are distributed nationally.  The Infringing Hotels have been advertised in national publications including the *Robb Report* and *Financial Times*. D.E. 338-19; D.E. 337-20. |
| 169 | Undisputed, but not material to the Motion. L.R. 56.1(a)(1).  Whether Levy targeted real estate brokers for marketing has no bearing on any issue in Movants' Motion. |
| 170 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  The mark E11EVEN was to be used in connection with the E11EVEN nightclub for adult entertainment, nightclub, and cabaret services as of 2013, not "hospitality services." EIP SOF ¶ 43. |
| 171 | Disputed.  Opinion and not a fact. L.R. 56.1(a)(1). |
| 172 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2).  Mr. DeGori did not print or preserve any of the alleged Google searches and said he did not look to see who had applied for trademark registrations before selecting the E11EVEN trademark. D.E. 380-04 at 81:23-82:12. |
| 173 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Mr. LoPinto testified that it was not ordinary practice to print or preserve the results of any of the alleged Google searches, and testified that he was not aware if anyone in the E11EVEN Miami group ever searched for third party uses using the spelling "e-l-e-v-e-n." D.E. 380-14 at 37:24-41:14. |
| 174 | Disputed.  Unsupported. L.R. 56.1(b)(1)(B).  Movants didn't produce any searches and were not providing hotel services in 2014. D.E. 380-04 at 175:1-18 (plans to develop Infringing Hotels began in 2019); D.E. 380-94. |
| 175 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Mr. DeGori testified that the "only things he found at that time" were a restaurant in New York using the word "Eleven" and an unidentified restaurant or nightclub in Toronto using the word "e11even."  Mr. DeGori testified that he had no recollection regarding whether the searches used the term "eleven," And there are no preserved searched. D.E. 380-04 at 159:13-163:22. |
| 176 | Disputed.  Unsupported. L.R. 56.1(b)(1)(B).  Mr. Bierman's alleged trademark search was not preserved nor produced in the litigation and was purportedly limited to the exact term "E11EVEN" not "E-L-E-V-E-N." D.E. 380-25 at 80:9-82:1, 83:19-84:23, 152:7-15. |
| 177 | Disputed.  Unsupported. L.R. 56.1(b)(1)(B).   Disputed.  Mr. Bierman's alleged trademark search was not preserved nor produced in the litigation and was purportedly limited to the exact term "E11EVEN." Given GR's failure to preserve such documents, there is no documentary evidence on this point.  D.E. 380-25 at 80:9-82:1, 83:19-84:23, 152:7-15. |
| 178 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2).  Ser. Nos. 86/206,240 and 86/206,194 are not trademarks owned by GR Opco, LLC. EIP's trademarks were not cited against the application for E11EVEN MIAMI for (Ser. No. 86026194) for nude dancing, adult entertainment, and cabaret performances in Class 41, and the abandoned application for E11EVEN MIAMI (Ser. No. 86026240) for nude dancing, adult entertainment, and cabaret performances in Class 41 and bar and restaurant services in Class 43. GR did not have an application at that time that included hotel services. EIP SOF ¶ 43. |
| 179 | Disputed.  Opinion and not a fact. L.R. 56.1(a)(1). |

| 180 | Disputed.  Unsupported; contrary to record evidence.  L.R. 56.1(a)(2), (b)(1)(B).  Movants did not produce nor preserve the search they cite to.  Mr. Sneeringer instructed a paralegal to conduct a knockout search for exact matches for the term "E11EVEN" in 2016.  Mr. Sneeringer was unaware of any additional searches that did not seek an exact match for the term "E11EVEN." Given GR's failure to preserve such documents, there is no documentary evidence on this point. D.E. 380-25 at 80:9-82:1, 83:19-84:23, 152:7-15. |
|---|---|
| 181 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  The exact word match search conducted by Mr. Sneeringer's paralegal in 2016 allegedly identified two other marks spelled "E-1-1-E-V-E-N," but the search was not preserved or produced.  Given GR's failure to preserve such documents, there is no documentary evidence on this point. D.E. 380-25 at 184:3-9. |
| 182 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Movants cite no documentary evidence to support this statement.  Movants' expert, Meryl Herskowitz testified that she was aware of a reexamination proceeding for the trademark application for E11EVEN but did not review it and that the examining attorney issued an Office Action against the E11EVEN Mark, wherein she "cited a variety of Eleven's formative marks" in saying there was a likelihood of confusion. D.E. 380-08 at 145:1-149:22. |
| 183 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Dennis DeGori testified that he performed Google searches and "had no recollection" of whether Eleven appeared in those searches, and those searches were not preserved. D.E. 380-04 at 169:9-170:13. |
| 184 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Mr. Bierman's alleged trademark search was not produced nor preserved in the litigation and was purportedly limited to the exact term "E11EVEN." Stan Sneeringer did not testify to identifying "five E11EVEN marks being used but not Movants or their ELEVEN Properties."  Sneeringer only testified that "there's only four or five registered marks ever having E-1-1-E-V-E-N. So I think even if it hadn't been exactly the same class, they would have notified me." Given GR's failure to preserve such documents, there is no documentary evidence on this point. D.E. 380-25 at 188:6-10, 80:9-82:1, 83:19-84:23, 152:7-15 |
| 185 | Disputed.  Unintelligible as written; opinion and not a fact. L.R. 56.1(a)(1). |
| 186 | Disputed.  Unintelligible as written; opinion and not a fact. L.R. 56.1(a)(1). |
| 187 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Plans to develop Infringing Hotels began in 2019. D.E. 380-04 at 175:1-18; D.E. 380-94. Any hotel-related activities prior to then were de minimis and consisted of bookings or events at third-party, non-ELEVEN-branded hotels. Ex. 614 at 108:13-109:23. |
| 188 | Disputed.  Unsupported; contrary to record evidence.  L.R. 56.1(a)(2), (b)(1)(B).   Mr. Shear testified ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ D.E. 380-19 at 27:16-28:4, 29:3-8; D.E. 380-18 at 35:15 – 36:13; D.E. 380-04 at 175:1-18; D.E. 380-94. |
| 189 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Eleven learned of Movants' planned use of the Infringing Hotels in early 2022, and sent GR a cease-and-desist letter in March 2022.  EIP SOF ¶ 46. |
| 190 | Disputed.  Unsupported; not material.  L.R. 56.1(a)(1), (b)(1)(B).  Jenny Jeffery did not testify that she had never heard of E11EVEN. Ms. Jeffery ██████████████████████████, and the Infringing Hotels were not announced until years later (in 2021). . |
| 191 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Ms. Phelps testified that she was aware of actual confusion. D.E. 380-15 195:20-196:17. |
| 192 | Undisputed. However, Eleven clarifies that Kyra Phelps testified to this, and not Chad Pike. |
| 193 | Undisputed. |
| 194 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Mr. Pike was asked by Movants' counsel "Who would that be in management?", regarding who is in management and sales for Eleven.  And Mr. Pike answered that upper management included ██████████████████ Eleven employees have reported instances of actual confusion. D.E. 380-02 at 243:24-244:18; D.E. 380-15 at 195:20-196:3. |
| 195 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Mr. Pike did not testify that ██████ ██████████████████████████████████████████ D.E. 380-02 at 243:24-244:18. |

