# EXHIBIT 621

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

GR OPCO, LLC,                                    Case No.: 1:22-cv-24119-FAM

      Plaintiff,

   v.

ELEVEN IP HOLDINGS, LLC,
GRASSY CREEK LLC, and
CS IRWIN LLC,

      Defendants,

   and

ELEVEN IP HOLDINGS, LLC,

      Counter-Plaintiff,

   v.

GR OPCO, LLC,

      Counter-Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS/COUNTERCLAIM PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION

Plaintiff/Counter-Defendant GR Opco, LLC ("Plaintiff") hereby respond to Defendants/Counterclaim Plaintiff's Third Requests for Admission as follows:

### REQUEST FOR ADMISSION NO. 88:

Admit that prior to November 9, 2022, GR had not visited the 11TH AVENUE HOSTEL.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents,

subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections and the exclusion of Marksmen Inc. by Defendants' definition, admitted that GR had not directly visited the physical facility for 11TH AVENUE. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 89:**

Admit that prior to September 20, 2022, GR had not visited the ELEVEN INN.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

2

Subject to the foregoing objections and the exclusion of Marksmen Inc. by Defendants'
definition, admitted that GR had not directly visited the physical facility for ELEVEN INN.
Otherwise, denied.

**REQUEST FOR ADMISSION NO. 90:**

Admit that prior to November 9, 2022, GR had not inspected the goods or services at the
11TH AVENUE HOSTEL.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the
inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any
of listed categories when such specified categories do not relate to the instant LITIGATION.
Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents,
subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related
entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns,
directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues
raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue
Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc. Plaintiff objects to Request for
Admission No. 90 in that what constitutes an inspection is undefined. Plaintiff understands an
inspection to be any review of any goods or services offered, whether viewed via online research
or other methods.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 91:**

Admit that prior to September 20, 2022, GR had not inspected the goods or services at the
ELEVEN INN.

3

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc. Plaintiff objects to Request for Admission No. 91 in that what constitutes an inspection is undefined. Plaintiff understands an inspection to be any review of any goods or services offered, whether viewed via online research or other methods.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 92:**

Admit that prior to July 21, 2023, GR had not inspected the goods or services at the 11TH AVENUE HOSTEL.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents,

4

subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc. Plaintiff objects to Request for Admission No. 92 in that what constitutes an inspection is undefined. Plaintiff understands an inspection to be any review of any goods or services offered, whether viewed via online research or other methods.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 93:**

Admit that prior to July 21, 2023, GR had not inspected the goods or services at the ELEVEN INN.

**Response:**      Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc. Plaintiff objects to Request for

5

Admission No. 93 in that what constitutes an inspection is undefined. Plaintiff understands an inspection to be any review of any goods or services offered, whether viewed via online research or other methods.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 94:**

Admit that GR has not visited the 11TH AVENUE HOSTEL.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.


**REQUEST FOR ADMISSION NO. 95:**

Admit that GR has not visited the ELEVEN INN.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any

6

of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objection and the exclusion of Marksmen Inc. by Defendants' definition, admitted that GR had not directly visited the physical facility for ELEVEN INN. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 96:**

Admit that prior to July 21, 2023, GR did not communicate with any employees or owners of 11th Avenue Corp. d/b/a 11th Avenue Hostel.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues

raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue

Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.


**REQUEST FOR ADMISSION NO. 97:**

Admit that prior to July 21, 2023, GR did not communicate with any employees or owners of SombrasGroup LLC d/b/a The Eleven Inn.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the

inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any

of listed categories when such specified categories do not relate to the instant LITIGATION.

Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents,

subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related

entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns,

directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues

raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue

Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.


**REQUEST FOR ADMISSION NO. 98:**

Admit that GR-OPCO-00022851 is the agreement GR relies on for its claimed ownership of the ELEVEN INN COMMON LAW MARKS.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted that **GR OPCO-00022851-00022853** is the agreement whereby Plaintiff acquired rights in the ELEVEN INN COMMON LAW MARKS.

**REQUEST FOR ADMISSION NO. 99:**

Admit that GR-OPCO-00022889 is the agreement GR relies on for its claimed ownership of the 11TH AVENUE HOSTEL COMMON LAW MARKS.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues

9

raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted that **GR OPCO-00022889-00022892** is the agreement whereby Plaintiff acquired rights in the 11TH AVENUE HOSTEL COMMON LAW MARKS.

