UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GR OPCO, LLC

    *Plaintiff*,

vs.

ELEVEN IP HOLDINGS LLC, GRASSY CREEK LLC, CS IRWIN LLC, IRWIN BACKCOUNTRY GUIDES, LLC, ALAN PIKE, and CHAD PIKE

    *Defendants*.

and

ELEVEN IP HOLDINGS LLC

    *Counterclaim Plaintiff*,

vs.

GR OPCO, LLC, 11USA GROUP, LLC, MARC ROBERTS, DENNIS DEGORI, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11TH STREET VENTURES, LLC, PMG-11TH STREET VENTURES II, LLC, BLOCK 17 TRUSTEE, LLC, BLOCK 17 RESIDENTIAL OWNER, LLC, and LION DEVELOPMENT OPPORTUNITY FUND LLC

    *Counterclaim Defendants.*

BLOCK 17 TRUSTEE, LLC and BLOCK 17 RESIDENTIAL OWNER, LLC,

    *Counterclaim Plaintiffs*,

vs.

ELEVEN IP HOLDINGS LLC

    *Counterclaim Defendant.*

Case No. 1:22-cv-24119-FAM-TORRES

**DEFENDANTS AND COUNTERCLAIM PLAINTIFF'S AMENDED REPLY STATEMENT OF FACTS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' RESPONSE STATEMENT OF ADDITIONAL FACTS (D.E. 514)**

Defendant/Counterclaim Plaintiff Eleven IP Holdings LLC ("EIP") and Defendants Grassy Creek LLC ("Grassy Creek"), CS Irwin, LLC ("CS Irwin"), Irwin Backcountry Guides, LLC ("IBG") (collectively, "Eleven"), Alan Pike, and Chad Pike, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, file this Amended Reply Statement of Facts to Plaintiff and Counterclaim Defendants' (collectively, "Defendants") Response Statement of Additional Facts ("SAF") filed on November 1, 2024 (D.E. 514).[1]

---

[1] Defendants' Response to Eleven's October 18, 2024, Amended Statement of Material Facts ("SOF") in Support of Eleven's Amended Motion for Partial Summary Judgment (D.E. 501) exceeded the page limits set by this Court in its July 12, 2024, Order, D.E. 189, as their Response was "not [to] exceed 15 pages," but was 19 pages. Defendants' Response also was formatted inconsistent with Local Rule 56.1 and Eleven's SOF, which gave Defendants even more space for their Response than Eleven had for its SOF, in contravention to the Court's Order, D.E. 189. Thus, Defendants' Response to Eleven's SOF should be stricken pursuant to Local Rule 56.1(d).

| SUMMARY OF REPLY ||
|---|---|
| 151 | **Disputed. Unsupported; Contrary to record evidence; Immaterial.** L.R. 56.1(a)(2), (b)(1)(B). The number of hotels open to guests is immaterial to the establishment of Eleven's trademark rights—there is no dispute that Eleven was offering hotel services as of November 11, 2011.  Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2] Defendants' cited evidence does not support its stated facts either. ▮▮▮▮▮. Ex. 566. The other cited document ▮▮▮▮▮▮. Ex. 567 at 1, 4 (▮▮▮▮▮▮▮▮▮▮▮▮). The testimony of Kyra Phelps (who was not the 30(b)(6) witness on this topic) also does not support Defendants' statement. Ms. Phelps never testified that no other properties were opened for guests in 2012 and 2013; she was only asked about bookings for Eleven's Scarp Ridge Lodge and Sopris House. Ex. 558 at 312:10-313:18. |
| 152 | **Disputed. Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2). As discussed in Eleven's Reply in Support of its Motion for Summary Judgment ("MSJ Reply"), which entities had business licenses in Crested Butte, CO, is not relevant. MSJ Reply §II and V. All that is required is that hotel services were rendered by an affiliated entity pursuant to a license and appropriate quality control. *Id.* That is the case here. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *E.g.*, Ex. 573 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Eleven further objects to Defendants' statement because the document cited does not have a Bates number, and thus appears to have not been produced during discovery. |
| 153 | **Disputed. Misleading and unsupported; Immaterial.** L.R. 56.1(a)(1), (b)(1)(B). As discussed in Eleven's MSJ Reply, the fact that IBG operates the hotel properties, and that CS Irwin provides other services for the hotels ▮▮▮▮▮▮▮▮▮▮▮ is not relevant. MSJ Reply §II and V. All that is required is that hotel services were rendered by an affiliated entity pursuant to a license and appropriate quality control. *Id.* That is the case here. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SOF ¶¶ 5-6. This is not unusual. To the contrary, it is common for there to be multiple entities with different roles in connection with real estate projects, including hotels, as is the case with Defendants' own properties. Ex. 562 at '696 ▮▮▮▮▮▮▮▮▮▮▮▮; D.E. 277-53 at '773 ▮▮▮▮▮▮▮▮▮▮▮; Ex. 574 ▮▮▮▮▮▮▮▮▮▮▮; D.E. 341-01, Ex. 512 ¶¶179-182 (*e.g.*, "it is very common that hotel brands do not own the properties where their hotel brands are located" as "[f]or example, many companies use franchisees to operate their hotels," or "have IP holding companies that license trademarks to hotel management companies or |

