**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO: 1:22-cv-24119-MORENO-TORRES

GR OPCO, LLC,

    Plaintiff,

vs.

ELEVEN IP HOLDINGS, LLC,
GRASSY CREEK LLC,
CS IRWIN LLC, IRWIN
BACKCOUNTRY GUIDES, LLC,
ALAN PIKE, and CHAD PIKE,

    Defendants,

    and

ELEVEN IP HOLDINGS, LLC,

    Counterclaim-Plaintiff,

vs.

GR OPCO, LLC, 11USA GROUP, LLC, MARC ROBERTS, DENNIS DEGORI, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11th Street Ventures, LLC, PMG-11th Street Ventures II, LLC, Block 17 TRUSTEE, LLC, BLOCK 17 Residential Owner, LLC, and LION DEVELOPMENT OPPORTUNITY FUND LLC

    Counterclaim-Defendants.

BLOCK 17 TRUSTEE, LLC and BLOCK 17 RESIDENTIAL OWNER, LLC,

    Counterclaim-Plaintiffs,

vs.

ELEVEN IP HOLDINGS, LLC

    Counterclaim-Defendant.

**PLAINTIFF AND COUNTERCLAIMANTS' MOTION TO STRIKE DEFENDANTS AND COUNTERCLAIM-PLAINTIFF'S RESPONSE TO AMENDED STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENTS OF ADDITIONAL FACTS**

Pursuant to Local Rule 56.1 of the United States District Court for the Southern District of Florida, Plaintiff GR Opco, LLC, d/b/a E11EVEN ("GR"), and Counterclaim-Defendants 11USA GROUP, LLC ("11 USA"), MARC ROBERTS, DENNIS DEGORI, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11TH STREET VENTURES, LLC, PMG-11TH STREET VENTURES II, LLC, LION DEVELOPMENT OPPORTUNITY FUND LLC, BLOCK 17 TRUSTEE, LLC and BLOCK 17 RESIDENTIAL OWNER, LLC (together with Block 17 Trustee LLC, "Block 17"), (collectively, the "Movants"), respectfully move this Court for an order striking Defendant ELEVEN IP HOLDINGS, LLC's ("EIP") Response to Movants' Amended Statement of Undisputed Material Facts and Additional Statement of Material Facts in support of EIP's Opposition to Movants' Motion for Partial Summary Judgment (the "Response"). [ECF No. 495]. EIP's Response must be stricken under Local Rule 56.1 because it contains numerous misrepresentations of the record evidence, it fails to provide pinpoint citations in several paragraphs, and it sets forth various impermissible legal conclusions and opinions rather than factual assertions. In support, Movants state as follows.

## RELEVANT BACKGROUND

Movants filed their Joint Motion for Summary Judgment on July 26, 2024. [ECF No. 241]. Consistent with Local Rule 56.1, Movants filed their initial Statement of Material Facts [ECF No. 248], and subsequently filed a corrected version of the statement of material facts [ECF No. 284]. On September 17, 2024, the Court entered a paperless order denying as moot Movants' Joint Motion for Partial Summary Judgment and directing Movants to file an Amended

2

Joint Motion for Summary Judgment on or before October 3, 2024. [ECF No. 459]. Consistent with the Court's Order, Movants filed their Amended Joint Motion for Summary Judgment [ECF No. 482] and their Amended Statement of Undisputed Material Facts on October 3, 2024. [ECF No. 483]. Subsequently, on October 17, 2024, EIP filed its Response to Movants' Amended Statement of Undisputed Material Facts and Additional Statement of Material Facts in support of EIP's Opposition to Movants' Motion for Partial Summary Judgment. [ECF No. 495].

EIP's Response does not comply with numerous requirements of Local Rule 56.1. Specifically, the Response contains extensive misrepresentations of the record evidence that it cites, various portions of the Response do not contain pinpoint citations, there are various instances where the Response includes impermissible legal conclusions instead of factual assertions, and the Response fails to comply with Local Rule 56.1 in numerous other respects. As set forth in detail below, the deficiencies that are present in EIP's Response have substantially prejudiced the Movants' ability to respond to the disputed material facts and will hinder the Court's ability to efficiently evaluate the parties' summary judgment papers.

