**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

GR OPCO, LLC

    *Plaintiff*,

vs.

ELEVEN IP HOLDINGS LLC, GRASSY CREEK LLC, CS IRWIN LLC, IRWIN BACKCOUNTRY GUIDES, LLC, ALAN PIKE, and CHAD PIKE

    *Defendants*.

and

ELEVEN IP HOLDINGS LLC

    *Counterclaim Plaintiff*,

vs.

GR OPCO, LLC, 11USA GROUP, LLC, MARC ROBERTS, DENNIS DEGORI, MICHAEL SIMKINS, MARC ROBERTS COMPANIES LLC, PROPERTY MARKETS GROUP, INC., PMG-11TH STREET VENTURES, LLC, PMG-11TH STREET VENTURES II, LLC, BLOCK 17 TRUSTEE, LLC, BLOCK 17 RESIDENTIAL OWNER, LLC, and LION DEVELOPMENT OPPORTUNITY FUND LLC

    *Counterclaim Defendants.*

BLOCK 17 TRUSTEE, LLC and BLOCK 17 RESIDENTIAL OWNER, LLC,

    *Counterclaim-Plaintiffs*,

vs.

ELEVEN IP HOLDINGS LLC

    *Counterclaim Defendant.*

Case No. 1:22-cv-24119-FAM-TORRES

**ELEVEN'S LIST OF PENDING MOTIONS**

Defendant/Counterclaim Plaintiff Eleven IP Holdings LLC ("EIP") and Defendants Grassy Creek LLC ("Grassy Creek"), CS Irwin, LLC ("CS Irwin"), Irwin Backcountry Guides, LLC ("IBG"), Alan Pike, and Chad Pike (collectively, "Eleven"), file the below List of Pending Motions in Response to the Court's Order Requiring Parties to Submit Lists of Pending Motions (D.E. 534), dated January 6, 2025.  Along with some of these motions, Eleven has filed accompanying sealing motions, which have been identified in the "Filing Date" column below.  As an update to the Court, the Parties are close to reaching a settlement in principle.  As of the date of filing the submission, the Parties are in the process of papering the agreement.

| Pending Motion | Filing Date | Nature of Relief Sought |
|---|---|---|
| Motion *in Limine* to Exclude Argument, Testimony, Evidence, or Suggestion Related to Crested Butte Hostel | 07/26/2024 (D.E. 206) | The Court should preclude Counterclaim Defendants from introducing any argument, evidence, testimony, or suggestion related to the Crested Butte Hostel, which is a property that is wholly unrelated to the ELEVEN brand and ELEVEN Marks.  The Crested Butte Hostel, and any non-ELEVEN branded offerings are irrelevant to any claim or defense in this case.  Further, evidence relating to the Crested Butte Hostel is unfairly prejudicial because it would only serve as an implicit suggestion that its services are part of those the jury must consider and Eleven would be required to take up time to rebut irrelevant evidence. |
| Motion *in Limine* to Exclude Argument, Testimony, Evidence, or Suggestion Related to Chad Pike | 07/26/2024 (D.E. 207) | The Court should preclude Counterclaim Defendants from introducing documents, evidence, arguments, and testimony related to Chad Pike's personal wealth or media coverage that is not related to his involvement in Eleven or this dispute.  Any information about Mr. Pike that is unrelated to his involvement with Eleven is irrelevant to the claims or defenses in this case.  Further, information about Mr. Pike's personal wealth is more prejudicial than probative because it would be used solely to unfairly prejudice the jury and is likely to confuse the issues in this case. |
| Motion *in Limine* to Exclude Argument, Testimony, Evidence, or Suggestion Related to Irrelevant Third-Party Uses | 07/26/2024 (D.E. 208) | The Court should preclude Counterclaim Defendants from introducing argument, testimony, evidence, or suggestion related to various third-party entities that use the number "11," the term "eleven" or variations thereof for unrelated goods and services that are outside of the scope of the relevant services in this case, (i.e. luxury hotel and accommodations) because |