| 196 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Mr. Pike did not testify that S█████ ███████████████████████████████████████████████████ D.E. 380-02 at 243:24–244:18. |
| --- | --- |
| 197 | Undisputed, but not material to the motion as whether the E11EVEN Marks' use in connection with nightclubs has no bearing on any issue in Movants' Motion.  L.R. 56.1(a)(1). |
| 198 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Mr. Hampton never opined that testimony from Chad Pike, Sarah Stoll, and Ian Wick did not provide any basis to suggest actual confusion.  Mr. Hampton testified at deposition that "he skimmed through" their depositions and sitting at his deposition he "cannot specifically state there was anything having to do with actual confusion[.]" D.E. 380-07 at 70:17-71:14, 72:20-73:6. |
| 199 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Dennis DeGori testified he just said he "spoke to marketing "spoke to my partners" "spoken to hotel agents" without specifying who, how many, and what his investigation entailed.  Eddie Franco's search was limited to "Some blogs" and Mr. Franco admitted that he had his subordinate only search for "eleven experience."  There are no email records of any of these inquiries. D.E. 380-03 at 137:13-139:10; Ex. 614 at 250:7-13. |
| 200 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Eleven's expert, Mr. Franklyn, conducted two surveys testing different representative examples of Movants' use of the Infringing Marks.  These surveys show a "net forward confusion rate of 23.98% and a net reverse confusion rate of 37.25%."  The survey conducted by Movants' own expert, Brian Sowers, also shows evidence of confusion. Mr. Sowers found a net forward confusion rate of 7.2% as to E11even Hotel & Residences and E11even Residences Beyond) and 7.1% (as to West Eleventh Residences). Mr. Sowers' methodology contained certain flaws. Once the flaws in Sowers' Opening Surveys (particularly Sowers' biased control) were corrected by Mr. Franklyn (as described in Mr. Franklyn's Rebuttal Report and rebuttal surveys thereto) the net rates of confusion were 21.2% (as to E11EVEN Hotel & Residences and E11EVEN Residences Beyond) and 13.1% (as to West Eleventh Residences). D.E. 380-26 at 92:9-14; D.E. 251-47  at p. 89; D.E. 341-02 at § III, IV. |
| 201 | Undisputed. However, Eleven states that there has been evidence of confusion. Eleven has been approached by real estate agents, travel agents who believed Eleven was affiliated with the Infringing Hotels, and by potential customers who have asked if Eleven is related to the Infringing Hotels.  D.E. 380-02 at, 243:17–244:9, 245:12–245:25, 246:24–247:9; D.E. 380-30 at 313:4–314:15; D.E. 380-15 at 195:20–196:3, 197:13–198:21. |
| 202 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B). Movants have not actually searched to determine whether any consumers have inquired about Eleven. For instance, Eddie Franco testified that he didn't search for "Eleven," but rather only searched for "Eleven Experiences," which is not Eleven's name. D.E. 380-05 at 349:6-8. |
| 203 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B). Movants have not actually searched to determine whether any consumers have inquired about Eleven. For instance, Eddie Franco testified that he didn't search for "Eleven," just "Eleven Experiences" D.E. 380-05 at 349:6-8. |
| 204 | Disputed.  Unsupported.  L.R. 56.1(b)(1)(B).  Mr. Franco testified that GR Opco has never used Tams, nor have any marketing agencies searched for instances of actual confusion. D.E. 380-05 at 368:5-14. |
| 205 | Undisputed.  However, Eleven states that there has been evidence of confusion. ████████████ ███████████████████████████████████████████████████████ D.E. 380-02 at  243:17–244:9, 245:12–245:25, 246:24–247:9; D.E. 380-30 at 313:4–314:15; D.E. 380-15 at 195:20–196:3, 197:13–198:21. |
| 206 | Undisputed.  However, Eleven states that there has been evidence of confusion. ████████████ ███████████████████████████████████████████████████████. D.E. 380-02 at  243:17–244:9, 245:12–245:25, 246:24–247:9; D.E. 380-30 at 313:4–314:15; D.E. 380-15 at 195:20–196:3, 197:13–198:21. |
| 207 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2).  Despite significant methodological flaws, Mr. Sowers found that the test confusion rate of 53.7% and a net forward confusion rate of 7.2% (as to E11even Hotel & Residences and E11even Residences Beyond) and a test confusion rate of 52.1% |