**REQUEST FOR ADMISSION NO. 100:**

Admit that the agreement that YOU rely on as the basis for your claimed ownership of the ELEVEN INN COMMON LAW MARKS is effective as of September 20, 2022.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing, admitted that **GR OPCO-00022851-00022853** has an effective date of September 20, 2022.

**REQUEST FOR ADMISSION NO. 101:**

Admit that the agreement that YOU rely on as the basis for your claimed ownership of the 11TH AVENUE HOSTEL COMMON LAW MARKS is effective as of November 9, 2022.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted that **GR OPCO-00022889-00022892** has an effective date of November 9, 2022.

**REQUEST FOR ADMISSION NO. 102:**

Admit that any acquisition by YOU of the 11TH AVENUE HOSTEL COMMON LAW MARKS occurred after ELEVEN began opposing GR's use and registration of GR's MARKS.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents,

11

subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Subject to the foregoing, admitted that **GR OPCO-00022889-00022892**'s effective date of November 9, 2022 is subsequent to the first opposition proceeding filed by Defendant Eleven IP Holdings LLC against Plaintiff before the Trademark Trial and Appeal Board (TTAB) but is prior to the December 20, 2022 filed litigation brought by Plaintiff (as well as prior to Defendant Eleven IP Holdings LLC's August 11, 2023 filed Counterclaim – D.E. 60) pending before the United States District Court for the Southern District of Florida.   Otherwise, denied.

**REQUEST FOR ADMISSION NO. 103:**

Admit that any acquisition by YOU of the ELEVEN INN COMMON LAW MARKS occurred after ELEVEN began opposing GR's use and registration of GR's MARKS.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint

(D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

 Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Subject to the foregoing, admitted that **GR OPCO-00022851-00022853's** effective date of September 20, 2022 is subsequent to the first opposition proceeding filed by Defendant Eleven

IP Holdings LLC against Plaintiff before the Trademark Trial and Appeal Board (TTAB) but is prior to the December 20. 2022 filed litigation brought by Plaintiff (as well as prior to Defendant Eleven IP Holdings LLC's August 11, 2023 filed Counterclaim – D.E. 60) pending before the United States District Court for the Southern District of Florida.   Otherwise, denied.

### REQUEST FOR ADMISSION NO. 104:

Admit that YOU filed the LITIGATION on December 20, 2022.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted.

### REQUEST FOR ADMISSION NO. 105:

Admit that the price GR Opco, LLC paid for any alleged rights in the ELEVEN INN COMMON LAW MARKS was $58,000.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any

16

of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted that **GR OPCO-00022851-00022853** whereby Plaintiff acquired rights in the ELEVEN INN COMMON LAW MARKS required payment of $58,000.

### **REQUEST FOR ADMISSION NO. 106:**

Admit that the price GR Opco, LLC paid for any alleged rights in the 11TH AVENUE HOSTEL COMMON LAW MARKS was $36,700.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues

17

raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted that **GR OPCO-00022889-00022892** whereby Plaintiff acquired rights in the 11TH AVENUE HOSTEL COMMON LAW MARKS required payment of $36,700.

### **REQUEST FOR ADMISSION NO. 107:**

Admit that GR-OPCO-00022851 does not impose an obligation on GR for it to use the ELEVEN INN COMMON LAW MARKS.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing, admitted that, as the definition of GR expressly excludes SombrasGroup LLC d/b/a ELEVEN INN, Plaintiff's licensee for the ELEVEN INN COMMON LAW MARKS and the entity required to use the marks under the agreement produced at **GR OPCO-00022851-00022853**, **GR OPCO-00022851-00022853** does not require GR, as defined,

18

to use the ELEVEN INN COMMON LAW MARKS, but does require SombrasGroup LLC d/b/a ELEVEN INN to use the ELEVEN INN COMMON LAW MARKS.

**REQUEST FOR ADMISSION NO. 108:**

Admit that GR-OPCO-00022851 does not impose an obligation on GR Opco, LLC for it to use the ELEVEN INN COMMON LAW MARKS.

**Response:**    Admitted that **GR OPCO-00022851-00022853** does not require Plaintiff to use the ELEVEN INN COMMON LAW MARKS but does require SombrasGroup LLC d/b/a ELEVEN INN to use the ELEVEN INN COMMON LAW MARKS.

**REQUEST FOR ADMISSION NO. 109:**

Admit that GR-OPCO-00022889 does not impose an obligation on GR for it to use the 11TH AVENUE HOSTEL COMMON LAW MARKS.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing, admitted that, as the definition of GR expressly excludes 11th Avenue Corporation Inc. d/b/a 11th AVENUE, Plaintiff's licensee for the 11TH AVENUE

19

HOSTEL COMMON LAW MARKS and the entity required to use the marks under the agreement produced at **GR OPCO-00022889-00022892**, **GR OPCO-00022889-00022892** does not require GR, as defined, to use the 11TH AVENUE HOSTEL COMMON LAW MARKS, but does require 11th Avenue Corporation Inc. d/b/a 11 AVENUE to use the 11TH AVENUE HOSTEL COMMON LAW MARKS.