---

[2] All numbered exhibits are to the Declaration of Justin Taylor in Support of Eleven's Reply In Support of Motion For Partial Summary Judgment, filed on August 30, 2024 at D.E. 437.

| | **SUMMARY OF REPLY** |
|---|---|
| | the ventures that own the property where the hotel is located, as GR is itself doing with the E11EVEN Hotel and Residences property"); Ex. 561 at 15:12-16:6. ███████ ███████████████████████████████████████. *E.g.*, Ex. 559 at 145:6-8; D.E. 277-04. ███████████████████████████████████████████. Ex. 559 at 144:24-145:3; D.E. 277-03. ██████████████████████████████████████████████████. Ex. 559 at 76:24-77:6; D.E. 277-06; D.E. 277-05. EIP, IBG, Grassy Creek, and CS Irwin are affiliated entities. SOF ¶¶ 5-7. Eleven further objects to this statement to the extent the cited document, Defendants' Ex. 237, is illegible. |
| 154 | **Disputed. Unsupported; Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2), (b)(1)(B). As discussed in Eleven's MSJ Reply, it does not matter if CS Irwin has played a role in marketing the Eleven hotels. MSJ Reply §V. Other entities, particularly affiliated entities, can market and promote a trademark owners' goods/services. █ ████████████████████████████████████████████ Ex. 559 at 107:12-19; D.E. 277-05; Ex. 568; SOF ¶¶5,7; D.E. 277-03. █████████████████████████████████████ Ex. 565 ████████████; Ex. 558 at 173:11-174:6 ████████████████████████ Ex. 564 ██████. The fact that █████████████████████████ is not relevant, just as an invitation or marketing material may include even a third-party brand as well. The Eleven logo was used prominently at the November 11, 2011, grand opening. D.E. 249-34 (photograph showing logo projected on sidewalk in front of public hotel entrance); D.E. 249-35 (marketing materials at launch event); Ex. 572 (branded giveaway bags). Neither Kyra Phelps' cited testimony nor the cited exhibits support Defendants' claim that "CS Irwin put itself out front in launching the brand." *Cf.* Ex. 563 at '061-62. |
| 155 | **Disputed. Unsupported; Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2), (b)(1)(B). As discussed in Eleven's MSJ Reply, it does not matter if CS Irwin has played a role in marketing the Eleven hotels, nor does it matter if CS Irwin's cat-skiing clients (a business that had been operating before the Eleven hotel business began) were among Eleven's first hotel guests. MSJ Reply §II, V. Other entities, particularly affiliated entities, can market and promote a trademark owners' goods/services. *Id.* Regardless, █████████████████████████████████████████████████████ ██████████████████████████████████████████ Ex. 558 at 173:11-174:6 ████████████████████. Kyra Phelps also testified that █████ ███████████████████████████████████████ Ex. 558 at 172:4-9. Ms. Phelps did not testify that CS Irwin engaged in conduct to "put[] itself out front" at the November 11, 2011, launch party. |
| 156 | **Disputed. Unsupported; Immaterial.** L.R. 56.1(a)(1), (b)(1)(B). As discussed in Eleven's MSJ Reply, it does not matter if CS Irwin has played a role in marketing the Eleven hotels, nor does it matter if CS Irwin's cat-skiing clients (a business that had been operating before the Eleven hotel business began) were among Eleven's first hotel guests or if they attended the launch party. MSJ Reply §II, V. Other entities, particularly |