## **LEGAL STANDARD**

Local Rule 56.1 sets forth, among other things, the requirements for statements of material facts in support of, or in opposition to, motions for summary judgment. *See* S.D. Fla. L.R. 56.1. Under the clear text of that rule, all statements of material facts and response statements of material facts must adhere to the following requirements that are relevant to the instant motion:

> 1. All statements of material fact and response statements of material fact must be supported by specific, pinpoint citations to the record. *See* S.D. Fla. L.R. 56.1(b)(1)(B).
>
> 2. Statements of material fact and response statements of material fact must solely consist of factual assertions and cannot contain legal conclusions and opinions. *Id.*

    3.    Response statements of material facts must clearly dispute or admit facts by referencing specific record evidence. *See* S.D. Fla. L.R. 56.1(b)(2)(B).

The purpose of Local Rule 56.1's requirements is to ensure that the record evidence is clearly organized in such a way that the parties and the Court can efficiently identify what facts are in dispute and what evidence supports each party's position. *See State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. B&A Diagnostic, Inc*., 145 F. Supp. 3d 1154, 1158 (S.D. Fla. 2015) ("Local Rule 56.1(b) serves a vital purpose in 'help[ing] the court identify and organize the issues in the case.'" (quoting *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1303 (11th Cir.2009))). Moreover, Local Rule 56.1 prevents the waste of judicial and party resources by sparing them from having to "scour the record and perform time-intensive fact searching." *Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012). Therefore, "if a party fails to file a statement of facts that complies with Local Rule 56.1, then consistent with Federal Rule of Civil Procedure 56, the Court may strike the statement, grant relief to the opposing party, or enter other sanctions that the Court deems appropriate." *Campbell v. Allstate Ins. Co*., No. 2:19-CV-14270-RLR, 2021 WL 148735, at *3 (S.D. Fla. Jan. 15, 2021).

## ARGUMENT

    EIP's Response violates Local Rule 56.1 through egregious misrepresentations of the record evidence, lack of pinpoint citations, improper legal conclusions, and other defects that distort the record evidence and make it exceptionally difficult for the Court to evaluate the facts in this case.[1] Consistent with the Local Rule and precedent, EIP's Response must be stricken.

---

[1] Because EIP's Local Rule 56.1 violations are too numerous to fully cite, the instant motion sets forth notable examples and general descriptions of these violations. To facilitate the Court's analysis of this motion, Movants have attached a comprehensive list of every violation that is present in EIP's Response as **Exhibit A**.

A.     **EIP's Response Frequently Misrepresents the Record Evidence it Cites.**

The Response must be stricken because EIP repeatedly cites evidence that is inconsistent with or even directly contradicts its factual assertions in the Response. To illustrate, in paragraph 24 of the Response, Defendants assert that "there is no agreement transferring the common law marks from Marksmen to GR." [ECF No. 495 p. 2, ¶ 24]. This assertion mischaracterizes the cited evidence, which clearly does not support the proposition that there is no agreement transferring the common law marks from Marksmen, Inc., to GR. Instead, the testimony that is cited by EIP in support of this Response paragraph, *see* [ECF No. 380-11 at 203:9-13], clearly reveals that Marksmen, Inc., obtained an assignment from 11th Ave. Corp. on behalf of GR Opco, LLC, for common law rights to multiple marks. Similarly, in paragraph 91 of the Response, EIP asserts that the Eleven Taylor River Lodge is an "award-winning luxury property." [ECF No. 495 p. 6, ¶ 91]. The record evidence that EIP cites in support of this statement, however, contains no reference to such awards, thereby rendering this claim unsupported and misleading. Subsequently, in paragraph 203, EIP states that Eddie Franco "only searched for Eleven Experiences." [ECF No. 495 p. 12, ¶ 203]. The testimony that EIP cites, however, reveals that Eddie Franco searched for all names including "Eleven Experiences," not that this was the only search he completed.