1

| **Pending Motion** | **Filing Date** | **Nature of Relief Sought** |
|---|---|---|
| | | they are irrelevant. . The majority of third-party marks relate to various entirely unrelated industries such as bus stations, pizzerias, hair salons, and convenience stores. Further, the inclusion of third-party uses of "11" or "eleven" in the trial is more prejudicial than probative, as they would confuse the jury and cause unnecessary mini trials over how these third parties are using these marks in connection with completely unrelated industries. |
| Motion *in Limine* to Exclude Documents, Evidence, Arguments, and Testimony Related to Personal Ancillary Disputes | 07/26/2024 (D.E. 216), Sealed (D.E. 262-01) | The Court should preclude Counterclaim Defendants from introducing any evidence concerning personal ancillary and unrelated legal disputes involving Eleven's fact and expert witnesses because these prior disputes are irrelevant to the claims and defenses at issue and any probative value of this evidence is outweighed by the prejudicial effect, will confuse the jury, and waste time. Counterclaim Defendants conducted investigations into the personal lives of Eleven's witnesses and intend to introduce evidence on wholly irrelevant topics that have no substantial purpose other than to embarrass or harass Eleven's witnesses. Evidence, documents or testimony concerning the personal lives and unrelated legal disputes of Eleven's witnesses have no relevance to the trademark issues in this case, and would prove more prejudicial than probative, and thus should be excluded. |
| Motion *in Limine* to Exclude Documents, Evidence, Arguments, and Testimony Related to Allegations Concerning Eleven's Permitting | 07/26/2024 (D.E. 217), Sealed (D.E. 263-01) | The Court should preclude Counterclaim Defendants from introducing evidence concerning Eleven's permitting, and specifically, evidence related to Eleven's Certificates of Occupancy. Argument, testimony, evidence, or suggestion that Eleven did not have a Certificate of Occupancy as of November 11, 2011, is (1) irrelevant to any claims or defenses in this case, and (2) untrue, because Eleven did have the health and safety certificates necessary to open its first hotel on November 11, 2011. Further, any alleged probative value of evidence concerning any Certificate of Occupancy, including whether Eleven had one and whether one was actually necessary under the law, is outweighed by the risk of prejudicing and misleading the jury and confusing the issues, miring this trial in irrelevant mini trials on building regulations and permits in Crested Butte, |

2

| **Pending Motion** | **Filing Date** | **Nature of Relief Sought** |
|---|---|---|
| | | Colorado, which have nothing to do with any of the claims and defenses in this case. |
| Motion *in Limine* to Exclude Documents, Evidence, Arguments, and Testimony Related to Business Operations | 07/26/2024 (D.E. 218) | The Court should preclude Counterclaim Defendants from introducing any argument, testimony, or suggestion from Counterclaim Defendants' own employees and executives related to Eleven's business operations. In particular, Eleven expects Counterclaim Defendants will submit testimony from their own employees, and Defendant, Michael Simkins, concerning how Eleven's business is structured, run, and operated. This evidence should be excluded under Federal Rule 602 for lack of personal knowledge, as speculative, and as improper expert opinion. |
| Motion *in Limine* to Exclude Documents, Evidence, Arguments, and Testimony Related to Any Irrelevant Employment or Personal Disputes | 07/26/2024 (D.E. 220), Sealed (D.E. 265-01) | The Court should preclude Counterclaim Defendants from introducing any argument, testimony, evidence, or suggestion concerning employment or personal disputes, and specifically, any employment or personal disputes surrounding two specific employees. Counterclaim Defendants' attempt to (1) introduce allegations of individual employee misconduct, and (2) introduce evidence related to the conduct and subsequent termination of an employee, are wholly irrelevant to the ELEVEN Marks or the claims and defenses of this dispute. Evidence concerning personnel decisions would improperly sway a jury, and such evidence should be excluded. |
| Motion *in Limine* to Exclude Documents, Evidence, Arguments, and Testimony Concerning Allegations About Eleven's Workplace Environment | 07/26/2024 (D.E. 224), Sealed (D.E. 266-01) | The Court should preclude Counterclaim Defendants from introducing any argument, testimony, evidence, or suggestion concerning Eleven's workplace environment, specifically about the distribution of gender among Eleven's employees. Eleven's workplace environment is irrelevant to Counterclaim Defendants' use of ELEVEN-formative trademarks, in violation of Eleven's rights in its ELEVEN Marks. Argument, testimony, evidence, or suggestion concerning Eleven's workplace environment would cause unfair prejudice and require Eleven to spend unnecessary time rebutting irrelevant evidence. |
| Daubert Motion to Exclude Testimony and Opinions of Erich Joachimsthaler and Incorporated | 07/26/2024 (D.E. 231), Sealed (D.E. 267-01) | The Court should exclude Counterclaim Defendant Block 17's marketing expert, Dr. Erich Joachimsthaler's opinions that (1) Google searches relied on by Eleven's marketing expert are "not true," (2) Eleven does not own and operate hotels, and (3) |