| | |
|---|---|
| | and a net forward confusion rate of 7.1% (as to West Eleventh Residences). Once the flaws in Sowers' Opening Surveys (particularly Sowers' biased control) were corrected by Mr. Franklyn (as described in Mr. Franklyn's Rebuttal Report and rebuttal surveys thereto) the net rates of confusion were 21.2% (as to E11EVEN Hotel & Residences and E11EVEN Residences Beyond) and 13.1% (as to West Eleventh Residences). D.E. 380-26 at 92:9-14; D.E. 341-02 at § III, IV. |
| 208 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Despite significant methodological flaws, Mr. Sowers found that the test confusion rate of 53.7% and a net forward confusion rate of 7.2% (as to E11even Hotel & Residences and E11even Residences Beyond) and a test confusion rate of 52.1% and a net forward confusion rate of 7.1% (as to West Eleventh Residences). Once the flaws in Sowers' Opening Surveys (particularly Sowers' biased control) were corrected by Mr. Franklyn (as described in Mr. Franklyn's Rebuttal Report and rebuttal surveys thereto) the net rates of confusion were 21.2% (as to E11EVEN Hotel & Residences and E11EVEN Residences Beyond) and 13.1% (as to West Eleventh Residences). D.E. 380-26 at 92:9-14; D.E. 341-02 at § III, IV. |
| 209 | Undisputed. |
| 210 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). ████████████████████████████████████████████ ████████████████████████████████████ 11USA has marketed, promoted, and advertised the Infringing Hotels and is a licensee of the E11even mark, including in connection with the Infringing Hotels. D.E. 380-93 at '240; D.E. 380-06 at 38:3-8; D.E. 380-05 at 336:18-22; D.E. 380-04 at 16:14-16, 39:2-11, 69:22-24, 96:6-25; D.E. 380-85; D.E. 380-96. |
| 211 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Mr. Keon's report opines on all Movants, including 11USA. D.E. 380-119 ¶5. |
| 212 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. |
| 213 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. |
| 214 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. |
| 215 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. |
| 216 | Disputed. Unsupported. L.R. 56.1(b)(1)((B). Movants cite no evidence, and have not moved for judicial notice. |
| 217 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). West Eleventh Residences is connected to E11EVEN through its common ownership through Marc Roberts, Michael Simkins, and other Movants, has been referred to as "Tower 3" of the Infringing Hotels, is located on the same street as the other two towers, and is part of "District 11" along with the other two towers and the E11EVEN nightclub. E11EVEN Hotel & Residences, E11EVEN Residences Beyond, and West Eleventh Residences, are all across the street from the E11EVEN club and are promoted, advertised, and marketed as being part of "District 11," a term coined by Defendant Marc Roberts for the "entertainment district" in which the E11EVEN club is located. D.E. 380-42; D.E. 380-20 at 87:7-88:5, SOF ¶¶ 37, 41. Marc Roberts stated he and his partners refer to this area as "District E11even." Ex.603; D.E. 250-50; Ex. 581. |
| 218 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). West Eleventh Residences' collaboration with Airbnb and ability to place units on Airbnb 365 days per year is a central feature in advertising for West Eleventh. EIP SOF ¶¶ 27, 28, 38, 39; D.E. 338-24 at '996. |
| 219 | Disputed. Eleven disputes this statement as directly refuted by undisputed facts in the evidentiary record. L.R. 56.1(a)(2). Block 17's own expert, Erich Joachimsthaler testified that "West Eleventh Residences" does not literally convey the address of the property. SOF ¶ 141. |
| 220 | Disputed. Contrary to record evidence. L.R. 56.1(a)(2). Block 17's own expert, Erich Joachimsthaler testified that "West Eleventh Residences" does not literally convey the address of the property, such that the name "West Eleventh Residences" is "suggestive." B17 also conducted a trademark search. SOF ¶¶ 141, 142, 136-137. |
| 221 | Undisputed that Movants have not produced a written license agreement for the E11EVEN mark which licenses that mark to B17. However, West Eleventh Residences is connected to E11EVEN |

| | |
|---|---|
| | through its common ownership through Marc Roberts, Michael Simkins, and other Movants, has been referred to as "tower 3" of the Infringing Hotels, is located across the street from the other two towers, and is part of "District 11" along with the other two towers and the E11EVEN nightclub. E11EVEN Hotel & Residences, E11EVEN Residences Beyond, and West Eleventh Residences, are all across the street from the E11EVEN club and are promoted, advertised, and marketed as being part of "District 11," a term coined by Defendant Marc Roberts for the "entertainment district" in which the E11EVEN club is located. D.E. 380-42; D.E. 380-20 at 87:7-88:5; SOF ¶¶ 37, 41. |
| 222 | Undisputed, but not material to the motion as B17's license agreements with PMG, LD, and MRC have no bearing on any issue in Movants' Motion.  L.R. 56.1(a)(1). |
| 223 | Undisputed. |
| 224 | Undisputed. However, Eleven clarifies that this pricing is specifically for the purchase of condo units, which will be also be available for nightly rates on Airbnb.  D.E. 338-24 at '998. |
| 225 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  West Eleventh Residences' collaboration with Airbnb and ability to place units on Airbnb 365 days per year is a central feature in advertising for West Eleventh, including featuring prominently on the website. EIP SOF ¶¶ 27, 28, 38, 39; D.E. 338-24 at '996. |
| 226 | Disputed.  Contrary to record evidence.  L.R. 56.1(a)(2).  Kyra Phelps testified about actual confusion between West Eleventh Residences and Eleven. ███████████████████████████ ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████. Further, Eleven's expert, Mr. Franklyn, conducted two opening surveys testing different representative examples of Movants' use of the Infringing Marks.  These surveys show a "net forward confusion rate of 23.98% and a net reverse confusion rate of 37.25%."  What's more, the survey conducted by Movants' own expert, Brian Sowers, also shows evidence of confusion. Mr. Sowers found a net forward confusion rate of 7.1% as to West Eleventh Residences. Mr. Sower's methodology contained certain flaws. Once the methodological flaws in Sowers' opening surveys were corrected by Mr. Franklyn (as discussed in Franklyn's rebuttal report and Franklyn's two rebuttal surveys thereto), the net confusion rate is 13.1% for West Eleventh Residences. D.E. 380-02 at 243:17–244:9, 245:12–245:25, 246:24–247:9; D.E. 380-30 at 313:4–314:15; D.E. 380-15 at 195:20–196:3, 197:13–198:21; D.E. 380-26 at 92:9-14; D.E. 251-47 at p. 89; D.E. 341-02 at § III, IV. |
| 227 | Disputed. Contrary to record evidence.  L.R. 56.1(a)(2).  Eleven's expert, Mr. Franklyn, conducted two opening surveys testing different representative examples of Movants' use of the Infringing Marks.  These surveys show a "net forward confusion rate of 23.98% and a net reverse confusion rate of 37.25%."  What's more, the survey conducted by Movants' own expert, Brian Sowers, also shows evidence of confusion. Mr. Sowers found a net forward confusion rate of 7.1% as to West Eleventh Residences. Mr. Sower's methodology contained certain flaws. Once the methodological flaws in Sowers' opening surveys were corrected by Mr. Franklyn (as discussed in Franklyn's rebuttal report and Franklyn's two rebuttal surveys thereto), the net confusion rate is 13.1% for West Eleventh Residences. D.E. 380-26 at 92:9-14; D.E. 251-47 at p. 89; D.E. 341-02 at § III, IV. |
| 228 | Undisputed.  However, Eleven objects to this statement as not material to Movants' Summary Judgment Motion as whether or not Eleven has been referred to as "West Eleven" or "East Eleven" has no bearing on any issue in Movants' Motion.  L.R. 56.1(a)(1). |