### REQUEST FOR ADMISSION NO. 110:

Admit that GR-OPCO-00022889 does not impose an obligation on GR Opco, LLC for it to use the 11TH AVENUE HOSTEL COMMON LAW MARKS.

**Response:**     Admitted that **GR OPCO-00022889-00022892** does not require GR Opco, LLC to use the 11TH AVENUE HOSTEL COMMON LAW MARKS, but does require 11th Avenue Corporation Inc. d/b/a 11 AVENUE to use the 11TH AVENUE HOSTEL COMMON LAW MARKS.

### REQUEST FOR ADMISSION NO. 111:

Admit that GR does not use the ELEVEN INN COMMON LAW MARKS in advertising or offering hotel services.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns,

directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing, admitted that, as the definition of GR expressly excludes SombrasGroup LLC d/b/a ELEVEN INN, Plaintiff's licensee for the ELEVEN INN COMMON LAW MARKS and the entity required to use the marks, including to advertise for and provide hotel services, under the agreement produced at **GR OPCO-00022851-00022853**, **GR OPCO-00022851-00022853**, GR does not use the ELEVEN INN COMMON LAW MARKS in advertising or offering hotel services, but GR's licensee SombrasGroup LLC d/b/a ELEVEN INN does advertise and offer hotel services under the ELEVEN INN COMMON LAW MARKS.

**REQUEST FOR ADMISSION NO. 112:**

Admit that GR does not use the mark ELEVEN INN in advertising or offering hotel services.

**Response:**    Plaintiff objects to Request for Admission No. 112 as wholly duplicative of Request for Admission No. 111.

**REQUEST FOR ADMISSION NO. 113:**

Admit that GR does not use the 11TH AVENUE HOSTEL COMMON LAW MARKS in advertising or offering hotel services.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION.

21

Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing, admitted that, as the definition of GR expressly excludes 11th Avenue Corporation Inc. d/b/a 11th AVENUE, Plaintiff's licensee for the 11TH AVENUE HOSTEL COMMON LAW MARKS and the entity required to use the marks, including to advertise for and provide hotel services, under the agreement produced at **GR OPCO-00022889-00022892**, GR does not use the 11TH AVENUE HOSTEL COMMON LAW MARKS in advertising or offering hotel services, but GR's licensee 11th Avenue Corporation Inc. d/b/a 11th AVENUE does advertise and offer hotel services under the 11TH AVENUE HOSTEL COMMON LAW MARKS.

### <u>REQUEST FOR ADMISSION NO. 114</u>:

Admit that GR does not use the mark 11TH AVENUE HOSTEL in advertising or offering hotel services.

**Response:**    Plaintiff objects to Request for Admission No. 114 as wholly duplicative of Request for Admission No. 113.

**REQUEST FOR ADMISSION NO. 115:**

Admit that GR Opco, LLC does not use the ELEVEN INN COMMON LAW MARKS in advertising or offering hotel services.

**Response:** Admitted that Plaintiff does not advertise or offer hotel services under the ELEVEN INN COMMON LAW MARKS but that Plaintiff's licensee, SombrasGroup LLC d/b/a ELEVEN INN, does advertise and offer hotel services under the ELEVEN INN COMMON LAW MARKS and that such use inures, under the agreement produced at **GR OPCO-00022851-00022853**, to Plaintiff's benefit.

**REQUEST FOR ADMISSION NO. 116:**

Admit that GR Opco, LLC does not use the mark ELEVEN INN in advertising or offering hotel services.

**Response:** Plaintiff objects to Request for Admission No. 116 as wholly duplicative of Request for Admission No. 115.

**REQUEST FOR ADMISSION NO. 117:**

Admit that GR Opco, LLC does not use the 11TH AVENUE HOSTEL COMMON LAW MARKS in advertising or offering hotel services.

**Response:** Admitted that Plaintiff does not advertise or offer hotel services under the 11TH AVENUE HOSTEL COMMON LAW MAKRS but that Plaintiff's licensee, 11th Avenue Corporation Inc. d/b/a 11th AVENUE, does advertise and offer hotel services under the 11TH AVENUE HOSTEL COMMON LAW MARKS and that such use inures, under the agreement produced at **GR OPCO-00022889-00022892**, to Plaintiff's benefit.