| | SUMMARY OF REPLY |
|---|---|
| | affiliated entities, can market and promote a trademark owners' goods/services. *Id.* Regardless, ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████ Ex. 558 at 171:11-172:9, 173:11-174:6 ███████████████. Defendants also mischaracterize the testimony. Kyra Phelps testified that ██████████████████████████████ █████████████████████████████████████ Ex. 558 at 175:6-176:7. |
| 157 | **Disputed. Unsupported; Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2), (b)(1)(B). As discussed in the MSJ Reply, it does not matter whether the Pike family, or employees who were not yet at the company, attended the launch party. MSJ Reply §II, V. Other entities, particularly affiliated entities, can market and promote a trademark owners' goods/services. *Id.* ███████████████████████████████ █████████████████████████. SOF ¶¶ 5-7. Kyra Phelps testified that ██████████████████████████████████████████████████████████████ █████████. Ex. 558 at 63:16-17; 220:19-23. ████████████████████ █████████████████████████████████████████████████. Ex. 558 at 15:20-24, 60:9-61:12; D.E. 277-16 at 131:3-8. |
| 158 | **Disputed. Unsupported; Misleading; Contrary to record evidence; Immaterial.** L.R. 56.1(a) (1), (2), (b)(1)(B). It does not matter whether EIP (a Delaware LLC) has filed a Foreign Limited Liability Company form with the state of Colorado. MSJ Reply §II, III, V. Such filings are not required for a company to offer goods or services in a given state. *Id.* Regardless, ████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████. Ex. 575; SOF ¶¶5-7; Ex. 556 at 18:21-19:16; Ex. 559 at 71:2-9, 77:16-22; 132:13-17. Eleven further objects that the document Defendants cited does not have a Bates number, and thus appears to have not been produced during discovery. |
| 159 | **Disputed. Misleading; Immaterial.** L.R. 56.1(a)(1). The date Grassy Creek filed a foreign corporation registration in the state of Colorado does not matter. MSJ Reply §II, III, V. What matters is whether services were rendered under the marks, including by an affiliated licensee. *Id.* Eleven was providing services starting in fall 2011, including by accepting hotel bookings as early as September 2011, publicly launching its website and first hotel on November 11, 2011, and hosting guests for overnight stays starting in December 2011. SOF ¶¶4, 9-11, 15. ███████████████████████████ ██████████████████████████████████████████████████████████ SOF ¶¶ 5-7; Ex. 562 at '696 (████████████ ██████); D.E. 277-53 at '773 (████████ ██████); Ex. 574 (███████████████ █████); D.E. 341-01, Ex. 512 ¶¶179-182 (*e.g.*, "it is very common that hotel brands do not own the properties where their hotel brands are located" as "[f]or example, many |