EIP's violations of Local Rule 56.1 are not limited to just its response statement of material facts. Indeed, EIP's statement of additional material facts also contains numerous violations of Local Rule 56.1 that reflect the same pattern of misrepresentation that permeates throughout EIP's response statement of material facts. To illustrate, paragraph 1 of the additional statements of material fact mischaracterizes Alan Pike's deposition testimony. EIP erroneously claims in this paragraph that Alan Pike indicated trademark filings were submitted over a decade ago. [ECF No. 495 p. 1, ¶ 1 (Statement of Additional Facts Section)]. There is no such statement appearing in the

cited testimony, however. Additionally, both paragraphs 1 and 3 reference the sworn declaration of Alan Pike without providing any record citation, which makes it unclear whether this document is even present in the record evidence. [ECF No. 495 p. 1, ¶¶ 1, 3 (Statement of Additional Facts Section)]. Paragraph 5 of the statement of additional material facts is deficient in the same way because it asserts facts that the cited deposition testimony does not substantiate. [ECF No. 495 p. 1, ¶ 5 (Statement of Additional Facts Section)].

The misrepresentations cited above are not exhaustive; they pervade throughout the entirety of EIP's Response, as reflected in the comprehensive analysis chart set forth in Exhibit A. Indeed, 35 of the 190 facts that are disputed by EIP, or 18.4%, contain misrepresentations of the record evidence. The same is true for EIP's statement of additional facts, which contains 14 paragraphs (20.9% of the contested paragraphs) that misrepresent or mischaracterize the record evidence. Accordingly, the Court must strike EIP's Response in its entirety because it is rife with inaccurate descriptions of the record evidence that improperly distort the factual narrative, that improperly prejudice the arguments raised in Movants' motion summary judgment and that disrupt the Court's assessment of the facts that are in dispute in these proceedings. *See Campbell*, No. 2:19-CV-14270-RLR, 2021 WL 148735, at *3.

**B.     Failure to Provide Pinpoint Citations**

EIP's Response must be stricken because it also fails to comply with Local Rule 56.1(b)(1)(B), which requires specific, pinpoint citations to support each fact that is set forth in statements of material facts. *See* S.D. Fla. L.R. 56.1(b)(1)(B). EIP's Response often fails to provide pinpoint citations, which has forced Movants to expend an inordinate amount of time attempting to verify the assertions in the Response. For example, in paragraph 118 of the Response, EIP references three exhibits without providing a single pinpoint citation. [ECF No. 495 p. 7, ¶ 118].

Similarly, in response to paragraph 189 of Movants' amended statement of material facts, EIP cites to paragraph 46 of EIP's statement of material facts. [ECF No. 495 p. 11, ¶ 189 (citing ECF No. 248 ¶ 46)]. Paragraph 46 of EIP's statement of material facts references two exhibits but fails to provide a single pinpoint citation for this evidence. Additionally, in paragraph 16 of the Response, EIP provides multiple responses and cites to multiple exhibits without specifying which responses correspond to which specific record citations. [ECF No. 495 pp. 1–2, ¶ 16]. These omissions force Plaintiff and the Court to comb through extensive materials to locate the relevant evidence that is being referenced.

EIP further fails to comply with Local Rule 56.1 by omitting pinpoint citations in various paragraphs of its statement of additional material facts, including paragraphs 25, 42, 44, 53, 54, 57, 58, 64, 72, 73, 74, 75, 76, 77, 78, 85 and 87 [ECF No. 495 pp. 2–5 (Statement of Additional Facts Section)]. These paragraphs cite multiple exhibits without identifying specific pages or sections, thereby creating an undue burden on Movants and the Court in locating relevant evidence. This deficiency is particularly glaring in paragraph 54 of the statement of additional material facts, where EIP references six exhibits without providing a single pinpoint citation. [ECF No. 495 p. 4, ¶ 54 (Statement of Additional Facts Section)]. This citation deficiency makes it impossible for Movants (and the Court) to verify the statements set forth in these paragraphs.

Eleven's violations of the pinpoint-citation requirements under Local Rule 56.1 hinder the Movants' ability to address the facts and obstruct a fair resolution of the Movants' motion for summary judgment. This is evidenced by the fact that 20 of the 190 facts that are disputed by EIP in its response to Movants' amended statement of undisputed facts, or 10.5%, and 19 (or 28.4%) of the 67 contested paragraphs in the statement of additional facts contain some form of citation deficiency. Therefore, the Court should strike the Response on this basis as well. *See Banuchi v.*

*City of Homestead*, 608 F. Supp. 3d 1206, 1215 (S.D. Fla. 2022) ("First, in referencing five pages of Rogers's deposition, the citation violates Local Rule 56.1(b)(1)(B)'s requirement that each fact must be supported by specific, pinpoint references to particular parts of record material and that pinpoint references shall reference pages [ ]and line numbers, if appropriate. For that reason alone the Court can strike this part of Banuchi's statement and thus deem the Defendants' well supported fact admitted. L.R. 56.1(c)–(d)." (quotations omitted)).