3

| **Pending Motion** | **Filing Date** | **Nature of Relief Sought** |
|---|---|---|
| Memorandum of Law | | Eleven and Block 17 target different customers. Dr. Joachimsthaler's opinions are based on insufficient facts and data and unscientific methodology, and are not only not helpful to the jury, they are also highly misleading. Dr. Joachimsthaler's opinions and testimony thus fail to meet the *Daubert* standard because they lack sufficient support, and thus should be excluded. |
| Daubert Motion to Exclude Testimony and Opinions of Brian Sowers and Incorporated Memorandum of Law | 07/26/2024 (D.E. 239) | The Court should exclude Counterclaim Defendants' survey expert, Brian Sowers' confusion surveys and testimony because the surveys do not test the correct universe of respondents, displayed test stimuli that did not replicate actual marketplace conditions, used an improper control that artificially depressed the overall net percentage of confusion, and improperly asked survey respondents to draw legal conclusions. Additionally, Mr. Sowers impermissibly attempted to proffer new opinions that were not previously disclosed in his opening report concerning reverse confusion. Mr. Sowers may not provide methodologically unsound surveys concerning forward confusion, and then subsequently provide new expert opinions on reverse confusion which are unrelated to his opening opinions. |
| Daubert Motion to Exclude Testimony and Opinions of Dr. Makarand Mody and Incorporated Memorandum of Law | 07/26/2024 (D.E. 242) | The Court should exclude Counterclaim Defendants' hotel industry expert Dr. Makarand Mody's opinions and testimony as unsupported and unhelpful to the jury because (1) he relied on undisclosed documents in his reports; and (2) he relied on irrelevant, outdated, and at times explicitly limited academic studies about properties that are not similar to the properties at issue in this case. Since Dr. Mody does not have any hotel industry experience, and is purely an academic expert, his sole support for his opinions are the documents he purported to rely on, which are irrelevant and do not support his opinions. |
| Daubert Motion to Exclude Evidence, Testimony and Argument Regarding the Opinions of Meryl Hershkowitz and Incorporated Memorandum of Law | 07/26/2024 (D.E. 244), Sealed (D.E. 270-01) | The Court should exclude Counterclaim Defendants' expert, Meryl Hershkowitz's rebuttal opinions to Eleven's expert, Phillip Hampton, because her opinions do not rebut any of the issues that Mr. Hampton addresses, she fails to set forth the full scope of her opinions and fails to offer any opinions that are helpful or relevant to the issues in this case. Ms. Hershkowitz's rebuttal report does not rebut any |

4

| **Pending Motion** | **Filing Date** | **Nature of Relief Sought** |
|---|---|---|
| | | opinions that Mr. Hampton provides concerning the clearance and prosecution history for GR Opco's E11EVEN marks and Eleven's ELEVEN marks, the USPTO practices and procedures, and the records related to Count III of Plaintiff GR Opco LLC's Second Amended Complaint. Further, Ms. Hershkowitz's opinions are improper because she fails to identify the specific goods and/or services for which she claims the ELEVEN and ⁄⁄ trademarks were not in use at the time that Eleven filed the Statements of Use for those marks. |
| Daubert Motion to Exclude Evidence, Testimony and Argument Regarding the Opinions of Kenneth Germain and Incorporated Memorandum of Law | 07/26/2024 (D.E. 245), Sealed (D.E. 271-01) | The Court should exclude Counterclaim Defendant Block 17's expert, Kenneth Germain's opinions and testimony because his opinions fail to rebut opinions of Eleven's experts despite claiming to do so, improperly offer legal arguments, misstate legal holdings, and are not based on a proper methodology. Mr. Germain's opinions (1) were proffered to rebut Eleven's expert, Phil Hampton, yet Mr. Germain admitted in deposition that his rebuttal does not address Mr. Hampton's opinions; (2) consist almost exclusively of legal arguments and conclusions, some of which are based on incorrect interpretations of Eleventh Circuit case law; and (3) provide no basis or methodology to support his opinion that there is a "crowded field" of third-party uses that would render the ELEVEN Marks commercially weak. Mr. Germain's failure to address what he was proffered to address, improper legal conclusions, and lack of methodology render his opinions unhelpful to the jury and should be excluded. |
| Daubert Motion to Exclude Testimony and Opinions of Alexander Clemons and Incorporated Memorandum of Law | 07/26/2024 (D.E. 246), Sealed (D.E. 272-01) | The Court should exclude Counterclaim Defendants' expert, Alexander Clemons' opinions and testimony because they are based on an entirely unreliable methodology to support his conclusions on the Counterclaim Defendants' costs and apportionment and would only confuse the jury. Mr. Clemons' cost analyses are methodologically flawed because they are based on un-recorded discussions with employees for Counterclaim Defendants and rely on self-determined estimates of present and future costs. Mr. Clemons apportionment opinions are also flawed |