**STATEMENT OF ADDITIONAL FACTS**

| | SUMMARY OF EVIDENCE |
|---|---|
| 1 | The relevant trademark filings Alan Pike ("A. Pike") was involved in were submitted more than a decade ago. GR's counsel did not give A. Pike the complete filings during his deposition nor asked him if he signed the declarations at issue. Yet, counsel showed him 14 other documents—including agreements—and asked whether he recognized his signature on those documents. D.E. 380-01 at 150:11-22, 151:1-4, 289:17-301:23; D.E. 327 ("Pike Decl.") ¶¶8-20. |
| 2 | As a manager of EIP, A. Pike routinely signed documents, including on trademark issues, for EIP. It was his practice to review these materials before signing. Kyra Phelps testified she had ███████████ ████████ D.E. 380-15 at 30:1-11, 19:21-24, 29:14-30:11, 30:31-31:5, 33:16-19, 45:13-46:7; Pike Decl. ¶¶1-4; D.E. 331 ("Bell Decl.") ¶¶3-8. |
| 3 | A. Pike was provided with the trademark applications by EIP's attorneys to review prior to signing, and he signed the declarations. Pike Decl. ¶¶5-7, 14-20; Bell Decl. ¶¶5-10. |
| 4 | Many luxury hotel brands—███████████████████████████████████████████████████████— provide both hotel and residential properties. D.E. 380-28 at 262:20-266:19; D.E. 380-63; D.E. 380-112 at 1172-75; D.E. 380-44 at '581; D.E. 380-119 ¶84. |
| 5 | The Alleged Predecessors do not cater to the high-net worth, which are not "typical" for Eleven Inn; 11th Avenue Hostel serves the "budget-minded." D.E. 380-11 at 349:1-6; D.E. 380-24 at 86:15-23. |
| 6 | 11th Avenue Hostel is called "11th Avenue Hostel." Its prior use of "hotel" was limited; 11thavenutehotel.com redirected to 11thavenuehostel.com. 11th Avenue Hostel wanted to "distance ourselves from the perception of what a hotel is" and did not want consumers to "be disappointed when they get here." D.E. 380-11 at 66:9-67:19, 82:24-84:16, 202:8-17, 308:8-13. |
| 7 | The 11th Avenue Hostel never had "ELEVENTH" in its naming. D.E. 380-11 at 82:21-23. |
| 9 | Crested Butte, CO is about 4.5 hours from Denver, CO, via car; Crested Butte and Denver are serviced by different airports. D.E. 277-16 at 91:7-10; Ex. 233D.E. 380-10 at 66:9-67:19. |
| 10 | ████████████████████████████████████████████████████████████████████████ ██████████████████████████████. D.E. 277-36 at 273–305; D.E. 380-64; D.E. 380-65; D.E. 380-68; D.E. 380-73; D.E. 380-71; D.E. 380-02 at 61:1-19; D.E. 380-10 at 264:13-18. |
| 11 | Eleven has advertised nationally for over a decade, including through paid publications, luxury lifestyle magazines, social media, public sponsorship of events and athletes, and branded merchandise. D.E. 277-32-35;; D.E. 277-36 at 298, 301–04; D.E. 339-44; D.E. 250-23-25; D.E. 339-20; D.E. 249-14; D.E. 380-58; D.E. 380-76 at 880–881; D.E. 380-70; D.E. 380-74; D.E. 380-57; D.E. 380-67; D.E. 380-62; D.E. 380-66; D.E. 380-61; D.E. 380-68; D.E. 337-07; D.E. 380-69; D.E. 339-27; D.E. 339-28; D.E. 339-29; D.E. 380-16 at 51:3–12; D.E. 277-23 at 90:8–100:16. |
| 12 | Eleven has tens of thousands of followers across major social media platforms. D.E. 277-36 at 298, 301–04; D.E. 339-44; D.E. 250-23; D.E. 250-24; D.E. 250-25; D.E. 339-20; D.E. 249-14. |
| 13 | Eleven's Website has extensive web traffic since it launched on November 11, 2011. Over time, the traffic has grown. ████████████████████████████████████. D.E. 277-31 ¶ 70; D.E. 380-81. |
| 14 | Eleven's sales have consistently increased since 2011; in 2023, alone, Eleven had about ████████ ████████████. D.E. 277-18; D.E. 277-19; D.E. 277-20; D.E. 380-02 at 333:19-20; D.E. 277-31 ¶¶ 82-83. |
| 15 | Since 2011, Eleven has received substantial press coverage, including features in hundreds of articles, including in widely read national media like *Robb Report*, *The Wall Street Journal*, *The Huffington Post*, *USA Today*, and many more. SOF ¶ 20; D.E. 380-59; D.E. 339-45; D.E. 341-10; D.E. 380-72. |
| 16 | Eleven has received many awards, *e.g.*, from *Conde Nast Traveler* and *Robb Report*. D.E. 340-05; D.E. 339-31; D.E. 338-23; D.E. 338-22. |
| 17 | Eleven has 13 luxury hotels and 6 vacations homes in the U.S. and abroad, which include a mix of locations. SOF ¶ 21; D.E. 380-15 at 85:8-21; D.E. 380-30 at 35:6–18. |
| 18 | Eleven, like ████████████████████████████████████████████████████████████████. D.E. 380-30 at 297:13-298:7, 368:8-369:4; SOF ¶18. |