23

**REQUEST FOR ADMISSION NO. 118:**

Admit that GR Opco, LLC does not use the mark 11TH AVENUE HOSTEL in advertising or offering hotel services.

**Response:**     Plaintiff objects to Request for Admission No. 118 as wholly duplicative of Request for Admission No. 117.

**REQUEST FOR ADMISSION NO. 119:**

Admit that GR relies upon the document identified as GR-OPCO-00022851 for its claims it owns a "family" of ELEVEN-formative marks.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to Request for Admission No. 119 in that neither the First Amended Complaint nor the [Proposed] Second Amended Complaint refer to a 'family' of ELEVEN-formative marks, and there is no operative claim for such a family.

To the extent that a response is required under the foregoing, denied.

**REQUEST FOR ADMISSION NO. 120**:

Admit that GR relies upon the document identified as GR-OPCO-00022889 for its claim that it has priority over ELEVEN in the term "Eleven" or numeric "11."

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

25

Subject to the foregoing objections, admitted that **GR OPCO-00022889-00022892** is one basis for GR's priority over ELEVEN.  Otherwise, denied.

**REQUEST FOR ADMISSION NO. 121:**

Admit that GR relies upon the agreement identified as GR-OPCO-00022889 for its claims it has priority over ELEVEN in the term "Eleven" or numeric "11."

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other

PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Subject to the foregoing objections, admitted that **GR OPCO-00022889-00022892** is one basis for GR's priority over ELEVEN.  Otherwise, denied.


**REQUEST FOR ADMISSION NO. 122:**

Admit that the agreements identified as GR-OPCO-00022851 and GR-OPCO-00022889 are the only agreements GR relies upon for its claims that it has priority over ELEVEN in the term "ELEVEN" or numeric "11."

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors,

27

successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Subject to the foregoing objections, admitted as to **GR OPCO-00022851-00022853** and **GR OPCO-00022889-00022892** are two agreements which independently establish GR's priority over ELEVEN.  Otherwise, but otherwise denied.

**REQUEST FOR ADMISSION NO. 123:**

Admit that between September 20, 2022 and December 20, 2022, YOU and ELEVEN INN did not have any COMMUNICATIONS CONCERNING or pursuant to Paragraph 5 in GR- OPCO-00022851.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objection and the exclusion of Marksmen Inc. by Defendants' definition, admitted.

28

**REQUEST FOR ADMISSION NO. 124:**

Admit that between November 9, 2022 and December 20, 2022 YOU and 11TH AVENUE HOSTEL did not have any COMMUNICATIONS CONCERNING or pursuant to Paragraph 5 in GR-OPCO-00022889.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objection and the exclusion of Marksmen Inc. by Defendants' definition, admitted.

**REQUEST FOR ADMISSION NO. 125:**

Admit that between December 20, 2022 and July 21, 2023, YOU and ELEVEN INN did not have any COMMUNICATIONS CONCERNING or pursuant to Paragraph 5 in GR-OPCO-00022851.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents,

29

subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 126:**

Admit that between December 20, 2022 and July 21, 2023, YOU and 11TH AVENUE HOSTEL have not had any COMMUNICATIONS CONCERNING or pursuant to Paragraph 5 in GR-OPCO-00022889.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.

30

**REQUEST FOR ADMISSION NO. 127:**

Admit that between July 21, 2023 and the present, YOU and ELEVEN INN did not have any COMMUNICATIONS CONCERNING or pursuant to Paragraph 5 in GR-OPCO-00022851.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.


**REQUEST FOR ADMISSION NO. 128:**

Admit that between July 21, 2023 and the present, YOU and 11TH AVENUE HOSTEL have not had any COMMUNICATIONS CONCERNING or pursuant to Paragraph 5 in GR- OPCO-00022889.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related

31

entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 129:**

Admit that YOU were aware of ELEVEN at least as of June 28, 2020, when several of ELEVEN's MARKS were cited by the U.S. Patent and Trademark Office against GR Opco, LLC's application at U.S. Trademark App. Ser. No. 88/899,708.

**Response:**      Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors,

successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Plaintiff objects to the term "ELEVEN's MARKS" to the extent that the defined term differs from the term "ELEVEN Marks" in Defendants' Counterclaim (D.E. 60 at ¶1, pg 25) which include word ELEVEN and the ◀/▶ logo as used for the ASSERTED SERVICES (addressed and defined below).