| | SUMMARY OF REPLY |
|---|---|
| | companies use franchisees to operate their hotels," or "have IP holding companies that license trademarks to hotel management companies or the ventures that own the property where the hotel is located, as GR is itself doing with the E11EVEN Hotel and Residences property"); Ex. 561 at 15:12-16:6. IBG and CS Irwin were registered to do business in Colorado as early as 2008 and 2009, respectively. Ex. 575. Eleven further objects that Defendants' cited document does not have a Bates number, and thus appears to have not been produced during discovery. |
| 160 | **Disputed. Misleading; Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2), (b)(1)(B). A business owner need not have detailed, encyclopedic knowledge off the top of their heads regarding the corporate structure of the business, and such testimony is immaterial to any issue on Summary Judgment. ████████████████████████ ████████████████████████████ Regardless, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ SOF ¶¶5-7; Ex. 562 at '696 (████████████████████████); D.E. 277-53 at '773 (████████████████); Ex. 574 ████████████████████████████████████████████████; D.E. 341-01, Ex. 512 ¶¶179-182 (e.g., "it is very common that hotel brands do not own the properties where their hotel brands are located" as "[f]or example, many companies use franchisees to operate their hotels," or "have IP holding companies that license trademarks to hotel management companies or the ventures that own the property where the hotel is located, as GR is itself doing with the E11EVEN Hotel and Residences property"); Ex. 561 at 15:12-16:6; Ex. 556 at 16:6-21:18. |
| 161 | **Disputed. Misleading and Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2), (b)(1)(B). The owner of the physical land or hotel property does not matter, nor does it matter whether the physical property is "rented." Regardless, ██████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████. Ex. 559 at 69:7-14; EIP SOF ¶¶ 5-7; Ex. 562 at '696 (████████████ ████████████); D.E. 277-53 at '773 (████████); Ex. 574 (████████████████████); D.E. 341-01, Ex. 512 ¶¶179-182 (e.g., "it is very common that hotel brands do not own the properties where their hotel brands are located" as "[f]or example, many companies use franchisees to operate their hotels," or "have IP holding companies that license trademarks to hotel management companies or the ventures that own the property where the hotel is located, as GR is itself doing with the E11EVEN Hotel and Residences property"); Ex. 561 at 15:12-16:6. |
| 162 | **Disputed. Misleading and not a fact; Immaterial.** L.R. 56.1(a)(1). Eleven had the requisite health and safety certificates in place at the time of Eleven's launch on November 11, 2011, as well as when the first overnight guests stayed in late December 2011. D.E. 248 ¶¶111, 112. Moreover, Keon was not asked about facts pertaining to this case in this misleading excerpt of his deposition, and was instead being asked a hypothetical. Ex. 557 at 131:25-132:9. |

4

| | SUMMARY OF REPLY |
|---|---|
| 163 | **Disputed. Unsupported; Misleading and Contrary to record evidence.** L.R. 56.1(a)(2), (b)(1)(B). ███ and that ███ Ex. 560 at 104:3-105:21. This testimony is corroborated by Kyra Phelps, Eleven's 30(b)(6) witness. Ex. 558 at 173:18-174:6. The invitation for the launch ███. Ex. 560 at 104:3-105:8; Ex. 571; Ex. 570; Ex. 564. |
| 164 | **Disputed. Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2). ███. EIP SOF ¶¶5-6. Defendants' cited Ex. N ███. Phelps Decl.[3] ¶4. Contrary to Defendants' representation, ███ Phelps Decl. ¶5. Eleven further objects that the documents Defendants cited do not have Bates numbers, and thus appear to have not been produced during discovery. |
| 165 | **Disputed. Misleading and Contrary to record evidence; Immaterial.** L.R. 56.1(a)(1), (2). As discussed in the MSJ Reply, awareness of the E11even nightclub does not matter as nightclub services are materially different from hotel services, and the nightclub services are not being challenged in this litigation. MSJ Reply §VI. This is supported by Chad Pike's testimony, ███ Ex. 560 at 241:21-242:19. |
| 166 | Stan Sneeringer, GR's 30(b)(6) witness and trademark attorney, testified that he informed GR's three principles—Dennis DeGori, Michael Simkins, and Marc Roberts—about EIP's registrations, including for the ELEVEN word mark, when the PTO refused GR's applications on that basis in June 2020 (and before the Infringing Hotels were announced). Declaration of Eric Loverro, dated November 8, 2024, Ex. 627 at 237:12–19 ("Q. Did you do anything to inform them about the registrations that were cited against their applications? ***A. Yes.*** Q. And what did you do to inform them of that? ***A. I had privileged communications with them about the fact that the registrations existed and what that meant for our applications.***"), 236:2–17 (testifying the discussions "would have been **between June 28th, 2020, and January 19th, 2021**"); SOF ¶26. |

---

[3] The Declaration of Kyra Phelps, dated August 30, 2024, is filed at D.E. 424-01.

November 8, 2024

Respectfully submitted,

*/s/ Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Claudia Ray (admitted *pro hac vice*)
claudia.ray@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Eric Loverro (admitted *pro hac vice*)
eric.loverro@kirkland.com
Justin Taylor (admitted *pro hac vice*)
justin.taylor@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Miranda D. Means (admitted *pro hac vice*)
miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500

*Attorneys for Eleven IP Holdings LLC, Grassy Creek LLC, CS Irwin LLC, Irwin Backcountry Guides, LLC, Chad Pike, and Alan Pike*