## C.     Inclusion of Legal Conclusions Rather Than Facts

The Response must also be stricken because it is rife with legal conclusions and opinions. This is inappropriate. *See Hurtado v. Raly Dev., Inc.*, No. 11-24476-CIV, 2012 WL 3687488, at *15 n.21 (S.D. Fla. Aug. 27, 2012) (Altonaga, J.) ("[I]t is inappropriate to raise legal argument in a statement of material fact." (citations omitted)); *Deegan v. Aquino*, No. 16-22820-CIV, 2018 WL 10399979, at *2 (S.D. Fla. Feb. 23, 2018).

For example, in paragraph 34 of the Response, EIP dismisses, in conclusory fashion, Movants' statement of material fact as a "legal conclusion." Paragraph 34, however, fails to cite any supporting testimony or exhibits in support of this contention. [ECF No. 495 p. 3, ¶ 34]. EIP also commits the same infraction in paragraphs 136 and 137 of the Response. [ECF No. 495 p. 8, ¶¶136 –137]. Moreover, in paragraph 48 of the Response, EIP asserts that "the Eleven Marks are protected by several incontestable registrations, making them presumably distinctive." [ECF No. 495 p. 3, ¶ 48]. This is a legal conclusion that simply does not belong in a response to a statement of material facts because it confuses the matters before the Court and violates Local Rule 56.1.

EIP's statement of additional facts is also fatally deficient because it contains numerous paragraphs that set forth improper legal conclusions and opinions, rather than facts. This deficiency is specifically present in paragraphs 26, 59, 65, 66, 67 and 85 of the statement of additional facts.

[ECF No. 495 pp. 2, 4, 5 (Statement of Additional Facts Section)]. Paragraph 59 of the statement of additional material facts, for instance, contains the assertion that "Plaintiff had actual knowledge of Defendants' marks." [ECF No. 495 p. 4, ¶ 59 (Statement of Additional Facts Section)]. This is a blatant and impermissible legal conclusion that should not be present in a statement of material fact. In the same vein, paragraph 26 of the additional statement of material facts is a legal conclusion, not a statement of fact, because it contains the assertion that consumers are likely to view West Eleventh as an extension of the E11even brand, which is a legal determination that the Court must make. [ECF No. 495 p. 2, ¶ 26 (Statement of Additional Facts Section)]. Importantly, a line-item analysis of EIP's response to Movants' amended statement of undisputed facts and its statement of additional facts reveals that 25 (or 13.2%) of the 190 disputed paragraphs and 18 (or 26.9%) of the 67 contested statements of additional fact contain impermissible legal conclusions or opinions rather than facts. Accordingly, the Response must be stricken in its entirety. *See Deegan*, No. 16-22820-CIV, 2018 WL 10399979, at *2 ("'[S]tatements in the form of issues or legal conclusions (rather than material facts) will not be considered by the Court.'" (quoting *Fin. Fed. Credit Inc. v. Boss Transp., Inc.*, 456 F. Supp. 2d 1367, 1371 (M.D. Ga. 2006))).

**D.     Other Violations of Local Rule 56.1 in EIP's Statement of Additional Material Facts**

EIP's violations of Local Rule 56.1 are not limited to just the categories of violations identified above. Indeed, there are numerous paragraphs within the Response that are either unrelated to the statement asserted, incoherent, or contain ambiguous statements or undefined terms.

Certain paragraphs within EIP's Response contain citations to evidence that have no logical relationship or nexus with the statements made. For instance, Paragraphs 105, 111, 113, 114, 117, 140, 220, and 225 of the Response reference record evidence that has no logical relationship with

9

the assertions made within those paragraphs. [ECF No. 495 pp. 6, 7, 8, 13, 14]. This misalignment between the citations and the claimed facts creates confusion and potentially misleading interpretations of the record.