5

| **Pending Motion** | **Filing Date** | **Nature of Relief Sought** |
|---|---|---|
| | | because he failed to identify his methodology in his opening report, and his opinions are based on a misapplied methodology in his rebuttal report. |
| Eleven's Amended Motion for Partial Summary Judgment and Incorporated Memorandum of Law | 10/18/2024 (D.E. 503), Sealed (D.E. 500-01) | Eleven submits its Amended Motion for Partial Summary Judgment against (1) GR Opco, LLC's ("GR") claims based on its allegedly acquired trademarks (D.E. 140, Counts I-II); (2) GR's claim for cancellation/rectification of Eleven's registration and unclean hands defense (Count III); (3) GR's fraud on the PTO defenses; (4) GR's failure to give notice of registered trademark defense; (5) GR's unlawful use in commerce defense; (6) GR's naked licensing defense; (7) GR's laches, waiver, estoppel, and acquiescence defenses; (8) Dennis DeGori and 11USA Group, LLC's (together, "11USA") genericness and descriptiveness defenses; (9) 11USA's non-use and abandonment defenses; 11USA's waiver, laches, acquiescence, and estoppel defense; (10) 11USA's unclean hands defense; (11) Marc Roberts, Michael Simkins, Marc Roberts Companies, LLC, Lion Development Opportunity Fund LLC, Property Markets Group, Inc., PMG-11th Street Ventures, LLC, and PMG-11th Street Ventures II, LLC's (together, "PMG") waiver, laches, and estoppel defenses; (12) PMG's counterclaim and defense for fair use (D.E. 457, Counterclaim II); (13) Block 17 Trustee, LLC and Block 17 Residential Owners, LLC's (together, "B17") waiver, laches acquiescence, and estoppel defenses; and (14) B17's counterclaims and defenses for genericness, descriptiveness, and fair use (D.E. 468, Counterclaims I-III). There is no dispute of fact regarding Eleven's motion, and Counterclaim Defendants lack factual evidence and legal support for their claims, thus, their claims should be dismissed. |
| Unopposed Motion for Leave to Conventionally File Exhibits 612 and 613 to Defendants and Counterclaim-Plaintiff's Opposition to Plaintiff and Counterclaim Defendants' Amended | 10/18/2024 (D.E. 499) | Eleven requests leave of the Court to conventionally file Exhibits 612 and 613, which are video clips produced by third-party Waterfront Investment Real Estate, LLC, (d/b/a WIRE Miami), in support of its Opposition to Plaintiff and Counterclaim-Defendants' Amended Joint Motion for Summary Judgment. |

| **Pending Motion** | **Filing Date** | **Nature of Relief Sought** |
|---|---|---|
| Joint Motion for Summary Judgment | | |

Dated: January 17, 2025

Respectfully submitted,

*/s/ Gavin C. Gaukroger*

Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Claudia Ray (admitted *pro hac vice*)
claudia.ray@kirkland.com
Shanti Sadtler Conway (admitted *pro hac vice*)
shanti.conway@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Eric Loverro (admitted *pro hac vice*)
eric.loverro@kirkland.com
Justin Taylor (admitted *pro hac vice*)
justin.taylor@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Miranda D. Means (admitted *pro hac vice*)
miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500

*Attorneys for Eleven IP Holdings LLC, Grassy Creek LLC, CS Irwin LLC, Irwin Backcountry Guides, LLC, Chad Pike, and Alan Pike*