| | |
|---|---|
| 19 | Before adopting its ELEVEN Marks, Eleven conducted a full trademark clearance. ███████████████ ██████████████████ D.E. 277-83, D.E. 277-84 at '252; D.E. 380-33. |
| 20 | ████████████████████████████ D.E. 380-04 at 28:22–29:7; D.E. 380-18 at 33:25–34:7; D.E. 380-19 at 285:24–286:14; D.E. 380-06 at 16:13-16. |
| 21 | "E11EVEN" is the most prominent aspect of Movants' E11EVEN Hotel & Residences and E11EVEN Residents Beyond marks. D.E. 277-31 ¶98; D.E. 252-10 at 5; D.E. 252-11 at 5; D.E. 339-34. |
| 22 | Movants include the number "11" in the E11EVEN logo and in the West Eleventh logo; Eleven also includes the number "11" in its logo. D.E. 277-31 ¶98; D.E. 252-10 at 5; D.E. 252-11 at 5; D.E. 339-34; EIP SOF ¶¶1, 118; D.E. 128-02 at 6; D.E. 380-09 at 158:2-5. |
| 23 | The parties use sanserif font, all capital letters, and black/white coloring, and logs prominently featuring eleven/11. D.E. 339-36; D.E. 341-14; D.E. 339-08 at '238; D.E. 252-01; D.E. 277-31 ¶100. |
| 24 | GR chose "E11EVEN" because "we strive to make everything that we do on a scale of 1 to 10 an 11." D.E. 336-11; D.E. 380-03 at 109:2-24; D.E. 380-14 at 93:4-8, 93:14-19, 94:22-9; D.E. 336-04; D.E. 380-36 at '993; D.E. 380-37 at '413. |
| 25 | After this litigation was filed, on February 15, 2023, West Eleventh was announced; and is often referred to as the "third tower," or "tower 3" both internally and in media coverage. EIP SOF ¶37; D.E. 277-51 at 251:52; D.E. 250-48; D.E. 250-49; D.E. 380-42; D.E. 380-20 at 87:7-88:5. |
| 26 | West Eleventh's close ties and proximity with the "first tower, E11EVEN Hotel & Residences" and "second tower, E11EVEN Residences Beyond," make it likely that consumers will view the name West Eleventh as an extension of the E11EVEN brand. D.E. 277-31 ¶¶18, 65; EIP SOF ¶¶37, 41. |
| 27 | Eleven's upscale hotel properties offer the comforts and amenities of five-star hotels. EIP SOF ¶8. |
| 28 | As is common at luxury hotels, Eleven offers guests a range of luxury amenities and experiences, which they can book if desired. D.E. 380-48; D.E. 380-47; D.E. 380-51; D.E. 380-52; D.E. 380-54. |
| 29 | Eleven offers high-end amenities and luxury services that feature, for example, fine-dining, wellness spas, personalized experiences, interior designs with exceptional views, and more (*e.g.*, saltwater pools, hot tubs, saunas, steam rooms, Isopod flotation tanks, helipads). D.E. 380-55 at '603, '629–39; D.E. 380-79; D.E. 380-50 at '87; D.E. 380-53 at '35; D.E. 380-119 ¶¶48-49, 63-65; D.E. 339-10; D.E. 380-47 at '32; D.E. 380-80 at '80; D.E. 380-49 at '53; D.E. 380-50 at '87; D.E. 380-51; D.E. 338-31; D.E. 338-32; D.E. 339-27; D.E. 340-08; D.E. 340-07. |
| 30 | Eleven's marketing materials and press reflect Eleven's luxury hotel and vacation home offerings. D.E. 380-55 at '603, '629-39; D.E. 380-79; D.E. 380-50 at '87; D.E. 380-53 at '35; D.E. 380-119 ¶24; D.E. 380-27 at 219:7-8, 241:23-25; D.E. 380-15 at 72:13-22 (Eleven is "first and foremost, luxury hotel"), 73:13-20; D.E. 338-27 ("five star Airbnb"); D.E. 338-29 ("where luxury travelers are going"); D.E. 340-06; D.E. 340-18 at '177. |
| 31 | Nightly rates at Eleven's hotel properties range from ████████████████████████. D.E. 380-30 at 166:10-176:25; D.E. 339-21; D.E. 380-82. |
| 32 | The Infringing Hotels are marketed as "luxury" and/or "5-star" properties. D.E. 380-83 at 2694, 2708; D.E. 340-22 at 8879; D.E. 340-20 at 2489, 2492, 2497; D.E. 380-111 at 1225; D.E. 380-23 at 49:7-12, 239:9–11; D.E. 380-14 at 110:16-19, 125:6-14; D.E. 277-49; D.E. 336-09. |
| 33 | The Infringing Hotels are marketed as featuring fine-dining, spa and wellness centers, personalized experiences that are described as "exclusive, personal and self-curated way of being," design focused interiors with exceptional views, and more (*e.g.*, pools, sauna, and steam room). D.E. 338-30 at '4002-4004; D.E. 250-44; D.E. 339-42; D.E. 339-40; D.E. 339-41 at'545-550; D.E. 380-23 at 49:2-3; D.E. 380-14 at 125:6-14, 132:12–21; D.E. 380-20 at 49:11-13, 52:18-19; D.E. 380-23 at 280:7-10; D.E. 339-42; D.E. 337-04; D.E. 252-01; D.E. 250-37; D.E. 340-22 at 879; D.E. 340-19 at '948-949; D.E. 340-13; D.E. 380-108. |
| 34 | Units in the Infringing Hotels are sold at a premium price; hundreds sold at ████████████████ ████████████████████. D.E. 380-86; D.E. 380-115; D.E. 380-114; D.E. 380-113; D.E. 338-25 at '123; D.E. 252-01. |
| 35 | The Infringing Hotels are advertised as "hotels" and/or short term rentals, which function as hotels. D.E. 339-38 at '721; D.E. 337-05 at '159; D.E. 250-45; EIP SOF ¶29; D.E. 250-45. |