Plaintiff employs the term "ASSERTED SERVICES" when responding to this Request for Admission, which is limited to the descriptions listed in Defendants' eight registrations in International Classes 36, 39, 41 and 43:

1.      Hotels, excluding restaurant services; hotel services, namely, providing luxury hotel accommodations, excluding restaurant services; resort lodging services, excluding restaurant services; providing temporary lodging services in the nature of a tourist home, excluding restaurant services;

2.      Hotels; hotel services, namely, providing luxury hotel accommodations; resort lodging services; providing temporary lodging services in the nature of a home.

3.      Rental of homes;

4.      Travel agency services, namely, making reservations and booking for temporary lodging; providing travel lodging information services for travelers; and

5.      Coordinating travel arrangements for individuals and groups.

Admitted that Plaintiff learned of some the registrations for ELEVEN's MARKS were cited against Plaintiff's U.S. Trademark App. Ser. No. 88/899,708 on June 28, 2020 and thereby learned there was an associated registrant for such marks. To the extent Request for Admission No. 129 means to implicate larger knowledge into the business model or practices generally of ELEVEN, subject to the foregoing objections, denied.

### REQUEST FOR ADMISSION NO. 130:

Admit that YOU were aware of ELEVEN's MARKS at least as of June 28, 2020, when several of ELEVEN's MARKS were cited by the U.S. Patent and Trademark Office against GR Opco, LLC's application at U.S. Trademark App. Ser. No. 88/899,708.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors,

successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Plaintiff objects to the term "ELEVEN's MARKS" to the extent that the defined term differs from the term "ELEVEN Marks" in Defendants' Counterclaim (D.E. 60 at ¶1, pg 25) which include word ELEVEN and the ⬥ logo as used for the ASSERTED SERVICES (addressed and defined below).

Plaintiff employs the term "ASSERTED SERVICES" when responding to this Request for Admission, which is limited to the descriptions listed in Defendants' eight registrations in International Classes 36, 39, 41 and 43:

1.      Hotels, excluding restaurant services; hotel services, namely, providing luxury hotel accommodations, excluding restaurant services; resort lodging services, excluding restaurant services; providing temporary lodging services in the nature of a tourist home, excluding restaurant services;

2.      Hotels; hotel services, namely, providing luxury hotel accommodations; resort lodging services; providing temporary lodging services in the nature of a home.

3.      Rental of homes;

4.      Travel agency services, namely, making reservations and booking for temporary lodging; providing travel lodging information services for travelers; and

5.      Coordinating travel arrangements for individuals and groups.

Subject to the foregoing objections, admitted that Plaintiff learned of some the registrations for ELEVEN's MARKS were cited against Plaintiff's U.S. Trademark App. Ser. No. 88/899,708 on June 28, 2020 and thereby learned there was an associated registrant for such marks.  To the extent Request for Admission No. 130 means to implicate larger knowledge into the business model or practices generally of ELEVEN, subject to the foregoing objections, denied.

### REQUEST FOR ADMISSION NO. 131:

Admit that YOU were aware of ELEVEN's GOODS AND SERVICES at least as of June 28, 2020, when several of ELEVEN's MARKS were cited by the U.S. Patent and Trademark Office against GR Opco, LLC's application at U.S. Trademark App. Ser. No. 88/899,708.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent

36

the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Plaintiff objects to the term "ELEVEN's MARKS" to the extent that the defined term differs from the term "ELEVEN Marks" in Defendants' Counterclaim (D.E. 60 at ¶1, pg 25) which include word ELEVEN and the  logo as used for the ASSERTED SERVICES (addressed and defined below).

Plaintiff objects to the term "ELEVEN's GOODS AND SERVICES" in that it includes "related merchandise" but does not define what constitutes such merchandise. Plaintiff further objects to the extent this defined term differs from those goods and services asserted in Defendants' Counterclaim (D.E. 60 at 19, pg 36 & **Exhibit B**).   As such, Plaintiff employs the term "ASSERTED SERVICES" when responding to this Request for Admission, which is limited to the descriptions listed in Defendants' eight registrations in International Classes 36, 39, 41 and 43:

1.      Hotels, excluding restaurant services; hotel services, namely, providing luxury hotel accommodations, excluding restaurant services; resort lodging services, excluding restaurant services; providing temporary lodging services in the nature of a tourist home, excluding restaurant services;

2.      Hotels; hotel services, namely, providing luxury hotel accommodations; resort lodging services; providing temporary lodging services in the nature of a home.