Moreover, some paragraphs within the Response are simply incoherent, which makes it challenging to discern EIP's intended argument. For instance, Paragraph 199 of the Response is so poorly constructed that it is unclear what EIP is attempting to convey or how the cited testimony is relevant to the statement EIP attempts to assert. [ECF No. 495 p. 12, ¶ 199]. Paragraph 141 is similarly confusing because it includes a mixture of citations and arguments that do not clearly address the point being made in the corresponding statement of material fact, rendering it difficult to follow EIP's reasoning in its response statement. [ECF No. 495 p. 18, ¶ 141].

Lastly, certain statements use terms such as "luxury amenities" or "five-star accommodations" without clear definitions, as seen in Paragraphs 27 and 28 of the additional statement of material facts. [ECF No. 495 p. 2, ¶¶ 27–28 (Statement of Additional Facts Section)]. Additionally, Paragraph 53 of the additional statement of material facts describes E11even's presence in "luxury media publications" without explaining or defining what qualifies as such. [ECF No. 495 p. 3, ¶ 53 (Statement of Additional Facts Section)]. These ambiguities and undefined terms make it difficult to assess the veracity of each defective statement in the Response. Indeed, 38 (or 20%) of the 190 contested paragraphs in EIP's response to Movants' amended statement of undisputed facts paragraphs and 7 (or 10.4%) of the 67 contested paragraphs in the statement of additional material facts suffer from these kinds of defects.

These pervasive issues in EIP's Response make a mockery of Local Rule 56.1's requirements and serve as an independent basis for striking the Response. *See TOA Trading LLC v. Mullen Auto., Inc.*, No. 22-21089-CV, 2024 WL 2132885, at *1 n.2 (S.D. Fla. Apr. 24, 2024)

("[V]ague assertions, without evidentiary citations, violate Local Rule 56.1."); *Campbell v. Boies, Schiller, Flexner LLP*, 543 F. Supp. 3d 1334, 1338 n.2 (S.D. Fla. 2021) ("To the extent Plaintiff's Resp. 56.1 alleges facts that are immaterial to the issues at hand, conclusory, or simply *ad hominem* attacks…. the Court will not expend valuable judicial resources resolving such factual disputes." (internal and external citation omitted)).

**E.     EIP's Violations of Local Rule 56.1 are so Pervasive That the Response Must be Stricken in its Entirety**

EIP's violations under Local Rule 56.1 are so pervasive that the Court should enter an order striking the Response in its entirety. For the Court's convenience, Movants have completed a line-item analysis of EIP's Response that details the number and percentage of deficient statements for each category of violations. The results of this analysis, which are set forth below, make it clear that EIP's violations of Local Rule 56.1 are egregious, pervasive and warrant an order striking the Response in its entirety.

EIP's response to Movants' Amended Statement of Undisputed Material Facts contains a total 228 paragraphs. Of these 228 paragraphs, 38 are undisputed, which leaves 190 contested paragraphs. Of these 190 contested paragraphs, a staggering 96 (or 50.5%) violate Local Rule 56.1 in one or more ways. Similarly, EIP's Statement of Additional Material Facts contains 86 total paragraphs, of which 19 are undisputed. Of the remaining 67 contested paragraphs, 48 paragraphs violate Local Rule 56.1 in one or more ways. This means that 71.6%—a substantial majority—of the 67 contested additional facts are inappropriate. In any event, **more than half of the statements violate the local rules.**

The pervasive nature of these violations across the entirety of the Response compromises the fairness of the litigation process and imposes an undue burden on both the Court and Movants to evaluate the contents of EIP's Response. Based on the foregoing, striking the Response in its

11

entirety is the most appropriate remedy to address these rampant Local Rule 56.1 violations. *See Batista v. Avant Assurance Inc.*, No. 22-22671-CIV, 2023 WL 4370756, at *1 (S.D. Fla. May 22, 2023) (Altonaga, J.) (denying motion for summary judgment without leave to refile due to rampant violations of Local Rule 56.1 in the statement of material facts). However, if the Court is not inclined to strike the entire Response, it should, at minimum, strike the noncompliant portions of the Response that contain misrepresentations, legal conclusions, citation deficiencies, and other significant defects. Granting the relief sought by Movants would prevent EIP from benefiting from its failure to comply with Local Rule 56.1, and it would prevent the squander of significant judicial resources that will be necessary to evaluate EIP's woefully deficient Response.