2

| 36 | Unit owners in E11even Hotel & Residences will have the ability to place their units in a "hotel pool" managed by a luxury hotel management group. D.E. 380-04 at 247:8–248:3; D.E. 380-107 at '067; D.E. 380-109; D.E. 277-101; D.E. 338-33 at '90-93. |
|---|---|
| 37 | West Eleventh is marketed specifically as "the first centrally managed luxury condo brand to grant owners the option to host 365 days on Airbnb." D.E. 338-24 at '996; *see also* D.E. 380-19 at 165:3-19. |
| 38 | Airbnb is used by many hotel brands, to sell hotel stays. Airbnb specifically allows customers to search for "hotel" stays. D.E. 339-24; D.E. 339-26; D.E. 380-119 ¶35. |
| 39 | Many well-known brands offer both hotels and residences under the same name, *e.g.*, Four Seasons, Ritz-Carlton, Aman, and more. D.E. 380-119 ¶¶84-86; D.E. 380-28 at 254:18–264:11; D.E. 338-34; D.E. 339-25; D.E. 338-36; D.E. 339-01; D.E. 380-119. |
| 40 | Dr. Humphreys testified, "[f]rom a brand confusion perspective . . . [the likelihood of confusion for hotel service versus the sale of real estate] [i]s not a meaningful distinction." D.E. 380-09 at 197:6-12. |
| 41 | Eleven offers its hotel accommodations through its website, direct bookings, traditional travel agents, online travel agents, and online platforms including Airbnb, Mr and Mrs Smith, Booking.com, Expedia, and American Express Travel, as well as airline hotel booking platforms such as United, Qantas, Delta, and Swiss International. D.E. 380-119 ¶¶88-90; D.E. 249-21, Rog. No. 6; D.E. 341-08; D.E. 337-02; D.E. 341-07; D.E. 380.30.at 60:17–61:5; D.E. 380-10 at 35:8–36:9, 324:2–23; D.E. 337-08; D.E. 337-09; D.E. 337-10 through D.E. 337-19. |
| 42 | ███████████████████████████████████████████████████████████ ███████████████████████████████████████ D.E. 380-17. |
| 43 | Movants promote and advertise the Infringing Hotels through their websites, sales center, third party brokers (including websites), and via direct sales. D.E. 380-19 at 61:19-63:24, 182:1-184:23; D.E. 380-18 at 42:20-43:3; D.E. 380-40. |
| 44 | Movants offer their condominium units for sale directly through PMG and also through the use of third-party real estate brokers. D.E. 340-16; D.E. 340-17; D.E. 380-118; D.E. 380-116. |
| 45 | Marc Roberts has personally sold units to friends, family, influencers, and celebrities. D.E. 380-18 at 41:19–42:7, 56:20-57:25; D.E. 380-95. |
| 46 | Customers will be able to book hotel stays at the Infringing Hotels through Movants' website, phone lines, and third-parties. D.E. 380-23 at 245:15–13; D.E. 252-01. |
| 47 | ███████████████████████████████████████████████████████████ ████████████ D.E. 380-02 at 62:19-25; D.E. 380-27 at 101:8–13; D.E. 380-89; D.E. 380-103 at 9530-9535; D.E. 380-22 at 216:15-218:22. |
| 48 | ███████████████████████████████████████████████████████████ ████████ D.E. 380-75 at 7713; D.E. 380-30 at 166:10–176:25; D.E. 380-27 at 101:8–13. |
| 49 | ███████████████████████████████████ D.E. 380-22 at 216:2–5, 218:6–22, 221:19–24; D.E. 380-02 at 62:19-25. |
| 50 | Movants' marketing materials have been featured in publications that are geared toward high-net-worth individuals. D.E. 380-88; D.E. 337-21; D.E. 338-19; D.E. 337-20. |
| 51 | ███████████████████████████████████████████████████████████. D.E. 380-119 §§ V-VI. |
| 52 | Eleven advertises on its website, social media, in luxury travel and lifestyle publications; third-party travel websites; and other national and local publications geared towards a more general audience. D.E. 339-44; D.E. 249-14; D.E. 341-09; D.E. 250-23; D.E. 250-24; D.E. 339-45; D.E. 339-01; D.E. 339-14; D.E. 339-10; D.E. 339-11; D.E. 339-30; D.E. 249-21, Rog No. 6; D.E. 277-31 ¶142; D.E. 339-33. |
| 53 | Movants likewise use their websites, social media accounts, luxury media publications, other national and local publications, third party travel websites, as well as third party broker websites. D.E. 380-06 at 253:9-16; D.E. 380-102; D.E. 380-101; D.E. 380-84; D.E. 339-37; D.E. 339-02; D.E. 339-05; D.E. 339-48; D.E. 339-09; D.E. 339-47; D.E.252-01;D.E. 252-02; D.E. 339-49; D.E. 339-50; D.E. 380-90; D.E. 380-91; D.E. 337-22; D.E. 250-50 at 113; D.E. 339-18; D.E. 339-19; D.E. 338-25; D.E. 339-15; D.E. 339-13; D.E. 339-06; D.E. 380-23 at 245:15–21, 246:5–13, 272:2–6; D.E. 380-119 ¶¶87-92; D.E. 380-105 at 1095; D.E. 340-28; D.E. 338-28; D.E. 380-117; D.E. 380-14 at 146:14-149:16; D.E. 336-06; D.E. 336-07 at 526–27; D.E. 339-35; D.E. 340-17; D.E. 339-03; D.E. 339-04; D.E. 340-14; D.E. 340-15; D.E. 339-12; D.E. 277-31 ¶142. |