3.      Rental of homes;

4.      Travel agency services, namely, making reservations and booking for temporary lodging; providing travel lodging information services for travelers; and

5.      Coordinating travel arrangements for individuals and groups.

Subject to the foregoing objections, admitted that Plaintiff learned of some the registrations for ELEVEN's MARKS were cited against Plaintiff's U.S. Trademark App. Ser. No. 88/899,708 on June 28, 2020 and thereby learned there was an associated registrant for such marks. To the extent Request for Admission No. 131 means to implicate larger knowledge into the business model or practices generally of ELEVEN and the ASSERTED SERVICES, subject to the foregoing, denied.

## **REQUEST FOR ADMISSION NO. 132:**

Admit that YOU first learned about ELEVEN before June 28, 2020.

**Response:**      Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

38

Plaintiff objects to the definition of ELEVEN to the extent it includes entities and/or persons unknown to Plaintiff and which Plaintiff is incapable of ascertaining based on publicly available information as well as Defendants' May 23, 2023 served Initial Disclosures to the extent the ELEVEN is broadly defined to include "former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting or purporting to act on [Defendants'] behalf" many of which are unknown to Plaintiff.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 133:**

Admit that YOU first learned of ELEVEN's MARKS before June 28, 2020.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.

39

**REQUEST FOR ADMISSION NO. 134:**

Admit that YOU first learned of ELEVEN's GOODS AND SERVICES before June 28, 2020.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 135:**

Admit that YOU performed or received a clearance analysis in connection with YOUR ability to use and register the mark E11EVEN in connection with hotel services.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns,

40

directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to Request for Admission No. 135 as the term "clearance analysis" is undefined and ambiguous. Plaintiff is unable to form a response, and therefore, subject to the foregoing, denied.


**REQUEST FOR ADMISSION NO. 136:**

Admit that YOU performed or received a trademark clearance search in connection with assessing YOUR ability to use and register the mark E11EVEN in connection with hotel services.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "trademark clearance search" in that said term is not defined and ambiguous. Plaintiff understands the term "trademark clearance search" to mean a

comprehensive trademark search report (provided by third party search groups such as Reuters Thompson Compumark).

Subject to the foregoing objections, admitted that Plaintiff, through its counsel Weiss Serota, researched the availability of the marks E11EVEN and/or ELEVEN via USPTO.gov, regarding (a) bar and restaurant services and (b) entertainment services, on or before August 1, 2013.   As to a trademark clearance search akin to a third-party comprehensive trademark search report, denied.

### REQUEST FOR ADMISSION NO. 137:

Admit that YOU did not perform or receive a clearance analysis in connection with YOUR ability to use and register the mark E11EVEN in connection with hotel services.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to Request for Admission No. 135 as the term "clearance analysis" is undefined and ambiguous. Plaintiff is unable to form a response, and therefore, subject to the foregoing, denied.

**REQUEST FOR ADMISSION NO. 138:**

Admit that YOU did not perform or receive a trademark clearance search in connection with assessing YOUR ability to use and register the mark E11EVEN in connection with hotel services.

**Response:**      Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff understands the term "trademark clearance search" to mean a comprehensive trademark search report (provided by third party search groups such as Reuters Thompson Compumark).

Subject to the foregoing objections, admitted that Plaintiff, through its counsel Weiss Serota, researched the availability of the marks E11EVEN and/or ELEVEN via USPTO.gov,

43

regarding (a) bar and restaurant services and (b) entertainment services, on or before August 1, 2013.   As to a trademark clearance search akin to a third-party comprehensive trademark search report, denied.

**REQUEST FOR ADMISSION NO. 139:**

Admit that ELEVEN's MARKS appeared in a trademark clearance search YOU performed or received in connection with assessing YOUR ability to use and register the mark E11EVEN in connection with hotel services.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff understands the term "trademark clearance search" to mean a comprehensive trademark search report (provided by third party search groups such as Reuters Thompson Compumark).

Subject to the foregoing objections, admitted that Plaintiff, through its counsel Weiss Serota, researched the availability of the marks E11EVEN and/or ELEVEN via USPTO.gov,

44

regarding (a) bar and restaurant services and (b) entertainment services, on or before August 1, 2013.   As to a trademark clearance search akin to a third-party comprehensive trademark search report, denied.

### REQUEST FOR ADMISSION NO. 140:

Admit that ELEVEN's MARKS did not appear in a trademark clearance search YOU performed or received in connection with assessing YOUR ability to use and register the mark E11EVEN in connection with hotel services.

**Response:**      Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff understands the term "trademark clearance search" to mean a comprehensive trademark search report (provided by third party search groups such as Reuters Thompson Compumark).