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request that this Court enter an order striking EIP's Response to Movants' Amended Statement of Undisputed Material Facts and Additional Statement of Material Facts [ECF No. 495] in its entirety or, in the alternative, striking the numerous noncompliant portions of EIP's Response, and ordering any other relief the Court deems appropriate.

Date: November 14, 2024.                         Respectfully submitted,

**Jordi C. Martinez-Cid**
Jordi C. Martinez-Cid
Fla. Bar No. 100566
E-mail: jmartinez-cid@martinez-cidlaw.com
E-mail: service@martinez-cidlaw.com
Andy Hernandez
Fla. Bar. No. 1018581
E-mail: ahernandez@martinez-cidlaw.com
Martínez-Cid Law
2525 Ponce de León Blvd., 5th Floor
Coral Gables, Florida 33134
Telephone: (305) 358-2800

-and-

Robert H. Thornburg
Fla. Bar No. 630829
E-Mail: rthornburg@allendyer.com
James R. Leahy
Fla. Bar No. 1044500
E-Mail: jleahy@allendyer.com
**ALLEN, DYER, DOPPELT**
**& GILCHRIST, P.A.**
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone: (305) 374-8303
Facsimile: (305) 374-8306

*Attorneys for GR Opco, LLC d/b/a/ E11EVEN*

-and-

**Kilpatrick Townsend & Stockton LLP**
Joseph P. Hynes
jhynes@ktslaw.com
100 Second Avenue South, Suite 706
St. Petersburg, Florida 33701
Tel.: 727.268.0594
Jonathan W. Thomas (admitted *pro hac vice*)
jwthomas@ktslaw.com
The Grace Building
1114 Avenue of the Americas
New York, New York 10020
Tel.: 212.775.8856
Shreya Desai (admitted *pro hac vice*)
spdesai@ktslaw.com
1100 Peachtree Street. Suite 2800
Atlanta, Georgia 30309
Tel.: 404.815.6032

*Attorneys for Counterclaim-Defendants Block 17 Trustees, LLC; and Block 17 Residential Owners, LLC*

-and-

**Marcus Neiman Rashbaum & Pineiro LLP**
Jeffrey A. Neiman, Esq.

13

Florida Bar No. 544469
jneiman@mnrlawfirm.com
Jeffrey E. Marcus, Esq.
Florida Bar No. 310890
jmarcus@mnrlawfirm.com
Bryan A. Almeida, Esq.
Florida Bar No. 1005558
balmeida@mnrlawfirm.com
One Biscayne Tower
2 S. Biscayne Blvd., Ste. 2530
Miami, Florida 33131
Telephone: (305) 400-4260

*Counsel for Counterclaim Defendants Property Markets Group, Inc.; PMG-11th Street Ventures, LLC; PMG-11th Street Ventures II, LLC; Michael Simkins, Marc Roberts, Marc Roberts Companies LLC, and Lion Development Opportunity Fund LLC*

-and-

**PEDERSEN & HOUPT, a Prof. Corp**.
Lawrence W. Byrne, Esq.
(admitted *pro hac vice*)
Ill. Bar No. 6208752
email: lbyrne@pedersenhoupt.com
161 N. Clark Street, Ste. 2700
Chicago, Illinois 60601
Telephone: 312-261-2155

-and-

**Weisberg IP Law P.A.**
Elissa A. Tisdahl
Fla. Bar No. 85521
1232 N. University Drive
Plantation, FL 33322
Telephone: 954-828-1488

*Attorneys for 11USA Group, LLC and Dennis DeGori*

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movants has conferred with all parties or non-parties who may be affected by the relief sought in this motion, and counsel for Defendants have advised that they oppose the relief sought in this motion. Specifically, counsel for movants conferred with counsel for Defendant ELEVEN IP HOLDINGS, LLC, regarding the relief sought in this motion via e-mail on November 12 and 13, 2024. Moreover, counsel for movants conferred with counsel for Defendant ELEVEN IP HOLDINGS, LLC, regarding the relief sought in this motion through a telephonic conference that was held on November 14, 2024. Counsel for the parties discussed the substance of this motion during these conferrals but were unable to reach a resolution.

                                                                             **Jordi C. Martinez-Cid**
                                                                             Jordi C. Martinez-Cid