| | |
|---|---|
| 54 | The parties have advertised in the *same* websites and magazines. D.E. 338-25; D.E. 339-13; D.E. 337-20; D.E. 339-14; D.E. 339-10; D.E. 339-11; D.E. 339-45. |
| 55 | [redacted] D.E. 277-31 ¶¶ 107–09; D.E. 341-03 at No. 10; D.E. 380-29 at 197:3-207:10; D.E. 380-125; D.E. 380-29 at 235:9-236:23, 240:18-20; D.E. 380-05 at 203:18-22. |
| 56 | Both parties use Google AdWords and keywords that include the term 11/eleven. D.E. 380-29 at 235:9-236:23, 240:18-20; D.E. 380-05 at 203:18-22 |
| 57 | Movants have purchased and use many domain names that use the term "eleven," including "eleven.club," "elevenmiami.com," "elevenresidence.com," "elevenhotelresidences.com," "elevenresidenceshotel.com," "elevenresidence.miami," "elevenhotel.miami." Movants purchased such domains to [redacted] " D.E. 336-10; D.E. 380-04 at 120:2-11; D.E. 380-84. |
| 58 | Numerous Google searches preserved, as far back as July 2023 and as recently as April 2024, reflect that the parties' websites and advertising materials come up together, including for "eleven hotel," "eleven hotels," "E11EVEN hotels," "Elleven Florida Hotels," "Elleven Hotel," "Elleven Hotels," "Eleven Florida Hotel," "Eleven Florida Hotels," "Eleven Hotel Collection," and "Elleven Florida Hotel." D.E. 277-31 ¶¶110-16; *see also* D.E. 338-01; D.E. 338-02; D.E. 337-45 through D.E. 337-50; D.E. 338-09; D.E. 338-04 through D.E. 338-08; D.E. 337-28; D.E. 337-29; D.E. 337-23 through D.E. 337-27; D.E. 338-10; D.E. 337-37 through D.E. 337-44; D.E. 337-30 through D.E. 337-36; D.E. 338-17; D.E. 338-18; D.E. 338-11 through D.E. 338-16; D.E. 338-08; DE 277-31 ¶¶110-13. |
| 59 | Movants had actual knowledge of Eleven's marks by at least June 2020—well before it announced the E11even Hotel—when the PTO refused GR's applications based on Eleven's Marks. D.E. 380-120 at Rog 22; D.E. 380-25 at 228:13-18, 228:24-229:6, 232:7-234:2; D.E. 336-16; D.E. 336-13; D.E. 336-14. |
| 60 | [redacted]. D.E. 380-25 at 86:21-87:6, 151:20–152:15; D.E. 380-120 at Rog 21. |
| 61 | [redacted] D.E. 380-25 at 67:15-23, 81:20-22, 89:6-17, 186:9-188:15; D.E. 380-23 at 159:9–162:2. |
| 62 | [redacted] D.E. 380-25 at 95:12-17, 151:20-152:15, 183:17–188:17; D.E. 277-104 ¶¶91, 96-98, 101. |
| 63 | [redacted] D.E. 380-04 at 169:9–170:13; D.E. 277-104 ¶¶96-98. |
| 64 | Eleven's expert, David Franklyn, conducted two opening surveys testing different examples of Movants' use of the Infringing Marks.  These surveys show 66.96% in the test cell for forward confusion, and a net forward confusion rate of 23.98%; and 70.59% in the test cell for reverse confusion, and a net reverse confusion rate of 37.25%. D.E. 251-47 at Section VI. |
| 65 | The surveys conducted by Movants' own expert, Brian Sowers, also shows evidence of confusion. As to E11even, Sowers found a forward confusion rate of 53.7% in the test cell, and a net forward confusion rate of 7.2%. As to West Eleventh, Sowers found a forward confusion rate of 52.1% in the test cell and a net forward confusion rate of 7.1%. D.E. 219-44 ¶¶ 12, 54-60; D.E. 219-43 ¶¶ 14, 52-58; D.E. 341-02 at § III, IV. |
| 66 | Mr. Franklyn reviewed and analyzed Sowers' Surveys and found a number of serious issues. When Mr. Franklyn properly analyzed Sowers' survey verbatims, he found an actual net confusion rate of 18.7% (for E11even) and 13.9% (for West Eleventh). D.E. 341-02 at §§ III, IV, V. |
| 67 | Mr. Franklyn also conducted rebuttal surveys, which corrected the flaws in Sowers' Surveys and found 67.9% confusion in the test cell, and 21.2% net confusion as to E11even; and 55.3% confusion in the test cell, and 13.1% net confusion as to West Eleventh. D.E. 341-02 at §§ IV, VIII. |
| 68 | Movants exceed Eleven in terms of economic power and marketing strength. For example, as a result of the sale of condominium units, [redacted] D.E. 380-137. The E11EVEN Properties have also been cross-promoted on the E11EVEN |