Subject to the foregoing objections, admitted that Plaintiff, through its counsel Weiss Serota, researched the availability of the marks E11EVEN and/or ELEVEN via USPTO.gov, regarding (a) bar and restaurant services and (b) entertainment services, on or before August 1,

2013.   As to a trademark clearance search akin to a third-party comprehensive trademark search report, denied.

**REQUEST FOR ADMISSION NO. 141:**

Admit that YOU intend to offer luxury hotel services under the mark E11EVEN.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to this request as "mark E11EVEN" is not defined.

Subject to the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 142:**

Admit that YOU intend to offer luxury hotel services under the mark E11EVEN HOTEL & RESIDENCES.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION.

46

Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 143:**

Admit that YOU intend to offer luxury hotel services under the mark E11EVEN HOTEL & RESIDENCES BEYOND.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Subject to the foregoing objections, admitted.

47

**REQUEST FOR ADMISSION NO. 144:**

Admit that YOU intend to offer luxury hotel services under the mark WEST ELEVENTH RESIDENCES.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to Request for Admission No. 144 as not reasonably calculated to lead to admissible evidence. Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

To the extent a response is required to this improper request, subject to the foregoing objections, denied.

48

**REQUEST FOR ADMISSION NO. 145:**

Admit that customers cannot yet book or reserve stays at the luxury hotels that YOU intend to offer under the E11EVEN mark.

**Response:**        Plaintiff objects to this request as "the E11EVEN mark" is not defined. As

this request is ambiguous, subject to the foregoing, denied.

**REQUEST FOR ADMISSION NO. 146:**

Admit that E11EVEN HOTEL & RESIDENCES has not yet been built.

**Response:**        Admitted.

**REQUEST FOR ADMISSION NO. 147:**

Admit that E11EVEN RESIDENCES BEYOND has not yet been built.

**Response:**        Admitted.

**REQUEST FOR ADMISSION NO. 148:**

Admit that WEST ELEVENTH RESIDENCES has not yet been built.

**Response:**        Admitted.

**REQUEST FOR ADMISSION NO. 149:**

Admit that YOU plan to offer luxury hotel services under GR's MARKS outside of Miami, Florida.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic

area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

    Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

    Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

    Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 150:**

Admit that YOU do not plan to offer luxury hotel services under GR's MARKS outside of Miami, Florida.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related

51

entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH. Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements. Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, admitted that GR does not presently plan to have a luxury hotel location outside of Miami, FL under GR's MARKS.

**REQUEST FOR ADMISSION NO. 151:**

Admit that YOU plan to open at least one luxury hotel under GR's MARKS outside of Miami, Florida.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

53

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 152:**

Admit that YOU do not plan to open at least one luxury hotel under GR's MARKS outside of Miami, Florida.

**Response:**      Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES

under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.  Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

 Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, admitted that GR does not presently plan to have a luxury hotel location outside of Miami, FL under GR's MARKS.

**REQUEST FOR ADMISSION NO. 153:**

Admit that YOU plan to offer luxury hotel services under GR's MARKS in New York City.

**Response:**      Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-**

57

**00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 154:**
Admit that YOU do not plan to offer luxury hotel services under GR's MARKS in New York City.

**Response:**    Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION.

Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed

59

towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, admitted that GR does not presently plan to have a luxury hotel location in New York, NY under GR's MARKS.

### **REQUEST FOR ADMISSION NO. 155:**

Admit that YOU plan to open at least one luxury hotel under GR's MARKS in New York City.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues

60

raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

 Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND

RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 156:**

Admit that YOU do not plan to open at least one luxury hotel under GR's MARKS in New York City.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH"

trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, admitted that GR does not presently plan to have a luxury hotel location in New York, NY under GR's MARKS.

**REQUEST FOR ADMISSION NO. 157:**

Admit that YOU plan to offer luxury hotel services under GR's MARKS in Las Vegas, Nevada.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 158:**

Admit that YOU do not plan to offer luxury hotel services under GR's MARKS in Las Vegas, Nevada.

**Response:**   Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic

66

area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, admitted that GR does not presently plan to have a luxury hotel location in Las Vegas, Nevada under GR's MARKS.

**REQUEST FOR ADMISSION NO. 159:**

Admit that YOU plan to open at least one luxury hotel under GR's MARKS in Las Vegas, Nevada.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related

entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH. Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements. Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 160:**

Admit that YOU do not plan to open at least one luxury hotel under GR's MARKS in Las Vegas, Nevada.