| | |
|---|---|
| | Miami Instagram account, which has more than 594,000 followers. D.E. 277-31 ¶129; D.E. 276-24; D.E. 380-136; D.E. 341-27; D.E. 341-19. |
| 69 | Movants tout their E11EVEN brand as a "global lifestyle brand," and a "fully fledged" global "phenomenon." D.E. 380-14 at 54:2-4, 57:14-18, 288:23-289:5; D.E. 337-20; D.E. 341-16; D.E. 341-27; D.E. 341-19; D.E. 341-17; D.E. 341-26. |
| 70 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ D.E. 380-18 at 132:9-10. |
| 71 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ D.E. 380-04 at 76:11; D.E. 341-32; D.E. 380-122. |
| 72 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ D.E. 380-122. |
| 73 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ 11USA promotes the Infringing Hotels on its website (www.11miami.com), which has a link titled "Hotel" that directs to the E11even Residences website. D.E. 341-21; D.E. 341-22; D.E. 339-36; D.E. 339-5; D.E. 250-37; D.E. 380-84 at '756. |
| 74 | 11USA has also been publicized as one of the developers and "visionaries" for E11EVEN Hotel & Residences, including in promotional materials for the hotel. D.E. 340-04. |
| 75 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ D.E. 380-135; D.E. 380-129 to D.E. 380-132; D.E. 380-134. |
| 76 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ D.E. 380-135; D.E. 380-133. |
| 77 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ . D.E. 380-126; D.E. 380-133; D.E. 380-127. |
| 78 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ . D.E. 380-128. |
| 79 | On May 27, 2022, Eleven initiated a cancellation proceeding  before the TTAB, seeking partial cancellation of GR's Reg. No. 5921909 on grounds that, among other things, GR has not used the mark in connection with providing temporary accommodation at hotel. D.E. 341-28. |
| 80 | That cancellation proceeding has been suspended pending the resolution of this lawsuit. D.E. 341-12. |
| 81 | Eleven is "first and foremost" a luxury hotel offering. D.E. 380-15 at 72:15-18. |
| 82 | Eleven's hotels are used for a variety of events, *e.g.*, bachelor parties, birthdays, and wellness retreats. D.E. 380-02 at 379:19-380:2; D.E. 341-23; D.E. 380-124; D.E. 380-123; D.E. 341-25. |
| 83 | GR's trademark application for 'E11EVEN Hotel" (Ser. No. 90083101) received an Office Action noting a likelihood of confusion with Eleven's registration for ELEVEN. D.E. 341-11. |
| 84 | ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ D.E. 380-2 at 61:9-15. |
| 85 | "Every brokerage group", has advertised the Infringing Hotels via their websites, press releases, social media, and brochures, and collected hefty commissions. D.E. 338-28; Exs.578-580; Exs. 612-613; Ex. 600; Ex. 576 at 62:4-64:4, 255:12 – 257:23; Ex. 590; D.E. 380-115; Exs.609-611; Ex. 599. |
| 86 | PMG made collateral, branding materials, and renderings available to other Movants, Ex. 576 at 170:4–171:10; Ex. 577 at 173:1-21, 175:9-21; Ex. 585; Exs. 606-608; Ex. 600; Ex. 582; Roberts directed PMG brokers to solicit buyers for the Infringing Hotels and referred buyers, Ex. 602, D.E. 380-18 at 42:20-43:3; Ex. 597; and PMG gave 11USA instructions on how to advertise using "brand ambassadors," D.E. 380-40. |
| 87 | Shear, Simkins, and Roberts had third parties advertise the properties, Ex. 582; Exs. 604-605; Ex. 592; Ex. 589; Ex. 591; Ex. 584), PMG gave advertisers collateral, branding materials, and renderings, Exs. Ex. 576 at 170:4–171:10; Ex. 577 at 173:1-21, 175:9-21;  Ex. 585; Exs. 606-608; Ex. 600; Ex. 582; MRC coordinated with third-party Lippiello to advertise E11EVEN Hotel & Residences, Ex. 583; Ex. 593; Lion had third-party brokers sell the West Eleventh Residences, Ex. 601; PMG had brokers advertise and sell the E11even Hotel & Residences, D.E. 380-40; Ex. 587; Ex. 594; Ex. 576 at 62:4–64:4, and DeGori assisted in drafting articles about E11EVEN Hotel & Residences and coordinated with Gold Rush Miami for marketing, D.E. 380-96; Ex. 596; Ex. 588; Ex. 595; Ex. 586. ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ . Ex. 598. |

Dated: October 17, 2024

Respectfully submitted,

*/s/ Gavin C. Gaukroger*

Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Claudia Ray (admitted *pro hac vice*)
claudia.ray@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Eric Loverro (admitted *pro hac vice*)
eric.loverro@kirkland.com
Justin Taylor (admitted *pro hac vice*)
justin.taylor@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800

Miranda D. Means (admitted *pro hac vice*)
miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500

*Attorneys for Eleven IP Holdings LLC, Grassy Creek LLC, CS Irwin LLC, Irwin Backcountry Guides, LLC, Chad Pike, and Alan Pike*

## **CERTIFICATE OF SERVICE**

Counsel for Defendant/Counterclaim Plaintiff Eleven IP Holdings LLC, hereby certifies that on October 17, 2024, I caused a true and correct copy of the foregoing **ELEVEN'S RESPONSE TO PLAINTIFF AND COUNTERCLAIM-MOVANTS' LOCAL RULE 56.1(A) AMENDED STATEMENT OF UNDISPUTED MATERIAL FACTS AND ELEVEN'S STATEMENTS OF ADDITIONAL FACTS** to be served by email upon counsel of record.

By: */s/ Gavin C. Gaukroger*

Gavin C. Gaukroger
Florida Bar No. 76489