**Response:**     Plaintiff objects to the terms "GR" and "YOU" and "YOUR" and the inclusion of entities "purporting to act on" Plaintiff's behalf as well as appending "former" to any of listed categories when such specified categories do not relate to the instant LITIGATION. Plaintiff understands the terms "GR" and "YOU" and "YOUR" to mean Plaintiff and any parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other PERSONS acting on Plaintiff's behalf with relation to the issues raised in this LITIGATION, excluding SombrasGroup LLC d/b/a ELEVEN INN, 11th Avenue Corporation Inc. d/b/a 11th AVENUE and Marksmen Inc.

69

Plaintiff objects to the term "GR's MARKS" as irrelevant to the extent it includes WEST ELEVENTH.   Neither the allegations Count I of the [Proposed] Second Amended Complaint (D.E. 84-1) or Defendants' Counterclaim (D.E. 60) address any basis or plead that: (1) Plaintiff owns a "WEST ELEVENTH" trademark, (2) Plaintiff has licensed a "WEST ELEVENTH" trademark for the ASSERTED SERVICES or otherwise provides the ASSERTED SERVICES under a "WEST ELEVENTH" trademark, and (3) EIP's ASSERTED TRADEMARKS are infringed by a "WEST ELEVENTH" trademark.

Further, while Plaintiff has licensed trademarks for two under-construction towers in Miami, located at 20-30 NE 11th Street (**GR OPCO-00021840-00021918**; **GR OPCO-00021956-00021957**; **GR OPCO-00022385-00022387**; **GR OPCO-00021965-00021989**) and 60-90 NE 11th Street (**GR OPCO-00470747-00470836**), those licenses are limited to the physical address of both implicated towers and include a restriction prohibiting any further licensing in the geographic area. Plaintiff did not provide a license (nor has any direct contractual relationship) with "WEST ELEVENTH" regarding the ASSERTED SERVICES near NE 11th Street, per the terms of both of Plaintiff's licensing agreements.   Moreover, while the ownership matrix for both licensed towers for E11EVEN HOTEL & RESIDENCES and E11EVEN RESIDENCES BEYOND mirror each other, the ownership for WEST ELEVENTH (which is not licensed by Plaintiff) is different.

Plaintiff therefore defines GR's MARKS to include (1) the term "E11EVEN" that is the subject of U.S. Trademark Registration Nos. 5921909, (2) the term "E11EVEN HOTEL AND RESIDENCES" that is the subject of U.S. Trademark Application No. 88,899,708, and (3) the term "11 Hotel" that is the subject of U.S. Trademark Application No. 90,086,479.

Plaintiff objects to Request for Admission No. 158 as the term "plan" is undefined and ambiguous. Plaintiff interprets the term "plan" to mean future use supported by contractual obligations, rather than pitched or proposed use.

Subject to the foregoing objections, admitted that GR does not presently plan to have a luxury hotel location in Las Vegas, Nevada under GR's MARKS.

Dated: December 1, 2023             Respectfully submitted,

By: ___*Robert H. Thornburg*___

Robert H. Thornburg / Fla. Bar No. 630829
email: rthornburg@allendyer.com
Susan J. Latham / Fla. Bar No. 687391
email: slatham@allendyer.com
James R. Leahy / Fla. Bar No. 1044500
email: jleahy@allendyer.com
ALLEN, DYER, DOPPELT & GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone:     305-374-8303
Facsimile:     305-374-8306

Ryan T. Santurri / Fla. Bar No. 15698
email: rsanturri@allendyer.com
Melissa Dangond / Fla. Bar No. 1025285
email: mdangond@allendyer.com
ALLEN, DYER, DOPPELT & GILCHRIST, P.A.
255 S. Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone:     407-841-2330
Facsimile:     407-841-2343

 and

Jordi C. Martinez-Cid / Fla. Bar No. 100566
email: jmartinez-cid@martinez-cidlaw.com
        service@martinez-cidlaw.com.
Andy Hernandez / Fla. Bar. No. 1018581
email: ahernandez@martinez-cidlaw.com
MARTINEZ-CID LAW
1 S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone:     305-704-9162

*Attorneys for GR Opco, LLC d/b/a/ E11EVEN*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2023, a copy of the foregoing was served via email transmission on the parties identified on the attached Service List.

By:   ***Robert H. Thornburg***
ROBERT H. THORNBURG

## SERVICE LIST

*Case No.* 1:22-cv-24119-FAM

Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
Ana Carolina Varela
Florida Bar No. 123069
cvarela@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Eric Loverro (admitted *pro hac vice*)
eric.loverro@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Claudia Ray, Esq. (admitted *pro hac vice*)
claudia.ray@kirkland.com
Justin Taylor (admitted *pro hac vice*)
justin.taylor@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Miranda D. Means (admitted *pro hac vice*)
Miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500

*Attorney for Defendants*

73